IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT


L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

      Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

      Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiffs' "Motion to Modify Scheduling Order" (Doc.

No. 52 [Mot.], filed 4/14/2011), Defendants' Response (Doc. No. 56 [Resp.], filed 5/9/2011) and

Plaintiffs' Reply (Doc. No. 58 [Reply], filed 5/26/2011).  Plaintiffs seek an extension of the

deadline to amend the pleadings until fourteen days after District Judge Marcia S. Krieger rules

on "Defendants' Motion to Dismiss the First Amended Complaint and for a More Definite

Statement" (Doc. No. 47).

On March 3, 2011, the court held a scheduling conference and set the deadline to amend

the pleadings at May 2, 2011.  (Doc. No. 43 at 13.)  On March 21, 2011, Defendants filed their

motion to dismiss.  Plaintiffs state that, after consideration of Defendants' motion, they have

"decided to voluntarily withdraw Count XVI of the Amended Complaint for replevin and certain

factual allegations supporting [their] RICO claim without prejudice."  (Mot. at 2.)  Plaintiffs

acknowledge that this amendment could have been made prior to the current deadline for

amending the pleadings.  (*Id.* at 4.)  However, they note that Judge Krieger's ruling on

Defendants' motion to dismiss may require further amendments to the Amended Complaint.  (*Id.*

at 3.)  Because the briefing on Defendants' motion was completed on May 2, 2011, Plaintiffs

were concerned that if they sought to withdraw the replevin claim and certain factual allegations

before the May 2, 2011 amendment deadline, Judge Krieger's ruling may necessitate that they

seek leave again after the May 2, 2011 deadline.  Plaintiffs wish to avoid multiple amendments

to the complaint and unnecessary expenditure of judicial resources by extending the deadline for

amending the pleadings until fourteen days after Judge Krieger rules on Defendants' motion to

dismiss.  (*Id.* at 4.)

Fed. R. Civ. P. 16(b) provides that "[a] schedule may be modified only for good cause

and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient
> standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of
> the movant, or the prejudice to the opposing party.  Rather, it focuses on the

> diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc*., 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted).

Defendants argue that Plaintiffs have not shown good cause to modify the scheduling order because Plaintiffs have not shown that they could not meet the deadline despite diligent efforts to do so.  Defendants contend that, rather than timely seek leave to amend the complaint in light of the deficiencies identified by Defendants, Plaintiffs elected to stand on the allegations in their First Amended Complaint and oppose the Defendants' motion. (Resp. at 5-6.) Defendants also argue that the local rules do not permit an open-ended extension of the deadline to amend pleadings and that such an extension would require modification of other deadlines in the case. (*Id.* at 3.)  Finally, Defendants argue that Plaintiffs' stated justifications for extending the amendment deadline do not support a blanket extension which would allow Plaintiffs additional time to seek leave for any amendment, not just those necessary to correct any deficiencies identified by Judge Krieger. (*Id.* at 4.)

The Local Rules do not permit an indefinite extension of time.  *See* D.C.COLO.LCivR 6.1 ("Any motion for extension of time shall . . . state a date certain for the requested extension of time . . . .").  The deadline to join parties and amend the pleadings is set early to minimize the possibility that late amendments and joinder of parties will necessitate extensions of other case management deadlines such as discovery, the final pretrial conference and the dispostiive motion

deadline.  *See* D.C.COLO.LCivR App. F.1 at § 9.  Plaintiffs' open-ended request places all later

deadlines in jeopardy.

The court finds that Plaintiffs have not established good cause to amend the scheduling

order.  Notably, Judge Krieger's Civil Practice Standards discourage motions brought pursuant

to Fed. R. Civ. P. 12(b)(6) if the defects are correctable by the filing of an amended pleading.

MSK Civ. Practice Standard V.I.2.  To this end, the parties are directed to confer prior to filing

such a motion to dismiss and to make their best efforts to stipulate to appropriate amendments.

*Id.*  In their motion to dismiss, Defendants state that the parties undertook such a conference and

Plaintiffs subsequently filed an amended complaint.  (Doc. No. 47 at 4.)  However, Defendants

contend that the amendments did not correct the defects identified by Defendants, and they

therefore proceeded with the motion to dismiss.  (*Id.*)  According to Plaintiffs, after reviewing

Defendants' motion, they have decided to voluntarily withdraw their replevin claim and certain

factual allegations.  (Mot. at 2.)  Plaintiffs need not wait for a ruling on the  motion to dismiss to

pursue this amendment.  To the extent Judge Krieger's ruling on Defendants' motion requires

Plaintiffs to amend their complaint without specifically granting leave of the amendment

deadline, Plaintiffs may seek to establish good cause to modify the scheduling order at that time.

The court acknowledges that Plaintiffs anticipated the possibility of multiple amendments

and filed their motion to extend the amendment deadline on April 14, 2011, well before the May

2, 2011 deadline for amending the pleadings.  Accordingly, Plaintiffs shall have a comparable

amount of time to file a motion to amend the complaint.  Therefore, it is

ORDERED that Plaintiffs' "Motion to Modify Scheduling Order" (Doc. No. 52) is

GRANTED IN PART and DENIED IN PART.  To the extent Plaintiffs seek an indefinite

extension of the deadline to amend the pleadings, the motion is DENIED.  Plaintiffs may file a

motion to amend the complaint no later than June 19, 2011.

Dated this 1st day of June, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge