IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

      Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

      Defendants.

## ORDER

      This matter is before the court on the Motions Hearing held on October 3, 2011 (hereinafter "Motions Hearing"). (*See* Doc. No. 118, filed Oct. 3, 2011.) At the Motions Hearing, the court found that Plaintiffs had sufficiently disclosed the trade secrets that they allege Defendants misappropriated to require that Defendants respond to Plaintiffs' trade secret-related discovery requests. However, the court also noted that it would inform the parties if it was persuaded otherwise by the cases submitted by the parties regarding this issue. The court

has now considered those cases in light of the record before it and reverses its conclusion that Plaintiffs have sufficiently disclosed their trade secrets at issue in this case.

The parties do not dispute the relevant standard governing this issue. In a trade secret case, "[t]here is no privilege excepting trade secrets from discovery, but 'courts must exercise discretion to avoid unnecessary disclosures of such information.'" *Dura Global Techs., Inc. v. Magna Donnelly, Corp.* ("*Dura Global Techs. I*"), No. 07-cv-10945, 2007 WL 4303294, at *2 (E.D. Mich. Dec. 6, 2007) (quoting *Automeds Techs., Inc. v. Eller,* 160 F. Supp. 2d 915, 925 (N.D. Ill. 1974)). As such, a "[p]laintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed . . . to compel discovery of its adversary's trade secrets." *Id.* (quoting *Automeds,* 160 F. Supp at 926); *see also Gentex Corp. v. Sutter,* No. 3:07-cv-1269, 2008 WL 5068825, at *1 (M.D. Pa. Nov. 25, 2008).

This threshold disclosure requirement for discovery in trade secret cases serves several purposes. First, describing a trade secret with specificity puts the defendant on notice of what it has allegedly misappropriated. *See Sit-Up, Ltd. v. IAC/Interactive Corp.,* No. 05-cv-9292, 2008 WL 463884, at *11 (S.D.N.Y. Feb. 20, 2008); *see also Leucadia, Inc. v. Applied Extrusion Technologies, Inc.,* 755 F. Supp. 635, 637 (D. Del. 1991) ("disclosure of Plaintiff's trade secrets prior to discovery of defendant may be necessary to enable the defendant and ultimately the Court to ascertain the relevance of plaintiff's discovery.") Second, this requirement prevents disclosure of trade secrets that were not misappropriated by the defendant, thereby giving the plaintiff access to trade secret information that it would otherwise be illegal for the plaintiff to

misappropriate. *Gentex Corp.,* 2008 WL 5068825, at *1. Finally, "requiring the plaintiff to state its claimed trade secrets prior to engaging in discovery ensures that it will not mold its cause of action around the discovery it receives." *DeRubeis v. Witten Techs., Inc.,* 244 F. R.D. 676, 681 (N.D. Ga. 2007). In this case, the court notes that the fact that the individual defendants were former employees of the plaintiffs does not ameliorate the concerns underlying the last two purposes; in fact, that they were former employees actually increases these dangers.

To ensure that plaintiffs adequately disclose their trade secrets, courts commonly order a list of trade secrets at the outset of the litigation. *Dura Global Techs I*, 2007 WL 4303294, at *2. Ultimately, whether a plaintiff has sufficiently disclosed its trade secrets is "a fact-specific question to be decided on a case-by-case basis." *Gentex Corp.,* 2008 WL 5068825, at *1 (quoting *DeRubeis,* 244 F.R.D. at 681).

Unfortunately, beyond the more general standard of "reasonable particularity," the case law does not provide clear guidance as how detailed a plaintiff's trade secret disclosures must be. This is because trade secrets are necessarily confidential. As a consequence, courts are very reluctant to discuss a plaintiff's trade secret disclosures in a court order or opinion. *See, e.g., d.* at *4 (declining to discuss the defendant's interrogatories or the plaintiff's answers to those interrogatories because they were designated confidential and filed under seal).

Nevertheless, what is clear is that general allegations and generic references to products or information are insufficient to satisfy the reasonable particularity standard. *Hill v. Best Med. Int'l,* No. 09-1184, 2010 WL 2546023, at *4 (W.D. Pa. June 24, 2010); *see also Dura Global Techs I,* at *4 (interrogatory response providing a list of general categories and types of

information alleged to comprise their trade secret insufficient); *Automed Techs.,* 160 F. Supp. at 925 (general allegations of "software, designs, and research" and generic references to three research projects by name insufficient to identify trade secrets in question).

Here, after reviewing the entire record, including the audio recording of the Motions Hearing, the court now finds that Plaintiffs have not identified their trade secrets with sufficient particularity. First, Plaintiffs' disclosures of their trade secrets in their Amended Complaint (Doc. No. 33, filed Feb. 11, 2011 [Am. Compl.]) are mere general, categorical references to the equipment, methods, and software Plaintiffs use to conduct shielding effectiveness, pulse current injection, and continuous wave immersion testing. (Am. Compl. ¶¶ 40–55.) Thereafter, Plaintiffs only generally allege that Defendants misappropriated their trade secret customer lists; pricing templates and labor rates; vendor lists; drawings, designs, and processes of constructing its electromagnetic enclosures; and "other information."[1] (*Id.* ¶ 58a.–e.) At no point in their Amended Complaint do Plaintiffs describe the actual equipment, methods, software or other information they claim as trade secrets. *See Dura Global Techs I*, at *4 (a list of general categories and types of information deemed insufficient). Indeed, it appears that Plaintiffs acknowledge that their Amended Complaint does not sufficiently disclose their trade secrets. (Doc. No. 48 [Scheduling Conf. Tr.] at 38:6-9, filed ) ("[T]his is very complicated information.

---

[1] This other information includes "L-3 s proprietary pricing spreadsheet templates, labor categories, profit margins, bidding templates, pricing spreadsheets, MILSTAR government site contacts, data on pulser safety, an export list of test equipment, HEMP hardness testing data, HEMP test data acquired by L-3 in the United Kingdom, marketing and marketing plans, and graphical illustrations of components of L-3 products." (*Id.* ¶ 58e.)

It doesn't belong in a complaint . . . . We would have given up our trade secrets, which is why parties enter into a protective order.")

At the Motions Hearing, Plaintiff's counsel, Ms. Parker, engaged in a lengthy discussion of the technology at issue and Plaintiffs' claimed trade secrets.[2] However, Plaintiffs' counsel's description of its trade secrets as Plaintiffs' selection of parts, and of vendors; their methods of using the test equipment; and software that helps generate and assimilate raw data also amounts to a general, categorical description. Thus, Ms. Parker's discussion of Plaintiffs' trade secrets in open court is similarly insufficient. *Automed Techs.,* 160 F. Supp. at 925 (general allegations of "software, designs, and research" insufficient). Again, at no point in the Motions Hearing did Plaintiffs describe their actual selection of parts and vendors, the actual methods by which they use their equipment, or the actual software they use to process the generated raw data.

Finally, the court notes that Plaintiffs have not filed or served any disclosures of their trade secrets under seal, nor have they moved to seal either their Amended Complaint or the Motions Hearing. Although there is certainly no hard and fast rule that trade secrets described with the requisite reasonable particularity be filed under seal, they typically are, "[i]n order to preserve the secrecy required for such material." *See, e. g., Dura Global Techs., Inc. v. Magna Donnelly Corp.* ("*Dura Global Techs. II*"), No. 07-cv-10945-DT, 2008 WL 2064516, at *2 (E.D.

---

[2] At that time, the court took into consideration that the individual defendants actually knew the plaintiffs' trade secrets since they were former employees, and therefore could respond based on what they already knew of plaintiffs' operations. However, as noted *infra*, their mere knowledge is insufficient to satisfy the legal obligation of the plaintiffs to list trade secrets in a suit claiming misappropriation.

Mich. May 14, 2008) (where the court limited its discussion of the plaintiffs' List of Trade Secrets because it was filed under seal, but nevertheless found that the plaintiffs failed to describe their trade secrets with reasonable particularity.)  Although not essential to the court's finding, the fact that all of Plaintiffs' discussions of its trade secrets have occurred in the public portions of the record further suggests that Plaintiffs have failed to disclose their trade secrets with reasonable particularity.

Altogether, the court finds that Plaintiff have failed to describe their trade secrets with reasonable particularity as required for Plaintiffs to discover Defendants' trade secrets. Accordingly, the court will order Plaintiffs to file a List of Trade Secrets which they claim have been misappropriated.  Because this will affect certain discovery-related deadlines imposed by the court at the Motions Hearing (*See* Doc. No. 118, filed Oct. 3, 2011), those dates will also be adjusted accordingly as outlined below.

Wherefore, it is

**ORDERED** that Plaintiffs shall file a List of Trade Secrets, under seal, no later than October 24, 2011.

It is further **ORDERED** that

1.  All AEO documents, including AEO technical, will be produced by both parties. All discovery addressed by the court and pertaining to the motions in question at the October 3, 2011 hearing must be answered by both parties on or before November 7, 2011.  Any outstanding discovery resolved by orders given during that hearing or any discovery that requires redrafting

must be propounded by both sides on or before October 31, 2011. Any outstanding or re-drafted discovery must be answered on or before November 14, 2011.

2. The parties shall file as supplements to Motion to Compel [89] on behalf of the plaintiffs and Motion to Compel [94] on behalf of defendants any matters still outstanding that must be resolved by the court on or before November 18, 2011. The parties will also address in the supplements the parameters of a site inspection of defendant's place of business.

3. The deposition of Joni White shall not be conducted before November 14, 2011. The parties shall agree on a date between November 18, 2011 and December 2, 2011.

4. All other deadlines set in this case shall remain in full force and effect.

Dated this 12th day of October, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge