IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

      Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

      Defendants.

## ORDER

This matter is before the court on Plaintiffs' L-3 Communications Corporation and L-3 Services, Inc.'s "Motion to Amend the Protective Order" [Doc. No. 148] filed December 22, 2012. Defendants responded on January 3, 2012 [Doc. No. 154] ("Resp.") and Plaintiffs replied on January 6, 2012 [Doc. No. 156].

The parties do not disagree on the proposed amendment to paragraph five of the Protective Order.  Therefore it is **ORDERED** that paragraph five of the Protective Order [Doc. No. 82] is amended as follows:

> 5. Counsel for any party subject to discovery in the Action may designate any Litigation Materials that it produces or discloses in the course of the Action as "SUBJECT TO PROTECTIVE ORDER" when the Producing Party in good faith believes that the Litigation Materials constitute, contain, or reveal, or a compilation of which would constitute, contain, or reveal, confidential, non-public, technical, or financial information, including but not limited to: business plans or projections, trade secrets, compensation plans, proprietary information, technical specifications, business and marketing information, plans, strategies, studies or analysis by internal or outside experts, financial data or results, tax data, assets, liabilities, competitive analyses, personal financial information, or other commercially or personally sensitive or proprietary information. If a Producing Party produces Litigation Materials pertaining to any part of a contract or prospective contract with departments or agencies of the United States of America, including the United States Air Force ("Government"), the Producing Party must designate such Litigation Materials as "SUBJECT TO PROTECTIVE ORDER," "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER," or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER - TECHNICAL," as appropriate. <u>The Air Force has acknowledged that this designation of Litigation Materials for production under the Protective Order complies with the requirement set forth in Paragraph 12 of DD Form 254 applicable to Contract No. FA2517-04-D-0001.</u> The Producing Party shall use the appropriate markings on Litigation Materials that contain unclassified technical data with military or space application in the possession of, or under the control of, a Department of Defense ("DoD") Component and so designated, and which may not be disclosed pursuant to 10 U.S.C. 130 and/or DoD Directive No. 5230.25, dated November 6, 1984, entitled "Withholding of Unclassified Technical Data From Public Disclosure." Such information includes, but is not limited to, information relating to equipment cataloged in the Military Critical Technologies List, or information categorized as "FOR OFFICIAL USE ONLY (FOUO)," or information that may not be exported lawfully without approval, or authorization or license. See 22 U.S.C. 2751-2799; 50 U.S.C. App. 2401-2420. <u>If any Party wishes to release such designated Litigation Materials to the public, that Party must submit the designated Litigation Materials to the Air Force for approval as required by Paragraph 12 of Form DD 254.</u> In no event

shall this Protective Order be construed to authorize access to or production of national security classified information.

It is further **ORDERED** that Plaintiffs shall submit a form of Amended Protective Order in its entirety containing the revised paragraph five which shall be entered as the Amended Protective Order applicable to this case. The Plaintiffs shall submit said Amended Protective Order to tafoya_chambers@cod.uscourts.gov in Word or Word Perfect format on or before **February 10, 2012.**

It is further **ORDERED** that defendants shall produce documents which have been withheld as lacking approval for dissemination under the DD-254 applicable to Contract No. FA2517-04-D-001 within five days of the entry of the Amended Protective Order.

It is further **ORDERED** that defendants shall file, on or before **February 15, 2011**, pursuant to D.C.COLO.LCivR 7.2(B)(5) restricted access Level 1, a document fully explaining, with date annotations, any and all attempts made with each of the prime contractors and government agencies identified in the un-redacted version of Resp., Attach B, [Doc. No. 154-3], to obtain approval pursuant to DD-254 contractual restrictions for release of certain documents for production as discovery in this case. As to each of the prime contractors and government agencies, the defendants may use a generic reference, e.g. "Prime contractor No. 1" or "Government Agency A" as a substitute for the actual contractor name or agency in the filing required by this Order. The defendants shall simultaneously produce to plaintiffs – but not file with the court – a list correlating the generic references in the court filing to the actual prime contractor and/or government agency identified in the court filing. Such list shall be tendered

subject to the appropriate designation pursuant to the Amended Protective Order.  This Order shall <u>not</u> be interpreted as requiring revelation of the identity of any contractor or government agency as to which such information would be classified.  (See Resp. at ftnt. 4.)

Additionally, as part of the same filing, Defendants shall indicate whether any documents responsive to discovery in this case are being withheld pending approval by the specified government agency or prime contractor.  If so, the Defendants shall indicate the approximate volume of such withheld production.

It is further **ORDERED**

The plaintiffs may file, on or before **February 24, 2012**, any motion to compel with respect to documents withheld as noted defendants' required filing above.  If such motion is filed, Defendants' response shall be due on or before **March 2, 2012** and plaintiffs' reply, if any, shall be filed on or before **March 9, 2012.**

It is further **ORDERED** that all other relief requested in the Motion is denied .

Wherefore, it is the Order of the Court that Plaintiffs' "Motion to Amend the Protective Order" [Doc. No. 148] is GRANTED in part and DENIED in part consistent with this Order.

Dated this 7th day of February, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

4