IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

      Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

      Defendants.

**ORDER**

This matter is before the court on "Defendants' Motion to Compel Responses to First Set of Discovery Requests and for Sanctions" [Doc. No. 94] ("Mot."). After full briefing, the court conducted hearings on this motion, as well as several others, on October 3, 2011. (See Minutes, [Doc. No. 118].) Having resolved several discovery issues, the court took the Motion under

advisement with a directive to file supplemental briefing should all issues not be resolved by the court's October 3, 2011 rulings and compliance by the parties.

On December 12, 2011, Defendants filed "Defendants' Report to the Court Regarding Issues from Pending Motions to Compel that Still Must be Resolved by the Court" [Doc. No. 131] ("Supp.") delineating several issues the parties were unable to resolve with respect to the original Motion. On December 28, 2011, the plaintiffs filed "Plaintiffs' Response to Defendants' Report to the Court Regarding Issues from Pending Motions to Compel that Still Must be Resolved by the Court" [Doc. No. 153] ("Supp. Resp.").

**ANALYSIS**

*Defendants' Interrogatory No. 1 - Plaintiffs' Trade Secret List*

Interrogatory No. 1 reads as follows:

Describe in detail each trade secret and item of confidential information that you contend any Defendant misused, and state for each such trade secret or confidential information:
> (a) all steps L-3 took to prevent the trade secret or item of confidential information from becoming available to Persons other than those selected by the owner to have access thereto for limited purposes;
> (b) the Person or Persons who developed it, and the date(s) on which such Person(s) developed it;
> (c) each Contract under which L-3 developed it or provided any funding to develop it, used it, disclosed it, or incorporated it into any reports;
> (d) each Person to whom it was disclosed (including but not limited to L-3 personnel); and
> (e) each Person whom you contend misused it.

Mot., Ex. 1 at 9.

In accordance with this court's orders, L-3 filed its trade secret list ("TSL") on October 24, 2011. [Doc. No. 122, filed under seal.] Defendants now claim that although the trade secret list was provided, Plaintiffs have still not fully complied with respect to answers to subparts (b) through (e) of the interrogatory. Additionally, Defendants complain that Plaintiffs produced the TSL marked 'attorneys eyes only' ("AEO") and now they are unable to share the list in light of the lack of an Exceptions List as contemplated by the Amended Protective Order filed February 9, 2012 [Doc. No. 165].[1]

Defendants request the Plaintiffs be compelled to provide an Exceptions List with respect to information contained in the TSL as well as the list itself. (Supp. at 7.) Plaintiffs contend the information is not subject to the Amended Protective Order because it was a list created as a result of a discovery request upheld by the court over Plaintiffs' objection, rather than a document kept in the course of business. (Supp. Resp. at 3.) The Amended Protective Order, however, covers "deposition testimony, testimony taken at hearing or other proceeding, interrogatory answers, documents and all other discovery materials, whether produced informally or in response to requests for discovery (collectively, "Litigation Materials")." (Am. Protective Order at 1.) The TSL was created in response to Interrogatory No. 1 and is, therefore, Litigation Material as defined by the Amended Protective Order.

With regard to disclosure of AEO material, the Amended Protective Order states in pertinent part

---

[1] The parties referenced the original Protective Order [Doc. No. 82] in their briefing, however the Amended Protective Order now controls.

> 13. a.  A Receiving Party may also allow a witness to view ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials if (1) the Producing Party lists or alleges the witness as a person who has previously received or viewed the Materials, (2) counsel for the Receiving Party in good faith believes that the witness has previously received the document or information by legal means during the course of their employment with L-3, from the Producing Party or the Government. Determinations under this paragraph shall be made by the following procedure:
>
> b. The Producing Party shall create a log (or logs, if there are multiple productions) listing Litigation Materials designated ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER and identifying any party or employee thereof the Producing Party believes has previously viewed or received the Litigation Materials (the "Exceptions Log"). This log shall be provided to the Receiving Party concurrent with production of any Litigation Materials marked ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER. The Receiving Party may object to the Exceptions Log, by the objections procedure described in Paragraph 18.
>
> c. The Receiving Party shall create a log of any witnesses, aside from those identified in the Producing Party's log, it allows to view Litigation Materials designated ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER as provided in paragraph 13(a)(3) (the "Paragraph 13(a)(3) Receiving Witness Log"). The Paragraph 13(a)(3) Receiving Witness Log shall contain (1) a description or identification number of the shared document, (2) the name of the witness(es) with whom it was shared, and (3) the basis for counsel's belief that the witness(es) had/have previously received the document. The log shall be provided to the Producing Party on the last day of fact discovery. Each party may challenge by motion the designations in the other party's Paragraph 13(a)(3) Receiving Witness Log within 60 days of its receipt.

(Am. Protective Order at ¶ 13.)

Under the plain terms of the Amended Protective Order, the producing party, in this case L-3, has the first obligation to produce an Exceptions Log with respect to the TSL, since the TSL is a supplement to its discovery response to Interrogatory No. 1.  Should the defendants wish to

4

share the information with persons not on Plaintiffs' Exception List, they are required to create a "Receiving Witness Log" in accordance with paragraph 13(c). *Id.*

Therefore, Defendants Motion to Compel is granted with respect to the requirement that Plaintiffs produce an Exceptions Log with respect to the TSL [Doc. No. 122].

Further, Defendants complain of L-3's use of a "qualified" response with respect to its trade secret list wherein Plaintiffs state, "[a]t this point, not having received any meaningful discovery from Defendants, L-3 believes, and has alleged in the First Amended Complaint ("Amended Complaint"), that Defendants have misappropriated *at least* L-3's trade secrets listed below. L-3 reserves the right to supplement this response as discovery progresses, and as more facts regarding Defendants conspiracy and actual misappropriation come to light."[2] [Doc. No. 122 at 5 (emphasis added).]

Fed. R. Civ. P. 26(g)(1)(A) provides that "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented . . ." certifying "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is *complete and correct as of the time it is made.*" *Id*. (emphasis added). Therefore, L-3's supplemental response contained in Doc. No. 122 must be complete at the time the disclosure is made, notwithstanding that discovery may reveal further

---

[2] By quoting this non-substantive statement in Doc. No. 122, the court does not intend that the document as a whole lose its protected and sealed character. This phrase is illustrative of the defendants' complaint and is therefore quoted only for purposes of this ruling and does not contain any material for which protection is intended.

alleged violations at a later date in the case. As of October 24, 2011, then, the trade secrets listed will be constituted as the complete list of "each trade secret and item of confidential information that you [L-3] contend[s] any Defendant misused" as responsive to Interrogatory No. 1.

By the same token Fed. R. Civ. P. 26(e) provides,

A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

> (A) in a timely manner *if the party learns* that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.*

*Id.* (emphasis added.) Therefore, L-3 is well within its rights to simply reference its acknowledged duty to supplement its TSL should additional information be revealed in discovery, provided the list was complete as of October 24, 2011, when it was certified and provided to the Plaintiffs.

Defendants Motion to Compel is granted in part and denied in part with respect to Plaintiff's qualifying response to Interrogatory No. 1.

### *Defendants' Interrogatory No. 1 - subsections (b) through (e)*

The court has determined that it needs further argument with respect to subsections (b) through (e) of Interrogatory No. 1. Plaintiffs argue without explanation that they should not be required to produce information about contracts entered into prior to 2007, apparently including who actually developed each trade secret disclosed, who used or incorporated the trade secret into any reports and to whom any trade secret was disclosed. Defendants state that the responses

6

to the subsections will be relevant to possible government appropriation of the patents, among other things.

The parties are therefore directed to confer on these issues and be prepared to present argument at the hearing if a resolution cannot be agreed upon.

### *Defendants' Interrogatory Nos. 3 and 10.*

Again Defendants complain that Plaintiffs have qualified their answer to Interrogatory No. 3 by stating its response "is not exhaustive" and that the alleged false timesheets "at a minimum" include those listed in the response. (Supp. at 11; "Plaintiffs' Second Supplemental Objections and Responses . . .", Resp., Ex. 7 at 5-6.) Defendants also claim, as to Interrogatory No. 10, that L-3 conceded that it was withholding certain documents responsive to this request but has not supplemented its responses.

The court again finds Fed. R. Civ. P. 26(g)(1)(a) and 26(e) to be dispositive. The plaintiffs' supplementary disclosures, dated November 14, 2011, must have been "complete and correct as of" November 14, 2011, notwithstanding the right and obligation of the plaintiffs to further supplement with additional misrepresentations they allege were made should discovery so reveal any.

To the extent any production was withheld pending entry of a protective order, the Amended Protective Order was entered on February 9, 2012 and all withheld documents should

have been produced thereafter.[3] Therefore, the court will consider this matter resolved unless, after conferral, the parties need to raise further argument at the hearing.

Defendants Motion to Compel is denied as moot, subject to re-opening if necessary, with respect to Interrogatory Nos. 3 and 10.

### *Defendants Interrogatory Nos. 4, 5, 6, 7, 8 and 9.*

As to responses to Interrogatories 4 and 7, Plaintiffs claim they do not have sufficient information to fully answer the interrogatories. Again, Fed. R. Civ. P. 26(g)(1)(a) and 26(e) are dispositive. To the extent not otherwise completed, Plaintiffs must respond with all the information they do have at the time the responses to the interrogatories are certified. Given the recent discovery provided to Plaintiffs by Defendants (*See* Defendants' Report [Doc. No. 173]) it appears likely the plaintiffs' supplemental responsibilities have been triggered, as well.

Defendants have not presented any argument to rebut Plaintiffs' allegations that they have fully responded to Interrogatories No. 5, 6, 8 and 9 other than to state that L-3 said they would consider supplementing the responses and no supplement had arrived by December 12, 2011. (Supp. Resp. at 12). To the extent any production was withheld pending entry of the Amended Protective Order, that order was entered on February 9, 2012 and all withheld documents should have been produced thereafter.[4] Therefore, the court will consider this matter resolved unless, after conferral, the parties need to raise further argument at the hearing.

---

[4] The court recognizes some disagreement still exists with respect to certain of Defendants' government contracts for which approval has not been given for disclosure.

Defendants Motion to Compel with respect to Interrogatory Nos. 4 and 7 is granted.

Defendants Motion to Compel is denied as moot, subject to re-opening if necessary, with respect to Interrogatory Nos. 5, 6, 8 and 9.

### *Defendants' Interrogatory No. 11*

Defendant objects to Plaintiffs' qualification in response to the request to "[i]dentify each Person with factual knowledge regarding the subject matter of the allegation in the Amended Complaint and describe in detail the Person's knowledge." (Supp. at 13.) Plaintiffs responded with witnesses and, as to each listed person, noted that the person was "likely to have" information about specified topics. *Id*. This is an argument about semantics which does not justify the court's time and attention.

The basics of the plaintiffs' response was to list witnesses and provide the quintessence of the person's knowledge. L-3 is quite justified in claiming "[i]f Defendants would like to obtain more detail with respect to each witness' knowledge, they may contact counsel for L-3 and depose them." (Supp. Resp. at 13.) Given that many of the listed witnesses are former employees of L-3 who are now defendants in this action, more specificity is not required.

Therefore, Defendants Motion to Compel is denied with respect to Interrogatory No. 11.

### *Defendants' Requests for Production of Documents*

It is unclear to the court, what, if any, issues remain for resolution with respect to requests for production of documents. Therefore, the court will address any issues with respect to document production at the hearing.

Wherefore, it is **ORDERED**:

"Defendants' Motion to Compel Responses to First Set of Discovery Requests and for Sanctions" [Doc. No. 94] is GRANTED IN PART and DENIED IN PART and continues to be partially held under advisement consistent with this order.

It is further **ORDERED**

1. A hearing to consider the Motion to Compel with respect to the adequacy of Plaintiffs responses to Interrogatory No. 1, subsections (b) through (e) and any outstanding argument with respect to production of documents will be held on **Tuesday, March 6, 2012 at 1:30 p.m.** Counsel shall be allowed to attend the hearing by telephone if they so desire by placing a conference call to the court at 303-335-2780 with all counsel wishing to appear telephonically on the line at the date and time specified. Should counsel desire to appear by telephone, each shall file a notice with the court on or before March 2, 2012 so indicating.

2. Counsel shall meet and confer in good faith prior to the hearing and diligently attempt to resolve any remaining discovery issues between themselves and be prepared to narrow the issues at the hearing accordingly.

3. L-3 shall provide an Exceptions Log with respect to the TSL in compliance with the Protective Order paragraph 13 on or before March 2, 2012.

3. L-3 shall respond to Interrogatories 4 and 7 with all responsive information in

their possession, notwithstanding their duty to supplement responses if additional information indicates a need to do so, on or before March 2, 2012.

Dated this 21st day of February, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge