IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

    Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

    Defendants.

**ORDER**

    This matter is before the court on "Defendants' Emergency Motion to Compel the Deposition of Charles Crain" [Doc. No. 294] filed May 24, 2012.[1] "Plaintiffs' Response in

---

[1] Why this motion is captioned as an "emergency" when the fact discovery cut-off date is October 5, 2012 – more than four months away– is as mysterious as the unexplained, but apparently overwhelming, compulsion of otherwise intelligent and competent attorneys to bicker to the point of bringing such a motion before the court.

Opposition to Defendants' Emergency Motion to Compel Deposition of Charles Crain" [Doc. No. 295] was filed May 25, 2012 and "Defendants' Reply in Support of Emergency Motion to Compel the Deposition of Charles Crain" [Doc. No. 299] was filed May 25, 2012.

The documents reveal that Defendants seek to take a two-day deposition of Charles Crain, an integral employee of Plaintiff who is, without a doubt, a critical witness. To that end, after Plaintiffs failed to provide dates acceptable to them for Mr. Crain's deposition in a timely manner, Defendants unilaterally noticed the deposition for June 13 and 14, 2012. Both sets of attorneys were at fault for the failure of this setting.

As is wont to happen when dealing with human beings who have lives and commitments separate from their jobs, Mr. Crain and his wife have been on an extended vacation out of the country. As a result, Mr. Crain was unavailable to prepare for and attend a two-day deposition on June 13 and 14, 2012.[2] Plaintiffs' counsel advised Defendants' counsel that Mr. Crain would not be available for deposition before June 25, 2012 and suggested dates during that week.

Daniel Johnson, lead counsel for Defendants but yet evidently also a human being with concomitant responsibilities to others, will be out of the country with his family from June 22, 2012 to approximately July 6, 2012 and therefore is unavailable to attend the deposition of Mr. Crain during the last part of June.

---

[2] It is unclear when Mr. Crain will return from his trip, if he has not already, although there was one reference in an email to a return date of May 18, 2012. Nevertheless, Plaintiffs' counsel – an officer of the court – advised that Mr. Crain was unavailable on June 13 and 14, 2012 for deposition and offered alternate dates, albeit dates which were unacceptable to Defendants.

With the deponent unavailable during the first half of June, and lead counsel for the party requesting the deposition of what is likely a critical witness unavailable during the last half of June, it should be clear to even the most obtuse that a June deposition date for Mr. Crain is unattainable.

Instead of simply moving on to find mutually agreeable dates in July, 2012, however, the parties have once again rushed to have the court proverbially wipe their noses for them.  The parties have shown significant disregard for one another and disregard for the time of the court. The court is therefore disinclined to consider other potential calendar commitments of counsel who refuse to confer over such a simple thing as finding two agreeable days to conduct the deposition of Mr. Crain during the remaining discovery months of July, August, September, or October.

Therefore, it is **ORDERED**

"Defendants' Emergency Motion to Compel the Deposition of Charles Crain" [Doc. No. 294] is **GRANTED in part and DENIED in part**:

1. The deposition of Charles Crain will be conducted over the two-day period commencing at 9:00 a.m. on July 17, 2012 and ending on July 18, 2012 at 5:00 p.m.. Mr. Crain will make himself personally available in Denver, Colorado for deposition during that time period.

2. Defense counsel Daniel E. Johnson, who could not be present in the latter part of June, 2012, will be personally present, along with the deponent, in Denver, Colorado on these selected dates.

3.	This order does not preclude the attendance at the deposition by persons in addition to deponent Crain and attorney Johnson.

It is further **ORDERED**

On or before June 1, 2012, Defendants shall provide to Plaintiffs four specific days in June, 2012 when Charles Rettig will be available to sit for deposition. If Plaintiffs do not agree to conduct the deposition on one of the four dates provided **or** come to some other agreement on a date after conferral, this court will set the deposition of Mr. Rettig arbitrarily to commence some time within the four remaining months available for discovery.

Dated this 29th day of May, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge