## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| **Civil Action No.** 10-cv-02868-MSK-KMT | FTR - Courtroom C-201 |
| **Date:** July 10, 2012 | Deputy Clerk, Nick Richards |

| | |
|---|---|
| L-3 COMMUNICATIONS CORPORATION, and<br>L-3 SERVICES, INC., | Benjamin G. Chew<br>Suzanne Maureen Parker<br>Irene Tenedios |
| Plaintiffs, | |
| v. | |
| JAXON ENGINEERING & MAINTENANCE, INC.,<br>JONI ANN WHITE,<br>RANDALL K. WHITE,<br>SCOTT WHITE,<br>SUSAN RETTIG,<br>CHARLES RETTIG,<br>JAMES YOUNGMAN,<br>JERRY LUBELL,<br>KELLY RICE,<br>JOHN MCCLURE, and<br>JOHN DOES 1-25, said names being fictitious as such names are unknown at this time, | Jennette C. Roberts<br>Lora Ann Brzezynski |
| Defendants. | |

## COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**
**Court in session: 1:32 p.m.**
Court calls case.  Appearances of counsel. Ms. Joni White is also present.

Motion Hearing is called regarding Defendants' Forthwith Motion to Stay This Litigation Pending Reexamination of the Asserted Patents [Doc. No. 227, filed April 2, 2012], Defendants' Motion to Compel Complete Responses to Defendants' First, Second, Third and Fourth Set of Discovery Requests [Doc. No. 298, May 25, 2012], Plaintiffs' Motion to Compel and Request to be Added to the July 10 Motions Docket [Doc. No. 307, filed June 12, 2012], and Plaintiffs' Motion to Compel Second Day of Deposition of Defendant Susan Rettig [Doc. No. 324, filed July 3, 2012].

It is **ORDERED**: Defendants' Forthwith Motion to Stay This Litigation Pending Reexamination of the Asserted Patents [227] is **DENIED** without prejudice as premature. Staying the matter would be premature at this time and would be unduly prejudicial to plaintiffs. Either party may file a proper motion to stay on this basis after November 1, 2012.

It is **ORDERED**: Plaintiffs' Motion to Compel and Request to be Added to the July 10, 2012 Motions Docket [307] is **DENIED** without prejudice for plaintiff's failure to comply with D.C.COLO.LCivR 37.1. The motion may be raised again pending compliance with court orders as follows:

- General objections shall not be a basis to withhold non-privileged documents and those documents held on that basis are ordered to be produced. If documents are privileged, they are not required to be produced.

- As to documents concerning HEMP technology, defendant shall produce documents based on plaintiff's definition of HEMP technology unless there are specific objections outside of an objection to only plaintiff's definition.

- Indicate in responses whether there are specific documents or categories of documents for which defendant has not searched.

- To the extent defendant's are relying on a court order from either District Judge Marcia S. Krieger or Magistrate Judge Kathleen M. Tafoya as a reason not to produce documents, set forth when the order was issued, the exact language from the order, and inform plaintiff's whether, on the basis of the order, documents are being withheld.

- These orders are to be complied with on or before July 17, 2012. Any documents required to be produced that were specifically withheld on general objection will also be produced on or before July 17, 2012. Plaintiff shall set forth challenges to specific objections where documents have been withheld, if any, on or before July 24, 2012. After the exchange of documents, the parties are to meaningfully meet and confer and attempt to reach a resolution.

The court advises counsel that sanctions will be awarded or recommended if frivolous objections continue.

It is **ORDERED**:   Plaintiff's Motion to Compel Second Day of Deposition of Defendant Susan Rettig [324] is **GRANTED**. The parties shall confer on a mutually convenient date for the deposition of Ms. Rettig.

As to Defendants' Motion to Compel Complete Responses to Defendants' First, Second, Third and Fourth Set of Discovery Requests [298], Plaintiff's counsel informs the court of certain agreements reached.  Plaintiffs will produce everything as to Request for Production of Documents Nos. 26 and 27. Counsel also informs the court there is nothing to produce as to Request Nos. 26 and 27. As to Request for Production No. 72, plaintiff has withdrawn general objection No. 3. Plaintiff has produced all responsive non-privileged documents as to Request Nos. 23, 63, and 68. As to Request No. 69, there are no responsive documents. As to Request No. 71, plaintiff agrees to produce any communications forthwith between Thomas Daley and Susan Rettig. There are no communications between L-3 Communications Corporation and Charles Rettig. Plaintiff stands on the remainder of their objection to Request No. 71.

Oral argument from defendants.
Oral argument from plaintiffs.

It is **ORDERED**:   Parties shall provide an index of documents produced as to Request No. 23 on or before July 31, 2012.  (*This Order was later modified as noted infra.*)

It is **ORDERED**:   Defendants' Motion to Compel Complete Responses to Defendants' First, Second, Third and Fourth Set of Discovery Requests [298] is **GRANTED IN PART AND DENIED IN PART**.

As to Request for Production of Documents No. 3, the motion is **GRANTED**. Plaintiff's shall produce the time sheets of John McClure, James Youngman, and Jerry Lubell, to the extent they exist, from December of 2002. The time sheets of Kelly Rice shall be produced from February of 2005. L-3 shall re-check for existing time sheets pertaining to Charles Crain and Phil Lane since none were produced for either. Time sheets and further responsive documents to Request No. 26 shall be produced on or before Monday, July 16, 2012 at 9:00 a.m. due to the upcoming deposition of Mr. Crain.

**Court in Recess: 3:36 p.m.**
**Court in Session: 3:49 p.m.**

Subject to discussion amongst counsel, Request for Production No. 67 is resolved.

Oral argument from defendants.

Oral argument from plaintiffs.

It is **ORDERED**: The motion is **GRANTED** as to Interrogatory No. 13 and Request for Production No. 41. Plaintiff will fully respond to the Interrogatory and the Request for Production to the extent it can. The court understands more information will be available once a software review is completed and is fodder for supplementation.

It is **ORDERED**: As to Request for Production No. 77, the motion is **GRANTED**. Both parties shall exchange software programs at issue in this matter on or before July 31, 2012.

It is **ORDERED**: As to Request for Production Nos. 42 and 44, the motion is **GRANTED**. Plaintiff withdraws objections to both requests and will produce all documents, with the exception of "raw test data" referred to during this hearing, as to Nos. 42 and 44. The documents will be produced on or before July 31, 2012.

As to "raw test data" only, the parties are expected to work co-operatively to determine if it needs to be produced since it will be voluminous.

Defendant's will be required to pay for any reasonable equipment that needs to be utilized in the production of "raw test data" if production is required.

It is **ORDERED**: As to Request for Production Nos. 50 and 54, the motion is **GRANTED**. Plaintiff withdraws objection based on clarification on No. 50. Documents will be produced as to Request Nos. 50 and 54 on or before July 31, 2012.

It is **ORDERED**: The motion is **DENIED** as to Request for Production No. 60 as irrelevant.

The remainder of Defendants' Motion to Compel Complete Responses to Defendants' First, Second, Third and Fourth Set of Discovery Requests [298] will be discussed July 11, 2012 at 10:15 a.m.

**Court in Recess: 4:59 p.m.**
Hearing continued.
Total In-Court Time     03:15

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.