**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

| | |
|---|---|
| **Civil Action No.** 10-cv-02868-MSK-KMT | FTR - Courtroom C-201 |
| **Date:** November 1, 2012 | Deputy Clerk, Nick Richards |

| | |
|---|---|
| L-3 COMMUNICATIONS CORPORATION, and L-3 SERVICES, INC., | Benjamin G. Chew<br>Suzanne Maureen Parker<br>Nigel Lance Wilkinson |
| Plaintiffs, | Steven Leon Levitt (by phone) |
| v. | |
| JAXON ENGINEERING & MAINTENANCE, INC.,<br>JONI ANN WHITE,<br>RANDALL K. WHITE,<br>SCOTT WHITE,<br>SUSAN RETTIG,<br>CHARLES RETTIG,<br>JAMES YOUNGMAN,<br>JERRY LUBELL,<br>KELLY RICE,<br>JOHN MCCLURE, and<br>JOHN DOES 1-25, said names being fictitious as such names are unknown at this time, | Jennette C. Roberts<br>Lora Ann Brzezynski |
| Defendants. | |

**COURTROOM MINUTES / MINUTE ORDER**

**MOTION HEARING**
**Court in session: 9:18 a.m.**
Court calls case. Appearances of counsel. Defendant Joni White is present in gallery

Motion Hearing is called regarding Plaintiffs' Emergency Renewed Motion to Compel, to Postpone L-3 Depositions of Defendants Pending Production, and for Sanctions [Doc. No. 363, filed October 4, 2012]. The motion is currently under seal and the public entry for this motion is Doc. No. 366.

The Court notes only parties associated with this case and court personnel are present for this hearing. The transcript of the proceedings will be held under Restriction - Level 1.

Oral argument from Plaintiffs.
Plaintiffs' offer Exhibits 1, 2, and 3 for the purposes of this hearing only. Defendants object to Exhibit 1, but do not object to Exhibits 2 and 3. Exhibits 1, 2, and 3 are admitted for the purposes of this hearing ONLY. Exhibits 1, 2, and 3 will be placed under Restriction - Level 1.
Oral argument from Defendants.

It is **ORDERED**: With respect to the single government agency who requires Jaxon to submit documents for review prior to release in discovery, the court notes that Defendants have submitted the documents some time ago and this agency has never previously directed Defendants to withhold documents from discovery.  Therefore, Defendants are to advise the government agency that they must make a decision on whether to approve release of the documents on or before November 9, 2012. If the government agency does not respond by November 9, 2012, the court will assume the agency has no objection.  Therefore, Defendants are ordered to produce the documents given that no objection was lodges.

It is **ORDERED**: Defendants may respond to Plaintiffs' Motion for Preliminary Injunction [Doc. No. 383, filed October 19, 2012] on or before November 16, 2012. Plaintiffs' reply shall be due on or before November 26, 2012. All parties shall identify any potential witnesses for the hearing to be held on November 29, 2012 at 9:00 a.m. on or before November 27, 2012.

It is **ORDERED**: Plaintiffs' Renewed Emergency Motion to Compel [363, public entry 366] is **GRANTED IN PART**. The court finds that Plaintiff has made an adequate showing pursuant to *Partimer Worldwide Inc. v. Siliconexpert Technologies, Inc.,* 2011 WL 587971 at *9 (D. Colo. Feb. 9, 2011) to allow the search of certain of Defendants' hard drives.  Defense counsel shall provide a list of home and office computers belonging to Joni Ann White, Randall K. White, Susan Rettig, Charles Rettig, James Youngman, Kelly Rice, and John McClure on or before November 8, 2012. At a location of the parties' choosing, two full mirror images of the home and office computer hard drives of these specific defendants will be made according to a protocol acceptable to both parties. The hard drives will be mirrored on or before November 22, 2012. One mirror copy will be provided to each party. All mirror images of the selected hard drives and information derived therefrom will fall under AEO, highly confidential attorneys eyes only provisions of the Protective Order until further order of court.  The Court notes this ruling does <u>not</u> apply to home and office computers of defendant Jerry Lubell or Corey White at this time as no particularized showing has been

                made as Defendant Lubell that any relevant information may be found on Lubell's hard drive. Corey White is not a defendant in this case.

                The first search to be conducted on the mirrored hard drive by Plaintiff's expert shall be a word search for any attorney names in this matter or other agreed upon terms to identify material which may be covered by applicable privileges. The results of the initial search will be considered a prima facie privilege log and such documents shall not be used by Plaintiff and Plaintiff shall seek to avoid viewing of the documents to the extent possible. Defendants shall produce a privilege log as to privileged and personal documents on the hard drives not identified by the initial search if they so desire. The defendants will retain all "claw back" rights with respect to privileged documents regardless of the document's identity on the prima facie privilege list. Plaintiffs' expert may conduct tests or reviews in search of any relevant information on any of the mirror images provided. Plaintiffs agree to not view, as much as possible, any personal information on the hard drives.

                Unless the parties agree upon the relevance of documents discovered on the hard drives and agree that no privileges apply, the Plaintiff may not utilize any document retrieved on the hard drives without further order of the court.

It is **ORDERED**: The site inspection of Jaxon Engineering & Maintenance, Inc. set for November 2, 2012 shall go forward as previously scheduled. The Defendants are directed that the equipment should be assembled for viewing as it would be if the item was ready to perform its designated function. The court will not order Defendants to create a 'tableau' by setting up equipment "as it would have looked" during any particular testing.

It is **ORDERED**: The Scheduling Order deadlines set by Order [Doc. No. 356, filed August 16, 2012] are **VACATED** and reset to the following dates:

| | |
|---|---|
| Fact Discovery Cut-off: | January 31, 2013 |
| Expert Discovery Cut-off: | March 31, 2013 |
| Disclosure of Affirmative Experts: | February 15, 2013 |
| Disclosure of Rebuttal Experts: | March 12, 2013 |

| | |
|---|---|
| Exchange (but do not file) claim terms to be construed and preliminary claims constructions: | January 14, 2013 |
| Meet and confer over claim terms and preliminary claims constructions: | January 19-21, 2013 |
| File claims needing construction and the opposing construction of these claims, as limited by the Court: | February 11, 2013 |
| Parties exchange (but do not file) Opening Claim Construction Briefs and supporting evidence: | March 6, 2013 |
| Parties exchange (but do not file) Responsive Claim Construction Briefs with supporting evidence: | March 22, 2013 |
| Parties FILE opening Claim Construction Briefs, Responsive Claim Construction Briefs and supporting evidence compiled in a single joint appendix with citations in Parties' briefs reflecting citation to documents in joint appendix: | April 26, 2013 |

The court notes the Dispositive Motions Deadline of June 28, 2013 will remain in effect.

These proceedings will held under restriction unless further ordered by the Court. No transcript shall be made without further order of the court.

**Court in Recess: 12:19 p.m.**
Hearing concluded.
Total In-Court Time    03:01

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.