IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

    Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Emergency Motion to Preclude Testimony of Messrs. Harrison and Nebel at the Preliminary Injunction Hearing" [Doc. No. 478] filed December 28, 2012. Plaintiffs responded on December 31, 2012 [Doc. No. 481] and Defendants replied on the same day [Doc. No. 483].

In yet another volley in this highly litigious action, Defendants claim prejudicial surprise by Plaintiffs listing of two witnesses they intend to call at the Preliminary Injunction hearing now scheduled for January 15, 2012 and request that the court preclude their testimony. The witnesses were first disclosed to Defendants pursuant to court order on November 27, 2012 for the hearing originally scheduled to be held two days later on November 29, 2012. (Mot. at 2; Doc. No. 440, Plaintiff's Witness List.) The November 29, 2012 hearing was continued because critical witness James Youngman was not able to attend the hearing for medical reasons. [*See* Order, Doc. No. 441.] Therefore, unlike the two-day notice Defendants originally had of Plaintiffs' witnesses, Defendants have now had, as of the date of this Order, <u>thirty-seven days notice</u> and, as of the date of the hearing, <u>forty-nine days notice</u>. In fact, Defendants now have scheduled depositions of witnesses Harrison and Nebel on January 7 and 8, 2013 without opposition from Plaintiffs. Therefore, Defendants are in a far more favorable position with respect to these two witnesses at this juncture than they were in November when, but for one of the defendant's medical issues, the Preliminary Injunction hearing would have been held. The court fails, therefore, to see prejudice to Defendants.

Further, as Plaintiffs point out, the reason for the necessary testimony by two independent parties who have examined certain discovery from Jaxon, is that Jaxon has listed a number of documents having to do with Jaxon witness, Tim Farajian, as protected by the Attorneys-Eyes-Only (AEO) provision in the Protective Order. (Resp, Ex. 1.) The practical result of this designation is that Jaxon witnesses, including outside expert Farajian, may look at the documents to prepare for the hearing, but Plaintiffs' employees may not. Therefore,

Plaintiffs' need to employ outside experts to view and give testimony on the evidence produced by Jaxon is a necessity of Jaxon's own making.[1]

The court does not discount Defendants' argument that they are hampered by Plaintiffs' insistence that both Messrs. Harrison and Nebel's communications with counsel are protected by attorney-client and work-product privileges. However, this same hurdle is faced by Plaintiffs concerning their ability to preview testimony which might be elicited from individual defendants. This is particularly true of Mr. Youngman, given his medical situation.

Additionally, the court does not concur with Defendants' allegation that Plaintiffs are "stonewalling" Defendants with respect to information about Messrs. Harrison and Nebel. The evidence submitted reveals that resumes of both individuals have been provided and, even though Plaintiffs raised objections to certain written discovery propounded by Defendants, responses were provided to the questions to the extent not privileged. (See Mot, Ex. 4.)

This court, therefore finds that there is no prejudice to Defendants by allowing the testimony of Messrs. Harrison and Nebel at the Preliminary Injunction hearing now scheduled for January 15, 2013. Further, to the extent there was any prejudice, it is cured by Defendants' unopposed ability to depose both parties prior to the hearing – a benefit they would not have had

---

[1] By this statement the court does not in any manner imply that the AEO designations made by Defendants were improper. This court relies upon the good faith of counsel in appropriately and properly listing documents as protected by the AEO provisions in the Protective Order and assumes, unless evidence is produced to the contrary, that they have faithfully fulfilled their obligations.

but for the delay in the proceedings attributable to the unexpected unavailability of Mr. Youngman.

While the court will not preclude testimony from Harrison or Nebel at the hearing, the court recognizes that the depositions on January 7 and 8, 2013 of Messrs. Harrison and Nebel will be taken absent Fed. R. Civ. P. 26(a)(2)(B) expert disclosures, which would be required should the Plaintiffs list either witness as an expert expected to testify at trial.[2]  Therefore, to the extent Plaintiff lists either or both Messrs. Harrison or Nebel as an expert expected to testify at trial pursuant to Fed. R. Civ. P. 26(a)(2), Defendants may depose such experts again in light of the provided disclosures.  These additional depositions will not count against the total number of depositions allowed to Defendants in the Scheduling Order.  In the event Defendants opt to depose either expert for the second time pursuant to this Order, they will **not** be precluded from further interrogation into areas previously covered in the January 7 and 8, 2013 depositions or from areas covered in their testimony, if any, at the Preliminary Injunction hearing.

Therefore, it is **ORDERED**

"Defendants' Emergency Motion to Preclude Testimony of Messrs. Harrison and Nebel at the Preliminary Injunction Hearing" [Doc. No. 478] is **DENIED**.

Dated this 4th day of January, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] Rule 26 expert disclosures are not due until February 15, 2013.  [*See* Doc. No. 393 at 4.]