IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT


L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

      Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

      Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiffs' Motion for Leave to File Oversized Motion and for Expedited Consideration" [Doc. No. 573] filed March 5, 2013. The Defendants responded on March 6, 2013 [Doc. No. 575].

The motion concerns the contents of the Defendants' "Modified Privilege Log." The subject log was produced to Plaintiffs by Defendants upon this court's order in an attempt to

determine if there were items on the list as to which Plaintiffs might stipulate to privilege and thus reduce the time required of the Special Master for review.  The Modified Privilege Log was <u>not</u> provided to the Plaintiffs in anticipation that they would file objections to documents listed prior to the Special Master's *ex parte* review and order.

Chief Judge Marcia S. Krieger's November 19, 2012 Order [Doc. No. 416] ("MSK Order") provided that Defendants alone would make an initial determination of attorney-client privilege or requested withholding based on intensely personal and irrelevant subject matter.[1] After designation, this court or the Special Master were tasked to review each of Defendants' duly designated documents and make a determination either in support of or contrary to the initial designation of Defendants.

This court is aware that the Defendants' log and documents submitted for review, while comporting in a general sense with some of Judge Krieger's language in the MSK Order, is far more expansive than what was ultimately ordered by the court.  In determining which documents would be considered for possible removal from the previously imaged Defendants' computer hard drives, Judge Krieger first stated, "[u]pon a determination [after review by the Magistrate Judge or the Special Master] that certain documents are subject to attorney-client privilege, those specific documents can be removed from the hard drives . . . ."  *Id.*  In addition to attorney-client

---

[1] Judge Krieger began her holding by stating, "the burden will be on the Defendants to review the contents of the hard drives, to identify each document that they believe to contain privileged information, and to submit both a privilege log and copies of the identified documents to the Magistrate Judge [or Special Master] for an in camera determination of privilege."  MSK Order at 4.

privileged documents, Judge Krieger added, ". . . the Court is permitting the designation (and potential withholding) of only those documents or files that both: (i) are so intensely personal that disclosure of them to only the Plaintiffs' counsel and technical advisor would constitute a severe intrusion upon personal privacy; **and** (ii) lack any arguable relevance whatsoever to the claims at issue in this case." MSK Order at 5-6 (emphasis in original). Judge Krieger ultimately ordered,

> [T]he Defendants shall file a complete privilege log, listing (and attaching) all documents on any of the hard drives that the Defendants contend **are either**: (i) subject to the attorney-client privilege or (ii) so intensely personal and so utterly irrelevant that they should be withheld from production. The Magistrate Judge (or such Special Master as she may direct) shall promptly consider whether the listed documents should be produced and, if necessary, direct that specific documents be removed from the drives before they are produced to the Plaintiffs.

*Id*. at 6-7 (emphasis added).

The log eventually produced by Defendants to the court greatly expanded the number and kind of documents for which Defendants sought review and removal in that it included documents designated as privileged pursuant to the work product doctrine and spousal and accountant-client privileges, among others.[2] This over-inclusion, however, has not interfered with the *ex parte* review ordered by Judge Krieger. The Special Master is proceeding according to the MSK Order – as he must – and is, therefore, only reviewing those documents designated

---

[2]This court infers that the surplus designations were included by the Defendants in their massive log as potentially helpful regarding trial objections or for other purposes; however, Judge Krieger's order did not direct that any documents other than attorney-client privileged or those involving intensely personal and private information which was also completely and wholly irrelevant, would be subject to *ex parte* review and potential removal from the imaged hard drives.

by Defendants as attorney-client privileged and those documents designated by the Defendants as so intensely personal that even limited disclosure of them would constitute a severe intrusion upon personal privacy and which lack any arguable relevance whatsoever to the claims at issue in this case.[3]  Documents which have been designated as subject to other privileges are irrelevant to the Special Master's review.

Given this clarification, the court finds that Plaintiffs, 1) do not need more than the allotted fifteen pages to raise whatever issues they feel compelled to argue regarding the contents of the Modified Privilege Log, and more importantly, 2) are not entitled at this stage to argue the merits of Defendants' designation of documents as attorney-client privileged or intensely personal and private as well as wholly irrelevant, the only two categories upon which documents may be held removable from the computer hard drives.  Such determinations are currently the province of the Special Master and the whole basis and reason for his *ex parte* review.

---

[3]  The second category of documents appear to be generally described by the Defendants in the log as "personal," "private" or "confidential."

It is therefore **ORDERED**

"Plaintiffs' Motion for Leave to File Oversized Motion and for Expedited Consideration"

[Doc. No. 573] is **DENIED**.

Dated this 6th day of March, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge