IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

    Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

    Defendants.

# ORDER

This matter is before the court on Report, Findings of Fact, Conclusions of Law and

Order of Special Master filed April 11, 2013. ("Sp. Master Rep. and Order").

On November 19, 2012, Chief District Judge Marcia S. Krieger issued her "Opinion and

Order Granting Motion to Expedite and Sustaining, in Part, Defendants' Objections to

Magistrate Judge's Order." ("Krieger Order") [Doc. No. 416]. Judge Krieger upheld this court's determination and ruling that

> Defense counsel shall provide a list of home and office computers belonging to Joni Ann White, Randall K. White, Susan Rettig, Charles Rettig, James Youngman, Kelly Rice, and John McClure on or before November 8, 2012. At a location of the parties' choosing, two full mirror images of the home and office computer hard drives of these specific defendants will be made according to a protocol acceptable to both parties.

(Minutes of Hearing [Doc. No. 393] at 2.) Judge Krieger also upheld this court's ruling that a copy of each the imaged hard drive would be provided to Plaintiffs. What Judge Krieger did not uphold was this court's procedure for handling documents contained on the images of the hard drives that were subject to the attorney-client privilege, holding "that the order fails to give adequate protection to the attorney client privilege." (Krieger Order at 3.) Instead, Judge Krieger stated

> the Defendants' claims of privilege can and should be handled in the same manner that would be used in most cases - the burden will be on the Defendants to review the contents of the hard drives, to identify each document that they believe to contain privileged information, and to submit both a privilege log and copies of the identified documents to the Magistrate Judge for an in camera determination of privilege. *Upon a determination that certain documents are subject to attorney-client privilege, those specific documents can be removed from the hard drives, which can then be produced to the Plaintiffs in accordance with the Magistrate Judge's Order.*

(*Id.* at 4 ) (emphasis added). Finally, Judge Krieger directed that "[t]he Magistrate Judge (or such Special Master as she may direct) shall promptly consider whether the listed documents should be produced and, if necessary, direct that specific documents be removed from the drives before they are produced to the Plaintiffs." (*Id.* at 6-7.)

At this point in time, the computer hard drives subject to the November 1, 2012 Order have been imaged. (See, Doc. Nos. 452 and 491.) As the court understands it, the imaged hard drives remain in the custody of FTI Consulting, the vendor hired by the Plaintiffs for purposes of imaging the hard drives.[1] Without taking any further action, FTI Consulting has simply held the hard drive images ultimately intended for production to Plaintiffs, awaiting the court's direction on removal of certain documents. *Id.* The Special Master's Report and Order satisfies Judge Krieger's Order that an individual determination be made as to documents contained on Defendants' privilege log and which Defendants claim are subject to either the attorney-client privilege or are so intensely personal and so utterly irrelevant that they should not be produced in discovery. Upon that determination, Judge Krieger has ordered that "those specific documents can be removed from the hard drives." (Krieger Order at 4.)

Therefore it is

**ORDERED**

1. Plaintiffs shall submit to FTI Consulting the Special Master's Report and Order, together with the attached spreadsheets documenting each of the documents reviewed by the Special Master and containing the Special Master's ruling with respect to whether the documents should be withheld from production, as well as the privilege logs produced by the Defendants that more particularly describe each document's location. Utilizing the Special Master's Report

---

[1] It is not clear to the court whether FTI Consulting will also assist the Plaintiffs in their expert review of the hard drives once produced. For purposes of this Order, however, resolution of that fact is irrelevant.

and Order with the privilege logs, Plaintiffs shall cause FTI Consulting to remove from the images of the referenced hard drives each document wherein the Special Master affixed a "Y" next to the document.[2]

2. Plaintiffs shall cause FTI to generate a signed notification or declaration documenting the specifics of the undertaken redactions, including the title of each redacted hard drive image and the documents which were deleted from the imaged drive and specifically documenting the procedures to eradicate the images held by the Special Master to be non-discoverable pursuant to Chief Judge Krieger's Order.

3. Upon redaction of the hard drives in accordance with the Special Master's Report and Order and this Order, and after the filing by Plaintiffs of the report of FTI Consulting in accordance with paragraph 2 above, the imaged hard drives shall be released to Plaintiffs. Upon receipt of the imaged hard drives from FTI Consulting, Plaintiffs shall file with the court a notification of their receipt.

4. Defendants bore solely the costs of producing the voluminous privilege logs required by Judge Krieger's Order. The parties have evenly borne the costs of the services of the

---

[2] The Special Master's Report and Order states, "[r]egarding the documents that are contended to be subject to the attorney-client privilege, each document that has a "Y" on the same line (in the third column) as the Doc ID number for that document on the Attachment that is attached hereto is subject to the attorney-client privilege." (Sp. Master Rep. and Order at 5.) The same convention is utilized with respect to documents found by the Special Master "to be so intensely personal and so utterly irrelevant that they should be withheld from discovery. . . . " *Id*.

Special Master.  Therefore, Plaintiffs shall be solely responsible for the costs associated with performing redactions consistent with this Order from the hard drive images.

Dated this 12th day of April, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge