IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

      Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

      Defendants.

**ORDER**

This matter is before the court on "Defendant Jaxon's Motion for Rule 11 Sanctions Against L3 for Failure to Conduct a Reasonable Pre-suit Investigation as to L3's Patent Infringement Claims" [Doc. No. 503] filed January 14, 2013. Defendants argue the patent infringement claims brought by Plaintiffs (hereinafter collectively "L-3") were filed without proper pre-suit investigation in violation of Fed. R. Civ. P. 11. Defendants maintain that L-3

relied wholly on speculation about Jaxon Engineering & Maintenance, Inc.'s testing equipment and that this speculation does not constitute a reasonable pre-suit endeavor to determine whether patent infringement claims were truly viable. (Mot. at 1.) L-3 counters that it obtained and possessed

> a sea of pre-filing evidence demonstrating that Defendants conspired to dupe L-3 into unwittingly purchasing and storing HEMP testing parts in L-3's North Lab facilities in Colorado Springs (the "North Lab"), intended to be transferred to Jaxon upon the event of its first Government contract award, an event that would also trigger the pre-coordinated resignation of numerous co-conspirators from their employment at L-3 so they could use the parts to build one or more replicas of each L-3 HEMP test sets to permit Jaxon to conduct the testing required under those contracts.

Resp. [Doc. No. 544] at 2.

This case was filed on November 23, 2010. Since that time the parties have engaged in voluminous discovery, participated in a full-scale preliminary injunction hearing, filed and argued numerous contested discovery motions, filed 659 pleadings and had a special master review almost 20,000 pages of documents contained on various computers belonging to the defendants. There are currently ten substantive pending motions, not counting motions to restrict documents nor this motion. Additionally, there are major reviews of the special master's findings and report which have yet to be undertaken by the court. There is still five months left in the discovery period and dispositive motions are not due to be filed until January 24, 2014.

It is premature and a waste of precious judicial resources for the court to sift through the vast amount of evidence which would be required to fully address the Defendants' motion.

Judicial resources would be far more efficiently used by addressing this issue post-trial, after both sides have had an opportunity to present their evidence to the court.

WHEREFORE, it is **ORDERED**

"Defendant Jaxon's Motion for Rule 11 Sanctions Against L3 for Failure to Conduct a Reasonable Pre-suit Investigation as to L3's Patent Infringement Claims" [Doc. No. 503] is **DENIED** without prejudice to raising the issues addressed therein at a more expedient point in the proceedings, including subsequent to a trial on the merits.

Dated this 13th day of June, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge