**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

| | | |
|---|---|---|
| Civil Action No: | 10-cv-02868-MSK-KMT | Date:  July 15, 2013 |
| Courtroom Deputy: | Sabrina Grimm | FTR:  Courtroom C-201 |

L-3 COMMUNICATIONS CORPORATION, and   Nigel Wilkinson
L-3 SERVICES, INC.,                                                Karen Weiss

      Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE,                   Daniel Johnson
INC.,                                                                                  Charles Swanson
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as
such names are unknown at this time,

      Defendants.

## COURTROOM MINUTES

**Motion Hearing**

**1:27 p.m.      Court in session.**

Court calls case. Appearances of counsel.

Court reviews its order regarding Defendants' Motion to Compel and Motion for Sanctions [419].

**ORDERED:** Defendants' Motion to Compel and Motion for Sanctions [419] is DENIED. Specifically the motion is denied as to Plaintiffs' specific requests:

- **Production of the Crain comparison or to allow any further discovery on the issue;**

- **Any written authorization or direction from Tom Daley, or any other L-3 counsel, to L-3 employees allowing review of the Jaxon documents which were contained on the L-3 computer utilized by Susan Rettig;**

- **Any other resulting documents generated pursuant to Tom Daley's, or any other L-3 employees' direction on this issue;**

- **Imaging Mr. Crain's and Mr. Stewart's work computer hard drives for production to defendants, or that Crain or Stewart's depositions be reopened for inquiry;**

- **L-3 production of contracts prior to 2005;**

- **Supplementation by L-3 on the fifth set of discovery;**

- **Production of Mr. Linn's and Ms. Stangle's archived emails;**

- **Time records not requested prior to the motion; and**

- **Further discovery on security clearance documents'**

**ORDERED:** **To the extent that any party claimed costs associated with the motion, those requests are DENIED.**

Discussion regarding documents related to Colorado Springs security assessment, ethics videos, funding, identification of charge numbers used to develop technology, licensing agreements and policies, structure of L-3, independent research and development, and request for admissions

Defendants' oral motion to serve a limited amount of additional interrogatories by Mr. Johnson.

**ORDERED:** **Defendants' oral motion to serve a limited amount of additional interrogatories is DENIED, for reasons stated on record.**

3:35 p.m.    Court in recess.
3:45 p.m.    Court in session.

Discussion regarding privilege log, unique document identifying numbers, and pending motions.

Court notes that Joni White is excused from the courtroom.
Defendants' Exhibits 1, 2, and 3 tendered to Court.

**ORDERED**: **Defendants' Motion to Compel Responses to Defendants' Seventh Set of Discovery Requests and Requests for Admission [637] is GRANTED IN PART AND DENIED IN PART as follows:**

- **Plaintiffs are directed to produce any security assessment documents, to the extent there are any, related to Colorado Springs on or before July 29, 2013.**

- **With respect to request for production 16 and 96, Plaintiffs are directed to provide the name and location of the contractors who created the ethics videos used by L-3 for training from 2005-2009. Defendants may issue a subpoena if they so desire. Plaintiffs are also directed to provide any records and/or certifications as to the type of training attended by the defendants, specifically related to ethics, from 2005-2009. The training records and/or certifications are due on or before July 29, 2013.**

- **Plaintiffs are directed to supplement interrogatory 21 and identify titles associated with the charge numbers, as stated on record, on or before July 29, 2013.**

- **Plaintiffs are directed to inquire with L-3 corporate headquarters regarding licensing policies that would apply, in general, to patents obtained by the Applied Technology Division and supplement request for production 98, on or before August 5, 2013.**

- **With respect to requests for admission 1 and 2, and to the extent any other requests for admission are written in this manner, L-3 is directed to change the responsive language so that it is made evident they are, without *waiving* foregoing objections, fully responding to the request without withholding pursuant to the objections.**

- **As to request for admission 16 and 17, the motion is denied, as stated on record.**

- **With respect to interrogatory 8 and request for production 36 and 37, the motion is moot.**

- **Plaintiffs are directed to provide a unique and unified numbering system regarding their privilege logs, excluding post-litigation clawed back documents, as more particularly described by the court on the**

>    **record, by August 5, 2013.**
>
> •   **As to request for production 100, the motion is denied, as stated on record.**

**ORDERED:** **Any discussion on the court record regarding request for admission 16 and 17 will be maintained at Restriction Level 1, pending further action of the parties on a motion. Any transcript shall be so marked.**

**ORDERED:** **Any transcript that is ordered and filed on the public record with respect to this motion will be filed under Restriction Level 1, pending further review by the parties within 20 days of the filing of the transcript. If additional restriction is required by either party, or if a redacted transcript should be prepared in compliance with the Local Rules a separate motion should be filed.**

**ORDERED:** **Plaintiffs' Emergency Motion to Remove Defendants' Exhibit 11 From Defendants' Motion to Compel Responses to Defendants' Seventh Set of Discovery Requests and Requests for Admission (ECF No. 634) [655] is GRANTED IN PART. Exhibit 11 shall be STRICKEN and marked as Restriction Level 3.**

**4:44 p.m.** **Court in recess.**

Hearing concluded.
Total in-court time    03:07

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.