IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

    Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

    Defendants.

---

## ORDER CONTINUING APPOINTMENT OF SPECIAL MASTER
---

    Pursuant to the September 27, 2013 "Opinion and Order Denying Motion for Summary Judgment, Granting Motion to Clarify, and Granting in Part and Denying in Part Motions to Restrict Access" entered by Chief District Judge Marcia S. Krieger [Doc. No. 694] ("Clarifying Order") this court has considered the continuing appointment of the previously-appointed Special Master to promptly review, consider and find whether documents emanating from

Defendants' computer hard drives subject to this court's November 1, 2012 Order [Doc. No. 393] and contended by the defendants to be subject to certain privileges not previously considered by the Special Master in his original review. The court discussed the continuing appointment of Special Master William A. Martinez with the parties to conduct the continuing review of documents contained in the previously provided database commensurate with Chief Judge Krieger's Clarifying Order and received no objection from any party to the continued appointment of Special Master Martinez. Therefore, this court determines that such appointment is appropriate.

IT IS HEREBY **ORDERED**:

1. Judge William A. Martinez, Esq., (the "Special Master") is appointed Special Master for the purpose of conducting an in-camera review of the documents as described more specifically above. The Special Master issued his "Report, Findings of Fact, Conclusions of Law and Order of Special Master" [Doc. No. 601] on April 11, 2013 after reviewing the subject documents and determining whether the documents are either subject to the attorney-client privilege or are so intensely personal and so utterly irrelevant that they should be withheld from discovery. Chief Judge Krieger's Clarifying Order expressed that her "intention was to expedite the proceedings by ensuring that all claims of privilege would be promptly asserted and adjudicated, whether by the Magistrate Judge or the Special Master. In this respect, then, this Court's Order's failure to mention claims of attorney work product privilege was an inadvertent oversight, rather than a deliberate (and peculiarly unexplained) exception." (Clarifying Order at 15-16.) Therefore, it is now necessary for the Special Master to review all additional claims of

privilege[1] relating to documents in the database and to issue a Supplemental Report, Findings of Fact, Conclusions of Law and Order of Special Master(hereinafter "Supplemental Report") concerning which documents should be removed from imaged hard drives prior to production to the Plaintiffs as contemplated by both Magistrate Judge Tafoya's November 1, 2012 Order and as modified by Chief Judge Krieger's November 19, 2012 Order and the Clarifying Order.  The Special Master shall review all documents submitted by Defendants for review pursuant to the Clarifying Order where a privilege not previously addressed is one of the grounds for withholding (except for the withdrawn accountant/client privilege), regardless of the Special Master's previous conclusion about the same document made on the basis of a different privilege.[2]

    2.    Judge Martinez's contact information is:

> 635 W. Corona Ave., Suite 201
> Pueblo, Colorado 81004
> Phone: (719) 545-4519
> Fax:  (719) 545-4423
> Email: wamatty@comcast.net

---

[1] At the November 5, 2013 hearing, Defendants stated that they have withdrawn any privilege claims on the basis of "accountant/client privilege."  Therefore, the Special Master is specifically instructed not to review documents on the basis of any claimed "accountant/client privilege."

[2] For example, if the Special Master agreed with Defendants that a document should be withheld from discovery on the basis of attorney/client privilege but a work product privilege is also asserted as to that same document, the Special Master shall review the document again and make a separate determination with respect to the work product privilege.

The Court has verified that Judge Martinez is available to perform as Special Master within the time frame contemplated by the Court, and pursuant to Fed. R. Civ. P. 53(b)(4), has ascertained that Judge Martinez has no conflicts of interest that would require his disqualification from this case pursuant to Title 28 U.S.C. § 455 and his Rule 53(b)(3) Affidavit remains of record.  [Doc. No. 542].

4. The Special Master is directed to proceed with all reasonable diligence to complete tasks assigned by this Order.

5. The Special Master's duties will include becoming familiar with the scope of claims in this case, attending training as needed to operate appropriate databases, reviewing relevant documents including this court's orders and the transcripts of related hearings and the logged materials provided by Defendants.  The Special Master shall be issued a user name and reissued a new password for his exclusive use in reviewing documents in the Relativity database to be created and managed by a third party vendor and paid for by Defendants.[3] [4]

---

[3] Relativity is an internet/cloud-based litigation support document review tool and document repository that allows global searching and review of a multitude of different document file types such as email, email attachments, and other user working files within a secure, web-based environment. While work product modifications and additions are allowed, the metadata and native documents themselves are preserved within the application. The Relativity website, servers, and physical document repositories are secured and are only accessible by authorized users.

[4] The parties have agreed that the records needing review by the Special Master can be consolidated and that exact duplicates shall be removed as discussed at the November 5, 2013 hearing.  On or before November 15, 2013, the Defendants will submit a revised privilege log which will more particularly set forth the specific documents requiring supplemental review by the Special Master pursuant to this order.  The log will contain column entries related to the Relativity database which will direct the Special Master to the documents to be reviewed and also identify particularly any documents which are considered exact duplicates of other

6. Further, the court has provided the Special Master with the parties' previous objections to his April 11, 2013 report [Docs. Nos. 620 and 657] together with any filed responses, noting that such objections have been denied by this court without prejudice pending the Special Master's supplementary review as addressed previously. The Special Master may review the objections to the extent he finds them relevant and helpful and may reconsider his findings on documents as he deems appropriate in light of the parties' arguments. To the extent the Special Master does reconsider his conclusions on any document(s), he will specifically address such changes in a specially-titled portion of the Supplemental Report.

7. The Special Master shall have the sole discretion to determine the appropriate procedures for resolution of all assigned matters as set forth above and shall have the authority to take all appropriate measures to perform the assigned duties as set forth above. For purposes of D.C.COLO.LCivR 7.2, Special Master William A. Martinez shall be a "judicial officer."

8. Unless a party requests and the Court so directs, the Special Master is not required to preserve any documents or records regarding his activities, other than those reflecting his time and expenses for purposes of compensating him for his services.

9. The Court requests that the Special Master issue his final Supplemental Report, if practicable, on or before January 21, 2014 and shall file on the docket all orders and reports he issues. The schedule for objections or other pleadings directed to the Special Master's

---

documents so that the Special Master may cross-check the references to the extent he feels appropriate to be convinced of the duplicative nature of the document. The parties estimate that the documents to be reviewed for additional privilege will number approximately 3,000.

Supplemental Report are set forth in the court minutes of the November 5, 2014 hearing on page 3.

10.     The Special Master shall be reimbursed by the parties in equal amounts for all reasonable fees and expenses incurred at an hourly rate of $150.00.  Plaintiffs and Defendants are each hereby required to place $5,000.00 in cash or certified funds in the Registry of this court on or before November 22, 2013.  The Special Master may submit periodic billings to the court which will be paid initially from this Registry fund.  Should monies remain in the Registry at the close of the Special Master's appointment, the money shall be returned to the parties in equal proportion.

11.     Should the fees of the Special Master exceed $10,000.00, Plaintiff and Defendant shall each pay one-half of Judge Martinez's special master fees pursuant to Fed. R. Civ. P. 53(h)(3) and each party's counsel is ultimately responsible to pay such special master fees.  The Special Master shall file monthly statements of services and charges with the court and shall mail a copy to each party.  Such statements of services shall be filed with the court by the 15th day of each month beginning in the month following exhaustion of the funds in the Registry and until the appointment is terminated.  Judge Martinez is authorized to negotiate payment arrangements with any party as he deems appropriate.

12.     The Court may impose sanctions against any party who fails or refuses to pay the fees and expenses assessed by the Special Master.

13. The parties shall not engage in any *ex parte* discussions with the Special Master and the Special Master shall not engage in any *ex parte* discussions with any of the parties, with the sole exception of negotiations with respect to fee payment as noted in paragraph 10 herein.

Dated this 12th day of November, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge