IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

      Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

      Defendants.

## ORDER

This matter is before the court on the "Motion to Quash Rule 45 Subpoena, and for a Protective Order for 3rd Party Manitou Motion Picture Company, Ltd. for Attorneys' Fees, Expenses, and Lost Earnings." (Doc. No. 740, filed Nov. 6, 2013.) The court is not unsympathetic to Mountain Motion Picture Company's ("MMPC") position as Federal Rule of Civil Procedure 45(c)(1) imposes an affirmative duty on the party or attorney responsible for issuing and serving a subpoena to "avoid imposing undue burden or expense on a person subject

to the subpoena." Further, Rule 45(c)(1) <u>requires</u> sanctions—including, but not necessarily limited to, lost earnings and *reasonable attorneys' fees*[1]—on a party or attorney who fails to comply with this duty.

Nevertheless, the court notes that MMPC's motion was filed by its non-attorney principal, Edward W. Flanagan. (*See* Mot. Quash at 2, 11.) It is well-established that a business entity must be represented by an attorney to appear in federal court, *Tal v. Hogan,* 453 F.3d 1244, 1254 (10th Cir. 2006) (footnote and citations omitted), and an entity cannot appear through a non-attorney business officer appearing *pro se*. *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001). As such, the court cannot consider MMPC's Motion.

Therefore, it is

ORDERED that the "Motion to Quash Rule 45 Subpoena, and for a Protective Order for 3rd Party Manitou Motion Picture Company, Ltd. for Attorneys' Fees, Expenses, and Lost Earnings" (Doc. No. 740) is STRICKEN without prejudice to its refiling by and through an attorney admitted to appear in this court.

Dated this 15th day of November, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] The court emphasizes this potential sanction because MMPC maintains that it is unable to afford counsel. In the event that MMPC is correct that Plaintiffs have failed to comply with the duty imposed by Rule 45(c)(1), MMPC would be entitled to recoup its reasonable attorneys' fees in contesting the subpoena, thereby defraying the cost of hiring an attorney to represent it.