IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

    Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

    Defendants.

## **AMENDED** ORDER

    This matter is before the court on "Defendants' Unopposed Motion to Restrict Access to Exhibit I to Plaintiffs' Reply in Further Support of their Motion for Sanctions for Defendants' Spoliation and for Other Relief." (Doc. No. 900, filed Feb. 10, 2014.) For the following reasons, Defendants' Motion to Restrict is GRANTED.

    Defendants seek Level One restriction for Exhibit I to Plaintiffs' Reply in Further Support of Their Motion for Sanctions for Defendants' Spoliation and for Other Relief. (Doc. No. 878-1.)

Exhibit I is an email chain that includes technical specifications as part of a discussion of the development of Jaxon's JEMDAQ software, which is used to conduct HEMP testing for Government sites and on Government contracts.

The Supreme Court has acknowledged a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).   This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system.  *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002).   Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society."  *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996).

Thus, there is a presumption that documents essential to the judicial process are to be available to the public.   However, this presumption may be overcome, and court filings or proceedings may be restricted, where the public's right of access is outweighed by interests which favor nondisclosure.  *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). The court has substantial discretion in determining whether public access to a particular court record should be restricted.  *Nixon,* 435 U.S. at 599.

In this District, Local Rule 7.2 governs what information must be submitted in support of restricting access to a court document.   Specifically, a motion to restrict public access must

 1. Identify the document or the proceeding for which restriction is sought;

 2. Address the interest to be protected and why such interest outweighs the presumption of public access . . .;

 3. Identify a clearly defined and serious injury that would result if access is not restricted;

4. Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g. redaction, summarization, restricted access to exhibits or portions of exhibits); and

5. Identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

D.C.COLO.LCivR 7.2B.

The court finds that Exhibit I warrants Level One restriction. The email chain contains Jaxon's proprietary information that, while not constituting sensitive technical AEO information, should nonetheless be restricted from public access. The court further finds that filing and holding Exhibit I under Level One restriction constitutes the least restrictive method for protecting Jaxon's proprietary interests from disclosure to the public.

Therefore, for the foregoing reasons, it is

ORDERED that "Defendants' Unopposed Motion to Restrict Access to Exhibit I to Plaintiffs' Reply in Further Support of their Motion for Sanctions for Defendants' Spoliation and for Other Relief" (Doc. No. 900) is GRANTED. Exhibit I (Doc. No. 878-1) to Plaintiffs' Reply in Further Support of their Motion for Sanctions for Defendants' Spoliation and for Other Relief shall be held under Level One restriction unless or until further order of the court.

Dated this 7th day of April, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge