IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT


L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

     Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

     Defendants.

---

# ORDER

---

The parties are advised that, at the Motion Hearing on April 24, 2014 at 1:30 p.m., in addition to considering arguments on outstanding discovery motions, the court will also address the necessary narrowing and focusing of the issues in this case as the discovery period comes to a close.  The parties shall be prepared to discuss a procedure to address not only the motions for restricted document access which are still pending in the case, but also a process to be utilized in

the future regarding confidential material, including the advisability of cluttering the docket with a substantial number of documents neither party believes should be available for public consumption.

Additionally, the parties are advised that the practice of requesting to file documents under Level 3 restriction has been revisited by the court.   Pursuant to D.C.COLO.LCivR 7.2(b), Level 3 restriction limits access to the court only.   Up until this juncture, the parties have sought, and the court has typically granted, Level 3 restriction for all documents designated as "Attorneys' Eyes Only – Subject to Protective Order" ("AEO") or "Attorneys' Eyes Only – Subject to Protective Order - Technical" ("AEO - TECHNICAL") under the Second Amended Protective Order.   (Doc. No. 187 [Protective Order].)   Level 3 restriction was appropriate because the Second Amended Protective Order bars the opposing party, including in-house counsel, from viewing AEO and AEO – TECHNICAL documents.   The AEO and AEO – TECHNICAL material at issue in this case largely concerns "highly competitive sensitive business, technical, or financial information" or trade secrets and current research and development information.   (*See* Protective Order ¶ 6.)[1] Previously, Plaintiff L-3 Communications Corporation's in-house counsel, Thomas Daley, was an attorney of record and was therefore able to view documents restricted to Level 1 docketed on the electronic filing system (ECF).   As such, Level 3 restriction of AEO and AEO – TECHNICAL documents became the *de facto* method the parties utilized to prevent Mr. Daley from viewing those documents.

Mr. Daley, however, withdrew as counsel of record for Plaintiffs as of June 3, 2013.   (*See*

---

[1]  The Second Amended Protective Order does allow each side to appoint a Technical Advisor who may review certain materials designated AEO - TECHNICAL

Order, Doc. No. 651.)   As such, he no longer represents Plaintiffs in this matter, no longer receives notice of documents filed in this case, and can no longer view documents that have been filed via ECF under any level of restriction—including Level 1 restriction.   No other counsel for any party who have access to ECF are barred from viewing AEO or AEO – TECHNICAL material.

Accordingly, it is ORDERED

The parties shall no longer seek Level 3 restriction based solely on the fact that documents filed with the court are AEO or AEO- TECHNICAL.   Further, any outstanding motions seeking Level 3 restriction on this basis will be considered henceforth to be seeking Level 1 restriction.

Dated this 16th day of April, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge