IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT


L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

      Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25,
      said names being fictitious as such names are unknown at this time,

      Defendants.

---

## ORDER ON OBJECTIONS TO REPORT OF SPECIAL MASTER

---

This matter comes before the court on "Plaintiffs' Objections to Second Report, Findings of Fact, Conclusions of Law and Order of Special Master (Doc. No. 861)" ("Pl. Obj. SM Order") [Doc. No. 894] filed on February 5, 2014.   Additionally the court considers "Defendants' Objections to the Second Report, Findings of Fact, Conclusions of Law and Order of Special Master (ECF No. 861)" ("Deft. Obj. SM Order") [Doc. No. 895] filed February 5, 2014.

**BACKGROUND**

On November 1, 2012, the court granted Plaintiffs' Renewed Emergency Motion to

Compel [Doc. No. 363, public entry for Doc. No. 366] compelling production to Plaintiffs of a

number of computer hard drives associated with Defendants.   [Doc. No. 393.]   The Defendants

filed an objection to the court order [Doc. No. 409] and on November 19, 2012, Chief Judge

Marcia S. Krieger affirmed the order allowing production of the computer hard drives, but more

narrowly tailored the procedure for identifying and withholding privileged material from

production.   [Doc. No. 416].   Judge Krieger ordered

> the burden will be on the Defendants to review the contents of the hard drives, to
> identify each document that they believe to contain privileged information, and to
> submit both a privilege log and copies of the identified documents to the Magistrate
> Judge for an *in camera* determination of privilege. Upon a determination that
> certain documents are subject to attorney-client privilege, those specific documents
> can be removed from the hard drives, which can then be produced to the Plaintiffs
> in accordance with the Magistrate Judge's Order.

*Id*. at 4.   The defendants complied with this directive.   On January 18, 2013, this court

appointed William A. Martinez as Special Master charged with reviewing the tens of

thousands of documents contained on defendants' privilege log and to issue a Report and

Order after determining, as to each document, whether the document was subject to either

the attorney client privilege or was "so intensely personal and so utterly irrelevant that they

should be withheld from production."   [Doc. No. 416 at 6.]   After review of over twenty

thousand documents, Special Master Martinez issued his "Report, Findings of Fact,

Conclusions of Law and Order of Special Master" [Doc. No. 601 ("First SM Order") on

April 11, 2013.

The parties filed a number of objections to the First SM Order, among them an emergency motion to clarify Judge Krieger's original order due to the failure to include other privileges in the Special Master's review, including spousal privilege and work product documents.   [See Doc. Nos. 582, 619, 620, 623, 657.]   On September 27, 2013, the District Court clarified its order and found that the other privileges asserted by the defendants on the logs would need to also be addressed.   [Doc. No. 694.]

This court thereafter held a status conference to discuss with the parties an acceptable procedure for review of the documents again concerning the unaddressed privilege assertions. [Doc. No. 735, Minutes November 5, 2013.]   The defendants made several proposals to the court concerning a procedure to expedite review, including Defendants' withdrawal of privilege claims on the basis of accountant/client privilege.   It was determined that the second review of the documents would include spousal and work product privileges.   Both the plaintiffs' and the defendants' objections to the First SM Order were withdrawn and the parties agreed to consolidate all objections after the Special Master issued his second report and order.   (*Id*. at 2.)   The Special Master was re-appointed on November 12, 2013 [Doc. No. 738].

The "Second Report, Findings of Fact, Conclusions of Law and Order of Special Master" [Doc. No. 861] ("Second SM Order") was filed January 12, 2014.

### *STANDARDS OF REVIEW*

The Special Master set forth his methodology for review of the documents including reference to the Iris database containing copies of all the documents and the operation thereof.   In considering the objections here, this court has used the same Iris database operating the same way.[1]

The Special Master set forth his conclusions of law with respect to the legal premises he employed when determining whether a given document was subject to privilege.   (Second SM Order at 7- 14).   Neither party has levied any objection to the recitation of pertinent law set forth in the Second SM Order and this court finds the legal rationale correct.   Therefore, this court adopts in full the legal premises utilized by the Special Master and has conducted this review of his findings according to the same legal standards.

This court has reviewed the Second SM Report *de novo* with respect to specified documents subject to objection by the parties.   In other words, as to each objectionable document, the court has personally reviewed the document and made its own determination regarding the application of the asserted privilege(s).   The practical reality of this review, then, is that many of the documents have been reviewed in camera by the Special Master and the court as many as three separate times – in the First SM Order, in the Second SM Order and as part of this review by the Magistrate Court of the parties' objections.

---

[1] This court was unable to view or see any special database provisions which were created for or by the Special Master.

4

**I.**      ***"Plaintiffs' Objections to Second Report, Findings of Fact, Conclusions of Law and Order of Special Master (Doc. No. 861)" [Doc. No. 894]***

While this court recognizes that the Plaintiffs are hampered in their objections by the normal and usual inability to review documents contained on another's privilege log, the court is not particularly swayed by argument that the Plaintiffs are unsure exactly what a document is and why a given privilege was raised or that the Privilege Log is inadequate in places.   The remedy universally accepted for such disadvantage is in camera review by the court.   The documents at issue here have been reviewed and re-reviewed in camera as noted.   Therefore, Plaintiffs' objections pertaining to the court's duty of de novo review and the argument that the privilege log is not adequate will not be given weight here.

Further the court declines to expend the extraordinary time to individually review 350 documents (Pl. Obj. SM 2d Order, Ex. G) which the Special Master ruled were "so intensely personal and so utterly irrelevant that [it] should be withheld from production" on the argued basis that in order to qualify for this protection, the document cannot involve anyone other than the defendants in the lawsuit and apparently, according to Plaintiffs, cannot involve more than two people.   (See Pl. Obj. SM Order at 10 ("[t]he Special Master accepted a 'privacy' claim, yet there are multiple individuals involved in the communications.")   This court rejects the rationale behind this objection.   The District Court's ruling did not include the words "confidential" or "private" or "privacy," although those terms were apparently used as shorthand by the defendants and the Special Master.   The key components of the documents which could be withheld on the basis of "private" or "privacy" are that the documents were about *intensely personal* matters that were *utterly irrelevant* to the lawsuit.   This could, and did, include such things as family or

5

friends' medical issues, marital situations, religious discussions, schooling and births of children -- all issues that might be of interest to a group of individuals but which are utterly irrelevant to the litigation and indeed are private, personal matters.   Further, the Special Master has taken the time to review each of the designated documents personally in camera and has ruled that the documents do qualify as intensely personal and utterly irrelevant.   There have been no grounds set forth which justify this court to second guess the Special Master's review.[2]   Therefore, Plaintiffs' objection on this basis is overruled and the documents will be withheld from production in accordance with the Special Master's findings and ruling.

> **A.      Documents Otherwise Subject to Attorney-Client or Work Product Protection Which Were Disclosed to Jim Youngman's Wife, Marisa Neuzil.**

Plaintiffs point to a number of email communications where Marisa Neuzil, neither an employee of Jaxon nor a party to this action, was one of several recipients but as to which the defendants have claimed both attorney client privilege and work product protection.   Citing *Kirzhner v.Silverstein*, 870 F. Supp. 2d 1145, 1153 (D. Colo. 2012) and *Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 406 (D. Kan. 1998), Defendants claim that the attorney client privilege is not waived when the holder of the privilege shares the information with his or her spouse.   Further, Defendants argue that the work product privilege is only waived if a disclosure is made to an adversarial third party.

---

[2] In spite of rejecting the plaintiffs' arguments for review, the court spot-checked approximately 10% of the documents listed and found no error whatsoever in the Special Master's conclusions with respect to this category of document.

Marisa Neuzil is the wife of co-defendant and Jaxon employee, James Youngman.   This court agrees that in the case of Mr. Youngman, if he had shared privileged information with his wife, for instance by forwarding an email to her that was otherwise protected by attorney client privilege, that forwarded email does not act as a waiver of the attorney client privilege.   This is precisely what happened with PJAX-03659798 (See Pl. Obj. SM Order at 10).   The document forwarded in this manner goes from one protected form, to wit: attorney client privileged, to another: spousal privilege.   However, none of the other objectionable documents contained on Plaintiffs' Exhibit C to their objections (*id*.) share this factual scenario.   Instead, it was another member of the original attorney client privilege holder group who shared the privileged communication with Marisa Neuzil.   For instance, PJAX-00043914 (duplicates PJAX-00061535; PJAX-01094961; PJAX-01732686; PJAX-01929033; PJAX-02811716; PJAX-03635246; PJAX-04554207; PJAX-04621436) is an email chain which begins with a February 3, 2011 email from attorney Odil to Joni White to which she replies the same day.   Shortly after Ms. White's response, attorney Odil again sends a continued email to Ms. White.   Up to this point in the email chain, the court's in camera review reveals that the communications are unquestionably protected by the attorney client privilege and are attorney work product as the communications constitute both attorney opinion and attorney advice for a case in litigation provided to client Joni White. *Wildearth Guardians v. United States Forest Serv*., 713 F. Supp. 2d 1243, 1266 (D. Colo. 2010). However, late in the evening the same day, Ms. White forwards her privileged communications with attorney Odil to Ms. Neuzil (the first name in the group) as well as to Jerry Lubell, John McClure, Chuck Rettig, Kelly Rice, Scott White, Randall White and Jim Youngman (at Mr.

Youngman's jaxon-em email address) with the cryptic message, "FYI…".   Therefore, this final communication is from Joni White as the sender sharing an otherwise privileged communication with Marisa Neuzil who is not Joni White's spouse, not a Jaxon employee and to whom no other claimed privilege flows.   The same situation is repeated on PJAX-00044857 (duplicates PJAX-00062478; PJAX-00757079; PJAX-01094461; PJAX-01731950; PJAX-01929152; PJAX-02125136; PJAX-02218214; PJAX-02810971; PJAX-04571258; PJAX-04635364), PJAX-00045157 (duplicates PJAX-00062778; PJAX-01092003; PJAX-02562862; PJAX-02808134; PJAX-03081270), PJAX-00045336 (duplicates PJAX-00062957; PJAX-00757067; PJAX-01092474; PJAX-02563033; PJAX-02807732), PJAX-00062292 (duplicates PJAX-00044671; PJAX-01094205; PJAX-01732071; PJAX-01929138; PJAX-02562815; PJAX-02562990; PJAX-02811046; PJAX-03081237; PJAX-03081348; PJAX-04570950; PJAX-04635708), PJAX-00062777 (duplicates PJAX-00045156; PJAX-00757077; PJAX-01731679; PJAX-01910470; PJAX-02125142; PJAX-02218220; PJAX-03654286; PJAX-04571713; PJAX-04635141), PJAX-02562861 (duplicates PJAX-01092002; PJAX-02562968; PJAX-02808096; PJAX-03081269; PJAX-03081361), PJAX-02562983 (duplicate PJAX-03081378), PJAX-02562994 (duplicate PJAX-03081352), PJAX-03635301 (no duplicates), PJAX-03635310 (no duplicates), and PJAX-03635547(no duplicates).

It is well-settled that when a client voluntarily discloses privileged communications to a third-party, the privilege is waived.   *Roe v. Catholic Health Initiatives Colorado*, 281 F.R.D. 632, 636 -637 (D. Colo. 2012); *Sedillos v. Bd. of Educ. of Sch. Dist. No. 1,* 313 F. Supp. 2d 1091, 1093

(D. Colo. 2004) ("the attorney-client privilege can be waived by [a]ny voluntary disclosure by the client of an otherwise privileged confidential communication   Because confidentiality is key to the privilege, "[t]he attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party."   *United States v. Ryans,* 903 F.2d 731, 741 n. 13 (10th Cir.1990) (citing *United States v. Bump,* 605 F.2d 548 (10th Cir.1979)). The Tenth Circuit continued,

> the confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived. The courts will grant no greater protection to those who assert the privilege than their own precautions warrant.

*Id.* (quotation and alteration omitted).   *See also United States v. Bernard,* 877 F.2d 1463, 1465 (10th Cir.1989) ("Any voluntary disclosure by the client is inconsistent with the attorney-client relationship and waives the privilege.").   Once a client has revealed privileged information to a third-party, the basic justification for the privilege no longer applies. *See* Comment, *Stuffing the Rabbit Back into the Hat: Limited Waiver of the Attorney–Client Privilege in an Administrative Agency Investigation,* 130 U. Pa. L.Rev. 1198, 1207 (1982).

Consequently, Joni White's voluntary disclosure of the privileged emails to non-party Marisa Neuzil waived the attorney client privilege on these email communications.   Therefore, the Special Master's finding of attorney client privilege on the following documents is reversed and Plaintiffs' objection is granted *in part* as to the following documents: PJAX-00043914 (duplicates PJAX-00061535; PJAX-01094961; PJAX-01732686; PJAX-01929033; PJAX-02811716; PJAX-03635246; PJAX-04554207; PJAX-04621436), PJAX-00044857 (duplicates PJAX-00062478; PJAX-00757079; PJAX-01094461; PJAX-01731950;

PJAX-01929152; PJAX-02125136; PJAX-02218214; PJAX-02810971; PJAX-04571258; PJAX-04635364), PJAX-00045157 (duplicates PJAX-00062778; PJAX-01092003; PJAX-02562862; PJAX-02808134; PJAX-03081270), PJAX-00045336 (duplicates PJAX-00062957; PJAX-00757067; PJAX-01092474; PJAX-02563033; PJAX-02807732), PJAX-00062292 (duplicates PJAX-00044671; PJAX-01094205; PJAX-01732071; PJAX-01929138; PJAX-02562815; PJAX-02562990; PJAX-02811046; PJAX-03081237; PJAX-03081348; PJAX-04570950; PJAX-04635708), PJAX-00062777 (duplicates PJAX-00045156; PJAX-00757077; PJAX-01731679; PJAX-01910470; PJAX-02125142; PJAX-02218220; PJAX-03654286; PJAX-04571713; PJAX-04635141), PJAX-02562861 (duplicates PJAX-01092002; PJAX-02562968; PJAX-02808096; PJAX-03081269; PJAX-03081361), PJAX-02562983 (duplicate PJAX-03081378), PJAX-02562994 (duplicate PJAX-03081352), PJAX-03635301 (no duplicates), PJAX-03635310 (no duplicates), and PJAX-03635547(no duplicates).

Given that the documents had been determined to be attorney client privileged by the Special Master on the First SM Order, the Defendants did not request that the documents be re-reviewed by the Special Master on the second review which included spousal and work product privileges.   However, on each of the documents, the work product doctrine had been asserted. (See Second SM Order, Ex. 1, blank boxes for second review for work product but indication that privilege had been asserted.)   The emails, as found by the court's *de novo* in camera review, constitute attorney work product, and in particular attorney opinion work product and therefore the

10

court's finding with respect to waiver of attorney client privilege is not determinative of whether the emails should be produced to Plaintiffs.

The attorney-client privilege and the work-product doctrine, though related, are two distinct concepts and waiver of one does not necessarily waive the other.   *See Carter v. Gibbs*, 909 F.2d 1450, 1451 (Fed.Cir.1990) (*en banc*), superseded in non-relevant part, Pub. L. No. 103-424, § 9(c), 108 Stat. 4361 (1994), as recognized in *Mudge v. United States*, 308 F.3d 1220, 1223 (Fed. Cir. 2002); *see also United States v. Nobles*, 422 U.S. 225, 238 n. 11 (1975).

The work product doctrine is codified in Fed. R. Civ. P. 26(b)(3) which provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent.).)"   Unlike the attorney-client privilege, which protects all communication whether written or oral, work-product immunity protects documents and tangible things, such as memorandums, letters, and e-mails.   *See generally Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366 (D.C. Cir. 2005).

In contrast to the attorney-client privilege, the work-product doctrine, or work-product immunity as it is also called, can protect documents that are both non-privileged and relevant. Fed. R. Civ. P. 26(b)(3).   Documents prepared in the ordinary course of business, however, are not protected as work product unless the proponent of the protection demonstrates that the documents would not have been created "but for" the prospect of litigation. *United States v. Adlman*, 134 F.3d 1194, 1202-1204 (2d Cir.1998) (*quoting Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947).

11

The work-product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *Adlman*, 134 F.3d at 1196.   As with the attorney client privilege, the work product doctrine is to be strictly construed, with the burden on the proponent to establish its applicability and non-waiver.   *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F .3d 180, 183 (2d Cir.2007) ("the party invoking the [work product] privilege bears the heavy burden of establishing its applicability.").

Work-product immunity promotes a fair and efficient adversarial system by protecting "the attorney's thought processes and legal recommendations" from the prying eyes of his or her opponent.   *Genentech*, 122 F.3d at 1415 (citations omitted).   As stated by the Supreme Court in *Hickman v. Taylor*, 329 U.S. at 511-14

> Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. . . .   Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten . . . .   Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial.   The effect on the legal profession would be demoralizing.   And the interests of the clients and the cause of justice would be poorly served.

*Id*.   *See also Nobles*, 422 U.S. at 237.   The work-product doctrine encourages attorneys to write down their thoughts and opinions with the knowledge that their opponents will not rob them of the fruits of their labor.   *Hickman*, 329 U.S. at 511.   "[A] common law trial is and always should be an adversary proceeding.   Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary .").   *Id*.

12

"The work-product privilege may be waived by the voluntary release of materials otherwise protected by it." *Grace United Methodist Church v. City of Cheyenne,* 451 F.3d 643, 668 (10th Cir. 2006) (quoting e.g., *Simmons, Inc. v. Bomardier, Inc.,* 221 F.R.D. 4, 8 (D.D.C. 2004)).

*In Chevron Corp. v. Stratus Consulting, Inc*., Case No. 10-cv-00047-MSK-MEH, 2010 WL 3923092, *9 (D. Colo. Oct. 1, 2010), the Colorado court noted that a Fifth Circuit related case put the issue succinctly, "[a]lthough work product immunity is not automatically waived by disclosure of protected material to third parties, disclosure does waive protection if it 'has substantially increased the opportunities for potential adversaries to obtain the information.' " *Id.* (quoting *Ecuadorian Plaintiffs v. Chevron Corp.,* No. 10–20389, 2010 WL 3491534, at *2 (5th Cir. 2010).

Defendant James Youngman is a former L-3 employee as are most of the defendants.   His wife, therefore, would clearly understand the ramifications of disclosure of protected, private information to anyone at L-3.   This court finds that the disclosure to James Youngman's wife, obviously a person closely allied with the Defendants and who had a personal interest in the litigation, has not in any manner increased the opportunity that L-3 would obtain the protected information.   Waiver of the work product doctrine is not implicated when disclosure is to a person holding a common interest in pursuing the pending civil litigation.   *Foster v. Hill (In re Foster),* 188 F.3d 1259, 1272 (10th Cir. 1999) (indicating that the work-product doctrine is affected when a disclosure is to an adversary).   *See also, Nobles*, 422 U.S. at 238 n. 11.   Therefore the court finds the work product protection for Mr. Odil and other attorney's opinion work product has not been waived by the minimal disclosure to the wife of a co-defendant in the emails cited by Plaintiffs.

13

Therefore, Plaintiffs' objections that work product protection was waived with respect to PJAX-00043914 (duplicates PJAX-00061535; PJAX-01094961; PJAX-01732686; PJAX-01929033; PJAX-02811716; PJAX-03635246; PJAX-04554207; PJAX-04621436), PJAX-00044857 (duplicates PJAX-00062478; PJAX-00757079; PJAX-01094461; PJAX-01731950; PJAX-01929152; PJAX-02125136; PJAX-02218214; PJAX-02810971; PJAX-04571258; PJAX-04635364), PJAX-00045157 (duplicates PJAX-00062778; PJAX-01092003; PJAX-02562862; PJAX-02808134; PJAX-03081270), PJAX-00045336 (duplicates PJAX-00062957; PJAX-00757067; PJAX-01092474; PJAX-02563033; PJAX-02807732), PJAX-00062292 (duplicates PJAX-00044671; PJAX-01094205; PJAX-01732071; PJAX-01929138; PJAX-02562815; PJAX-02562990; PJAX-02811046; PJAX-03081237; PJAX-03081348; PJAX-04570950; PJAX-04635708), PJAX-00062777 (duplicates PJAX-00045156; PJAX-00757077; PJAX-01731679; PJAX-01910470; PJAX-02125142; PJAX-00045156; PJAX-00757077; PJAX-01731679; PJAX-01910470; PJAX-02125142; PJAX-02218220; PJAX-03654286; PJAX-04571713; PJAX-04635141), PJAX-02562861 (duplicates PJAX-01092002; PJAX-02562968; PJAX-02808096; PJAX-03081269; PJAX-03081361), PJAX-02562983 (duplicate PJAX-03081378), PJAX-02562994 (duplicate PJAX-03081352), PJAX-03635301 (no duplicates), PJAX-03635310 (no duplicates), and PJAX-03635547(no duplicates) are overruled and the documents will be withheld from production to Plaintiffs.

### B.      Exhibit E – Spousal or Privacy Claims After Documents Shared with Third Parties

As to Section IV of Pl. Obj. SM Order, Plaintiffs are incorrect that the Special Master did

not recognize that in order to maintain spousal privilege, the communications between husband

and wife must have been intended to be confidential.   (See Second SM Order at 13-14.)   Further,

the Special Master indeed did give attention to the fact that business communications may be

exempt from claims of spousal privilege.   (*Id*.)   Notwithstanding, this court has reviewed in

camera the documents on Exhibit E to Pl. Objs. SM Order and finds as follows:

PJAX-0038666 and duplicate PJAX-00361119.   The Special Master found this document

to be subject to either the Spousal or Privacy protection. (Doc. No. 861-1 at 1122.)   After in

camera review the court agrees that this document is "so intensely personal and so utterly

irrelevant that [it] should be withheld from production."   The Plaintiffs' objection is overruled.

PJAX-00788237 (duplicates PJAX-00788237; PJAX-01515097; PJAX-01566112).   The

Special Master found this document to be "so intensely personal and so utterly irrelevant that [it]

should be withheld from production."   (Doc. No. 601-1 at 126.)[3]   After in camera review, this

court agrees.   The Plaintiffs' objection is overruled.

PJAX-00793142.   The Special Master found this document to be "so intensely personal

and so utterly irrelevant that [it] should be withheld from production."   (Doc. No. 601-1 at 131.)

After in camera review, this court agrees.   The Plaintiffs' objection is overruled.

---

[3] In the First SM Order spousal privilege was not considered by the Special Master so a positive
indication that the document must be withheld from production when the objections were both
spousal privilege and privacy could only have been based on the privacy definition.

PJAX-00770996.   The Special Master found this document to be attorney client privileged on the First SM Order. (Doc. No. 601-1 at 104.)   There was no additional ruling on any other privileges, including the asserted spousal privilege, asserted in the Second SM Order.   After in camera review, this court agrees that the document is subject to the attorney client privilege. The Plaintiffs' objection is overruled.

C.        *Exhibit H – Documents Not Ruled Upon by the Special Master.*

PJAX-00785137.   Duplicates PJAX-00933341; PJAX-01511864; PJAX-01562879; and PJAX-02853473.)   Ruled upon herein as part of Defendants' Objections.   The court finds this document is protected by attorney client privilege and the document and all its copies will be withheld from production to the plaintiffs.   (See *infra*.)

PJAX-00790474.   (Duplicates PJAX-00757227; PJAX-00770163; PJAX-01517073; PJAX-01568088; PJAX-02125298; PJAX-02218376.)   Defendants agree these documents do not need to be withheld from production.   Therefore, Plaintiffs' objections are sustained and the documents will be released to Plaintiffs.

PJAX-00790476.   (Duplicates PJAX-00757229; PJAX-00770165; PJAX-01517075; PJAX-01568090; PJAX-02125300; PJAX-02218378.)   Defendants agree these documents do not need to be withheld from production.   Therefore, Plaintiffs' objections are sustained and the documents will be released to Plaintiffs.

PJAX-01507595.   (Duplicates PJAX-00781175; PJAX-01274802.)   Defendants agree these documents do not need to be withheld from production.   Therefore, Plaintiffs' objections are sustained and the documents will be released to Plaintiffs.

16

PJAX-01514851. (Duplicate PJAX-00788473.)   Defendants agree these documents do not need to be withheld from production.   Therefore, Plaintiffs' objections are sustained and the documents will be released to Plaintiffs.

PJAX-02132291. (Duplicates PJAX-00762231; PJAX-01268351.)   Defendants agree these documents do not need to be withheld from production.   Therefore, Plaintiffs' objections are sustained and the documents will be released to Plaintiffs.

PJAX-02824211.   (Duplicates PJAX-01005505; PJAX-01012170; PJAX-01018896; PJAX-01025107; PJAX-01101119; PJAX-01102189; PJAX-01103431; PJAX-01104737; PJAX-01151751; PJAX-01158709; PJAX-01164637; PJAX-01172684; PJAX-02535421; PJAX-02820480; PJAX-02822210; and PJAX-02824949; PJAX-03424958.   Ruled upon herein as part of Defendants' Objections.   The court finds that PJAX-02824211 is protected by the attorney client and work product privileges and the document and all its copies will be withheld from production to the plaintiffs.   (See *infra*.)

PJAX- 03088001. (Duplicate PJAX-02573564; Special Master ruled "private." See Doc. No. 861-1 at 850).   The court agrees with the ruling of the Special Master on the duplicate document that these documents are so intensely private and utterly irrelevant that they should be withheld from production.   The Plaintiff's objection to these documents is overruled and this document and all copies will be withheld from production.

II.     **"Defendants' Objections to the Second Report, Findings of Fact, Conclusions of Law and Order of Special Master (ECF No. 861)" [Doc. No. 895]**

    A.     *Drafts of Pleadings.*

        1.     *Documents Marked With Electronic Indicia of Draft Status*

Defendants argue that many of the documents which appear to be pleadings are actually drafts of pleadings sent by the attorneys to the client for review prior to filing.

The Second SM Order stated,

> With regard to pleadings, when the defendants showed that they were exchanging unfiled pleadings with their attorney for discussion the Special Master generally found these pleadings to be privileged. However, when the pleadings were signed and sent or filed as shown by a certificate of mailing the Special Master generally found these pleadings not to be privileged since they were not intended to be confidential and were sent or filed.

(*Id.* at 4.)   The court agrees with this general methodology with one exception – the presence or absence of an executed certificate of mailing does not necessarily mean the document is in final form.

As a starting point, the court personally reviewed in camera the following documents: PJAX-01000432, PJAX-01001214, PJAX-01007098, PJAX-01007879, PJAX-01013824, PJAX-01014605, PJAX-01020816, PJAX-01086558, PJAX-01087344, PJAX-01088995, PJAX-01147460, PJAX-01153588, PJAX-01154418, PJAX-01160346, PJAX-01166841, PJAX-01167612, PJAX-01168393, PJAX-02799038, PJAX-02799766, and PJAX-02801053. Each of these documents was given hash value 37da21cc7a5591439f1b92d984c88f85 in the Iris Relativity Database meaning they were duplicates of one another.   Upon opening the documents in their native format, in this case in Microsoft Word, the court has determined that

all these documents are identical.   Further, the court noted that in the Microsoft Word program, the native creator software, each page of the document was marked in the upper right hand corner with what appeared to be an electronic stamp which appeared as follows:

DRAFT¶

(date)[4]¶

This stamp mark was not visible on any of the documents if the document was opened and reviewed in the Iris Relativity "viewer" mode which was used by the Special Master to view documents, regardless of whether the reviewer was looking at "draft," "preview," or "normal" view screens.

The same situation occurred with respect to documents PJAX-00906335, PJAX-00906415, PJAX-02805067, and PJAX-02805206 all of which were given hash value a114bbc2f147831bea9f5098c2aac006.   The court personally reviewed each of these documents and found them to be the duplicates of one another and again, when viewing the documents in the native format, Microsoft Word, the documents contained the electronic stamp in the upper right hand corner of each page:

DRAFT¶

(date)¶

---

[4] When opened in native format, the date changed to correspond to the date when the viewer – in this case the court – was looking at the document.   This is apparently done by a macro which activated upon opening the document in native format on the review's computer.

As a result of the Special Master viewing the document within the Iris Relativity database and not in native format he was unable to see the electronic stamp.[5]   The Special Master, not able to view the electronic DRAFT stamp on each page of the document, ruled that the document was not privileged based upon what he *could* see -- the electronically signed signature page and electronically signed certificate of mailing.

In reviewing the objections of Defendants the court encountered many more documents which, when opened in native format, all showed electronic stamps indicating the documents (and therefore all its duplicates) were drafts.   The following paragraphs outline the documents which have been personally viewed by the court and which have been held to be drafts because of the electronic stamp which appeared when the court opened the documents in Microsoft Word, outside of the Iris Relativity database:

PJAX-01110119 (hashtag 30c7d4cc53dbb36942bba5df4b7b639b and duplicates PJAX-01110121; PJAX-01111429; PJAX-01111433; PJAX-02843602; PJAX-02843604; PJAX-02845319; and PJAX-02845323); and PJAX-01167612 (hashtag 37da21cc7a5591439f1b92d984c88f85 and duplicates PJAX-01000432; PJAX-01001214; PJAX-01007098; PJAX-01007879; PJAX-01013824; PJAX-01014605; PJAX-01020816;

---

[5] The court notes that taking the time to view documents in their native format **significantly** increases the time to review the database documents.   When viewed in native format, the database program must send the document out of the database internet browser, to the actual computer where the reviewer is located and open the document in a completely different program, provided that the computer itself contains the software, e.g. Microsoft Word.   The security on most computers means that the reviewer must click through several warnings and alarms just to download the document.   It would have been unreasonable to expect the Special Master to open tens of thousands of documents in native format without a basis to understand that the Iris Relativity viewer was not apparently capable of translating certain electronic "stamps" placed on documents in their native format.

PJAX-01086558; PJAX-01087344; PJAX-01088995; PJAX-01147460; PJAX-01153588;

PJAX-01154418; PJAX-01160346; PJAX-01166841; PJAX-01168393; PJAX-02799038;

PJAX-02799766; and PJAX-02801053); and PJAX-03666356 (hashtag

4377d6766a0384576fffe24e8c913c0d and duplicates PJAX-00051348; PJAX-00068969;

PJAX-00757485; PJAX-00785299; PJAX-00914146; PJAX-00914242; PJAX-00979947;

PJAX-01511999; PJAX-01563014; PJAX-01742533; PJAX-01923200; PJAX-02125471;

PJAX-02218549; PJAX-02823025; PJAX-02823211; PJAX-02920762; and PJAX-03666358);

and PJAX-01562702 (hashtag6818aca6baf3ac1c45fd39d1865e76a8 and its duplicates

PJAX-00044672; PJAX-00062293; PJAX-00757085; PJAX-00761514; PJAX-00784995;

PJAX-01093162; PJAX-01094206; PJAX-01405043; PJAX-01405044; PJAX-01511687;

PJAX-01732072; PJAX-01929139; PJAX-02125135; PJAX-02133009; PJAX-02218213;

PJAX-02226087; PJAX-02562816; PJAX-02562934; PJAX-02562991; PJAX-02810061;

PJAX-02811047; PJAX-03081238; PJAX-03081326; PJAX-03081349; PJAX-03635548;

PJAX-03635549; PJAX-04570951; and PJAX-04635709); and PJAX-01000433 (hashtag

8f2450eef84f6bb9485f0e63803c73cf and duplicates PJAX-01007099; PJAX-01013825;

PJAX-01086559; PJAX-01110120; PJAX-01111431; PJAX-01153589; PJAX-01166842;

PJAX-01167613; PJAX-02799109; PJAX-02843603; and PJAX-02845321); and

PJAX-02215143 (hashtag #95c980bbc6085a709e96bb1be91f0e02 and duplicates

PJAX-00051361; PJAX-00068982; PJAX-00755997; PJAX-00785313; PJAX-00914112;

PJAX-00914220; PJAX-00979907; PJAX-01511981; PJAX-01562996; PJAX-01742507;

PJAX-01923143; PJAX-02122065; PJAX-02339370; PJAX-02823003; PJAX-02823184;

21

PJAX-02920701; PJAX-03666272; and PJAX-03666275); and PJAX-00916410 (hashtag

fce4921cac57b2c9dcafe38adac0ec53 and duplicates PJAX-00916390; PJAX-02829857; and

PJAX-02829877 contain the same or similar marking visible on the upper right corner.[6]

Documents PJAX-00065044 (hashtag 3a9c275aa4963d1e7a15c47f234e2bf2 and duplicates

PJAX-00047423; PJAX-00785041; PJAX-01109058; PJAX-01109404; PJAX-01511747;

PJAX-01562762; PJAX-01728513; PJAX-01728515; PJAX-01929109; PJAX-01929111;

PJAX-02839025; PJAX-02839337; PJAX-03490668; PJAX-03635516; and PJAX-03635518) are

electronically stamped on the upper left side as follows:

ATTORNEY-CLIENT PRIVILEGED
ATTORNEY WORK PRODUCT
DRAFT – 11/14/2011[7]

Documents PJAX-00064981 (hashtag # b456da05cda6ad5d38bf82a6312498aa and

duplicates PJAX-00047360; PJAX-00047379; PJAX-00064981; PJAX-00065000;

PJAX-00757191; PJAX-00785065; PJAX-01108985; PJAX-01108996; PJAX-01109275;

PJAX-01109295; PJAX-01511721; PJAX-01562736; PJAX-01728442; PJAX-01728444;

PJAX-01728464; PJAX-01728466; PJAX-01929065; PJAX-01929067; PJAX-01929071;

PJAX-01929073; PJAX-02125205; PJAX-02218283; PJAX-02838952; PJAX-02838963;

---

[6] The court only opened documents in the native format when it was not clear from the face of the document that it was a draft version.   To the extent the court does not comment on the "draft" electronic stamp, the inference should be that the document was clearly a draft on its face and opening the document in native format merely to ascertain whether there was a draft marking was unnecessary and a waste of the court's time.   This should in no way indicate that the document, however, did not contain the draft stamp which would have been visible in native format.

[7] This stamp was apparently not subject to a "macro" which would change the date when the document was opened in native format and this was the actual date which appeared on the stamp.

PJAX-02839432; PJAX-02839452; PJAX-03635468; PJAX-03635470; PJAX-03635474; and PJAX-03635476) were marked as above except that the Draft Date is 11/11/2011.

Documents PJAX-01001968 (hashtag #d92e109c045aeda17bab248475052813 and duplicates PJAX-00045790; PJAX-00063411; PJAX-00757057; PJAX-01008633; PJAX-01015359; PJAX-01021570; PJAX-01088095; PJAX-01089286; PJAX-01148214; PJAX-01155172; PJAX-01161100; PJAX-01169147; PJAX-01730685; PJAX-01929142; PJAX-02125163; PJAX-02218241; PJAX-02562942; PJAX-02562955; PJAX-02799018; PJAX-02800057; PJAX-02801888; PJAX-03081329; PJAX-03081390; PJAX-03635552; PJAX-03635553; and PJAX-04634468) are marked with electronic stamps on both the left and right sides as follows

ATTORNEY CLIENT PRIVILEGED COMMUNICATION          DRAFT
ATTORNEY WORK PRODUCT                              (DATE)

Finally, Documents PJAX-03081330 (hashtag f41c77813312ba7f80782cb23b4ef611 and duplicates PJAX-00046080; PJAX-00063701; PJAX-00787050; PJAX-01516253; PJAX-01567268; PJAX-01730266; PJAX-01915634; PJAX-02562944; PJAX-02562959; PJAX-03081330; PJAX-03081394; PJAX-03653342; PJAX-03653343; and PJAX-04634011) are electronically marked at the bottom center

DRAFT (7-22-11)
ATTORNEY CLIENT PRIVILEGE
ATTORNEY WORK PROCUCT

Further, depending on what the Draft document was, the court was sometimes able to compare the draft documents with the respective final filings which were ultimately filed in the

case and which appear on the public record.   The court personally noted differences between many of the documents marked with the draft stamps and the documents which were filed and made part of the record of the case, therefore supporting the claim that the unfiled documents were, indeed, drafts.[8]

All the documents for which the court has noted the presence of a draft stamp are documents which were part of communications with the defendants' attorneys and within which the clients were providing input to their attorneys.   Therefore they are both attorney-client privileged and work product privileged.   Therefore, the Defendants' objections to the Special Master's determinations as to all the above referenced electronically marked documents are sustained and the documents shall be withheld from production.

### 2.   *Draft Documents Not Electronically Marked.*

The court personally reviewed each of the following documents which did not contain electronic stamps but which Ms. Custer represented were nevertheless draft documents.

PJAX-00980719 (hashtag 1f2d3233e54009e64e014420e77e2c59 and duplicates PJAX-00051560; PJAX-00069181; PJAX-00836324; PJAX-00846982; PJAX-00857436; PJAX-00902935; PJAX-00940048; PJAX-00940092; PJAX-00961291; PJAX-00984936; PJAX-01742738; PJAX-01923540; PJAX-02799605; PJAX-02860180; PJAX-02860224; and PJAX-03666709) is clearly a draft of a document later filed with the court as represented by Ms. Custer in her Affidavit ¶ 6.   The document is subject to both attorney client and work product

---

[8] See also Declaration of Kathleen Kramer Custer, [Doc. No. 895-2] who performed the same type of side-by-side review.

protection.   Therefore, the Defendants' objection to the Special Master's determinations as to this document and its copies is sustained and the documents shall be withheld from production.

PJAX-00064995 (hashtag 243c4a6fea208de783b6675f92b095aa and its duplicates PJAX-00047374; PJAX-00047382; PJAX-00065003; PJAX-00785058; PJAX-01108992; PJAX-01108998; PJAX-01109290; PJAX-01109298; PJAX-01511732; PJAX-01562747; PJAX-01728455; PJAX-01728459; PJAX-01728469; PJAX-01728473; PJAX-01864719; PJAX-01929184; PJAX-01929188; PJAX-01929193; PJAX-01929197; PJAX-02838959; PJAX-02838965; PJAX-02839447; PJAX-02839455; PJAX-03499453; PJAX-03504369; PJAX-03635344; PJAX-03635348; PJAX-03635353; PJAX-03635357; and PJAX-04384996) is clearly a draft response to discovery and is therefore covered by attorney client and work product privilege.   Therefore the defendants' objections are sustained as to this document and all its copies and the documents will be withheld from production to the Plaintiffs.

PJAX-00919519 (hashtag 2985f1840915663ce7e7d00c1744e642 and duplicates PJAX-00919530; PJAX-02834537; and PJAX-02834551) is clearly a draft of a document which was later filed or anticipated to be filed with the court and is covered by both the attorney client and work product privileges.   Therefore, the defendants' objections to the Special Master's ruling are sustained and neither the document nor any copies will be produced to Plaintiffs.

PJAX-00914256 (hashtag 35fa51bbd9953729c427ec5a712e0f91 and duplicates PJAX-00914272; PJAX-01611346; PJAX-02823245; and PJAX-02823261) is clearly a draft of a document which was later filed or anticipated to be filed with the court and is covered by both the

attorney client and work product privileges.   Therefore, the defendants' objections to the Special

Master's ruling is sustained and neither the document nor any copies will be produced to Plaintiffs.

PJAX-01109062 (hashtag  abbc3b9a21cf86c8672d5daaececada0 and duplicates

PJAX-00047441; PJAX-00065062; PJAX-00785034; PJAX-01109413; PJAX-01511749;

PJAX-01562764; PJAX-01728525; PJAX-01728530; PJAX-01929127; PJAX-01929132;

PJAX-02839029; PJAX-02839346; PJAX-03635536; and PJAX-03635541.   This document is

entitled Defendants' Responses to Plaintiffs' Revised First Set of Interrogatories to Defendants.

There is no marking on the document in native format which denotes that the document is a draft.

There is likewise nothing in the body of the documents which would lead a viewer to suspect this

was not a final copy.   Because it is a discovery response, the court was unable to compare this

document to one on file with the court.[9]   The document is signed and the certificate of mailing is

fully completed.   The Special Master repeatedly rejected coverage for attorney client or work

product protection on the document and copies.   This court agrees with the Special Master.

Therefore, the objection of Defendants is overruled and the document and all copies shall be

produced to Plaintiffs.

PJAX-00908031 (hashtag  cc5e66d6fcd8253f2d9302f42e1eeaba and duplicates

PJAX-00908176; PJAX-02799364; PJAX-02813552; and PJAX-02813697) has been personally

reviewed and, with knowledge of the litigation, is clearly a document prepared to assist in the

litigation.   The Special Master rejected the document for both attorney client and work product

---

[9] The court has not reviewed all exhibits to each and every filing in the case and this would be
extraordinarily tedious and time consuming.   To the extent a final version which is different from
the version at issue here is actually on file, the court was not referred specifically to that document
by Defendants.

privilege.   The court finds document is protected as work product.   Therefore the objection to the Special Master's ruling is sustained and the document and all copies will be withheld from production to the Plaintiffs.

### 3.    Excel Spreadsheets Classified By Defendants as Drafts.

In the Affidavit of Kathleen Kramer Custer [Doc. No. 895-2] ("Custer Aff."), Ms. Custer claims that certain additional documents "are drafts of pleadings or discovery responses that are different from the final versions that were filed and/or served in this case.   (*Id*.at ¶ 6.)   The first document listed is PJAX-01108993 (hashtag 045e3c8523639a38d5119a7e89b1d535 and duplicates PJAX-00047375; PJAX-00047377; PJAX-00047383; PJAX-00047385; PJAX-00053534; PJAX-00053535; PJAX-00064996; PJAX-00064998; PJAX-00065004; PJAX-00065006; PJAX-00071155; PJAX-00071156; PJAX-00785055; PJAX-00785056; PJAX-00785059; PJAX-00785061; PJAX-01108995; PJAX-01108999; PJAX-01109001; PJAX-01109004; PJAX-01109005; PJAX-01109291; PJAX-01109293; PJAX-01109299; PJAX-01109301; PJAX-01109306; PJAX-01109307; PJAX-01511729; PJAX-01511730; PJAX-01511733; PJAX-01511735; PJAX-01562744; PJAX-01562745; PJAX-01562748; PJAX-01562750; PJAX-01728456; PJAX-01728458; PJAX-01728460; PJAX-01728462; PJAX-01728470; PJAX-01728472; PJAX-01728474; PJAX-01728476; PJAX-01728481; PJAX-01728482; PJAX-01728485; PJAX-01728486; PJAX-01864720; PJAX-01864722; PJAX-01929185; PJAX-01929187; PJAX-01929189; PJAX-01929191; PJAX-01929194; PJAX-01929196; PJAX-01929198; PJAX-01929200; PJAX-01929204; PJAX-01929205; PJAX-01929208; PJAX-01929209; PJAX-02342703; PJAX-02342704; PJAX-02838960;

PJAX-02838962; PJAX-03499454; PJAX-03499456; PJAX-03504370; PJAX-03504372; and PJAX-3635364).   The court's review of PJAX-01108993 reveals that this document is an excel spreadsheet and not a draft of any document.   The defendants' Exhibit 1 to Deft. Obj. SM Order shows that the spreadsheet consistently was rejected by the Special Master as protected by either work product or attorney client privilege except for one instance (PJAX-03635364) where the document was originally accepted as attorney client privileged but later rejected as work product. This court agrees with the majority of the Special Master's rulings that this spreadsheet is neither attorney client privileged nor work product.   Therefore the defendants' objections are overruled. The document is not subject to privilege and it and all its duplicates, including those listed above, will be unsealed and released to the Plaintiffs.

The court also reviewed the following excel spreadsheets which Ms. Kramer categorized as drafts and protected as work product.   (Custer Aff. ¶ 6)

PJAX-00919537 ( hashtag 0caa147230e93a0ae23045ad77483159 and duplicates PJAX-00919522; PJAX-02834540; PJAX-02834548)   For the same reasons set forth above, the court again agrees with the rulings of the Special Master.   Therefore the Defendants' objections are overruled.   The documents are not subject to privilege and it and all its duplicates, including those listed above, will be unsealed and released to the Plaintiffs.

PJAX-01000404 (hashtag 1870df737b50c3b02589b1c12e465923 and duplicates PJAX-01007070; PJAX-01013796; PJAX-01086530; PJAX-01109748; PJAX-01110628; PJAX-01153560; PJAX-01166813; PJAX-01167584; PJAX-01914169; PJAX-01914170; PJAX-02799157; PJAX-02843231; PJAX-02844494; PJAX-03652040; and PJAX-03652041) is

a spreadsheet.   PJAX-00795903 (hashtag 4889d95b6580a6427622dd0b85555283 and its duplicates PJAX-01522366; PJAX-01573381; PJAX-02176118; PJAX-02269196) is only a slight variation.   All copies of theses document which were reviewed were rejected by the Special Master as not covered by either attorney client privilege or work product privilege.   These documents are entitled Jaxon Contract Log and the court finds no argument which would indicate the document is subject to privilege and therefore upholds the Special Master's rulings.   The defendants' objections as to these documents and all duplicates are overruled and the documents and all copies will be made available to Plaintiffs.

PJAX-00919561 and its duplicate PJAX-02834818 is an excel spreadsheet which the Special Master rejected as not covered by either attorney client or work product privilege.   The court finds no argument which would indicate the document is subject to privilege and therefore upholds the Special Master's ruling.   The defendants' objection as to this document and its duplicate is overruled and the document and its copy will be made available to Plaintiffs.

PJAX-00910398 (hashtag 1e8c3e223e5deb62c7972e3dc1addb3e and duplicates PJAX-00910436; PJAX-00922812; PJAX-00922837; PJAX-02819711; PJAX-02819749; PJAX-02838625; and PJAX-02838650) is another spreadsheet.   Each time the document was considered by the Special Master it was rejected for privilege except on PJAX-00910398 where, in Second SM Order, the line was left blank. The court finds no argument which would indicate the document is subject to privilege and therefore upholds the Special Master's rulings with respect to the copies he considered.   The defendants' objection as to this document and its duplicates is overruled and the document and its copies will be made available to Plaintiffs.

PJAX-00866713 (hashtag 24be94a45819c3cdf95bb078c55c8392 and duplicates PJAX-00902290; PJAX-00962478; PJAX-00973909; PJAX-00980330; and PJAX-02795710) is an excel spreadsheet.   Each time the document was considered by the Special Master it was rejected as not covered by either the attorney client privilege or the work product privilege.   The court agrees with the Special Master.   Therefore, the defendants' objections to this document and its copies are overruled and the document and all copies shall be released to the Plaintiffs.

PJAX-00941994 and its duplicate PJAX-02862582 is an excel spreadsheet.   The document was rejected by the Special Master as not covered by attorney client privilege and was not ruled upon during the second review for work product privilege.   The court finds no argument which would indicate the document is subject to privilege and therefore upholds the Special Master's ruling and additionally finds the document is not subject to the work product privilege. The defendants' objection as to this document and its duplicate is overruled and the document and its copy will be made available to Plaintiffs.

PJAX-00922838 (hashtag 6f62e2501511c40db4b7d231faa3fa8a and duplicates PJAX-00836007; PJAX-00846663; PJAX-00857113; PJAX-00902623; PJAX-00922813; PJAX-00960978; PJAX-00980405; PJAX-00984619; PJAX-02799271; PJAX-02838626;and PJAX-02838651) is an excel spreadsheet considered by the Special Master and rejected as not covered by either the attorney client privilege or the work product privilege.   The court agrees with the Special Master.   Therefore, the defendants' objections to this document and its copies are overruled and the document and all copies shall be released to the Plaintiffs.

PJAX-00866705 (hashtag 73346a64e9e47084902b3e14e9e6f75f and duplicates PJAX-00902284; PJAX-00962472; PJAX-00973901; PJAX-00980322; and PJAX-02795704) is an excel spreadsheet considered by the Special Master and was rejected as not covered by either the attorney client privilege or the work product privilege each time they were reviewed.   The court agrees with the Special Master.   Therefore, the defendants' objections to this document and its copies are overruled and the document and all copies shall be released to the Plaintiffs.

PJAX-01109048 (hashtag 8e1fb2a2175eb2b9e17b6dc0a4dce1c9 and duplicates PJAX-00757176; PJAX-01109388; PJAX-01929212; PJAX-01929216; PJAX-02125216; PJAX-02218294; PJAX-02839015; PJAX-02839408; PJAX-03635372; and PJAX-03635376) is a similar excel spreadsheet.   The document was considered by the Special Master and was rejected as covered by neither the attorney client privilege nor the work product privilege.   The court agrees with the Special Master.   Therefore, the defendants' objections to this document and its copies are overruled and the document and all copies shall be released to the Plaintiffs.

PJAX-01914206 (hashtag 977cc2f76befb72ee5a2b529ae648760 and duplicates PJAX-01914207; PJAX-01963357; PJAX-02050290; PJAX-03651964; PJAX-03651965; PJAX-03671387; PJAX-03672558; and PJAX-04385011 is an excel spreadsheet which was considered by the Special Master and rejected as not covered by the work product privilege. However, upon review the court has considered the content of the spreadsheet with particularity, especially with respect to several of the specific columns, and it appears to the court that this spreadsheet was prepared to assist attorneys in the litigation and should be covered by the work

product privilege.   Therefore, the defendants' objection is sustained and the document and each copy will be withheld from production.

PJAX-00906315 (hashtag 9a71846db5519e2e061a5dec32c256a3 and duplicates PJAX-00906356; PJAX-02805047; and PJAX-02805089) is an excel spreadsheet considered by the Special Master and rejected as not covered by either the attorney client privilege or the work product privilege.   The court agrees with the Special Master.   Therefore, the defendants' objections to this document and its copies are overruled and the document and all copies shall be released to the Plaintiffs.

PJAX-01020549 (hashtag 9a9352988318c3fc8c45cb6d0a37d8ec and duplicates PJAX-01085764; PJAX-01154152; PJAX-01160083; PJAX-01166608; and PJAX-02795693) is a spreadsheet considered by the Special Master and rejected as not covered by attorney client or the work product privilege each time a duplicate was reviewed.   However, considering the content of the spreadsheet, in particular several of the columns within, it appears to the court that this spreadsheet was prepared to assist attorneys in the litigation and should be covered by the work product privilege.   Therefore, the objection is sustained and the document and all its copies will be withheld from production.

PJAX-01110195 (hashtag  9be70667fb5cb8d74c2d13b543ce3f91 and duplicates PJAX-00769244; PJAX-00785021; PJAX-01111615; PJAX-01511703; PJAX-01562718; PJAX-01602849; PJAX-01602850; PJAX-01914995; PJAX-01914996; PJAX-02134992; PJAX-02228070; PJAX-02843678; PJAX-02845086; PJAX-03652423; PJAX-03652424; PJAX-04633606) ) is an excel spreadsheet considered by the Special Master and rejected as not

32

covered by the attorney client or work product privilege.   The court agrees with the Special

Master.   Therefore, the defendants' objections to this document and its copies are overruled and

the document and all copies shall be produced to the Plaintiffs.

PJAX-00937235 (hashtag a3ab6abfffc32456ae010826d0d563be and duplicates

PJAX-00938318; PJAX-01914186; PJAX-01914188; PJAX-02857367; PJAX-02858450;

PJAX-03651944; PJAX-03651946; and PJAX-03668156 is an excel considered by the Special

Master and rejected as not covered by either the attorney client or work product privilege each time

they were reviewed.   However, considering the content of the spreadsheet, in particular several of

the columns within, it appears to the court that this spreadsheet was prepared to assist attorneys in

the litigation and should be covered by the work product privilege.   Therefore, the objection is

sustained and the document and each copy will be withheld from production.

PJAX-01109009 (hashtag  af7d624c1b71b7ec698b61f0e3d84764 and duplicates

PJAX-00757186; PJAX-00769783; PJAX-00785045; PJAX-01109316; PJAX-01511743;

PJAX-01562758; PJAX-02125210; PJAX-02135637; PJAX-02218288; PJAX-02228715;

PJAX-02838976; and PJAX-02839365 ) is an excel considered by the Special Master and was

rejected as not covered by the attorney client or work product privilege.   The court agrees with the

Special Master.   Therefore, the defendants' objections to this document and its copies are

overruled and the document and all copies will be released to Plaintiffs.

PJAX-02795703 (hashtag c80a12faa043a56fb38d8054f025d11e and its duplicates

PJAX-00866703; PJAX-00902282; PJAX-00962470; PJAX-00973899; and PJAX-00980320) is

an excel spreadsheet considered by the Special Master and rejected as not covered by the attorney

client or work product privilege.   The court agrees with the Special Master.   Therefore, the defendants' objections to this document and its copies are overruled and the document and all copies will be released to Plaintiffs.

PJAX-00866704 (hashtag  da8abb2e6342dd59b9d34f28e5032ffb and duplicates PJAX-00902283; PJAX-00962471; PJAX-00973900; PJAX-00980321; and PJAX-02795705) is an excel spreadsheet.   The Special Master separately reviewed both the document and several of the copies, making consistent findings that the documents were neither covered by the attorney client nor work product privilege.   The court agrees with the Special Master.   Therefore, the defendants' objections to this document and its copies are overruled and the document and all copies will be released to Plaintiffs.

PJAX-00866712 (hashtag  f765c81b1c10d81c44c629cc3c0d3de9 and duplicates PJAX-00876067; PJAX-00902289; PJAX-00940488; PJAX-00940517; PJAX-00949747; PJAX-00960900; PJAX-00962477; PJAX-00973908; PJAX-00980329; PJAX-02795708; PJAX-02796321; PJAX-02860778; and PJAX-02860807) is an excel spreadsheet considered by the Special Master on both the first report and the second reports and consistently rejected as neither covered by the attorney client nor work product privilege.   The court agrees with the Special Master.   Therefore, the defendants' objections to this document and its copies are overruled and the document and all copies will be released to Plaintiffs.

## B.   *Documents Created in Anticipation of Litigation*

The Special Master set forth the parameters of the work product protection in Second SM Order at 9-10.   The court agrees with the legal analysis of the Special Master.

In her sworn Declaration, Ms. Custer [Doc. No. 895-2] avered that each of many separately listed documents were "documents created by Defendants for or at the direction of counsel and/or in anticipation of litigation.   (*Id*. at ¶ ¶ 7-8.)   The court has individually reviewed the documents listed in this Section to determine whether the documents should be protected as work product and gives weight, where warranted, to Ms. Custer's opinion as to the work product protection. However this court's job is not to accept blindly the conclusions of counsel.   This court has conducted many hearings in this case and understands the issues presented.

All of the documents in this section were rejected by the Special Master as covered by any privilege but have inconsistent rulings on duplicates.   The court examined every document and has listed duplicates for the documents and taken a random sampling of the duplicates to ascertain the Special Master's rulings as to the copies.   After review the court finds the following:

PJAX-00960856 (duplicate PJAX-00962481); PJAX-02799436 (no duplicates), PJAX-02342706 (no duplicates), PJAX-00949728 (no duplicates) and PJAX-01730171(no duplicates).   This court finds these documents to be privileged under the work product doctrine in that each document was prepared because of the litigation and are clearly documents created to assist in the preparation and presentation of the case, and not documents created for the operation of the business.   Therefore, the Defendants' objections to the Special Master's findings are sustained and the documents and any duplicates will be withheld and not produced to the Plaintiffs.

Document PJAX-00836173 (duplicates PJAX-00846831; PJAX-00857285; PJAX-00902788; PJAX-00930039; PJAX-00930245; PJAX-00961144; PJAX-00980571;

PJAX-00984785; PJAX-01002827; PJAX-01009492; PJAX-01016218; PJAX-01022429; PJAX-01096483; PJAX-01098144; PJAX-01149073; PJAX-01156031; PJAX-01161959; PJAX-01170006; PJAX-02562931; PJAX-02563022; PJAX-02799519; PJAX-02814935; PJAX-02815722; PJAX-03081345; PJAX-03081405; and PJAX-03433978).   The court has reviewed this document and its duplicates and could find no instance where the Special Master found the documents to be privileged.   The court agrees with the Special Master that this document is not subject to either the attorney client privilege or the work product doctrine.   This document does not appear on its face, even with the special knowledge of this Magistrate Judge, to be a document created in anticipation of litigation.   It is an inventory list for certain "off the shelf" equipment apparently owned or leased by the Defendant Jaxon.   The court therefore overrules Defendants' objections to the Second SM Order and the document and all copies will be produced to the Plaintiffs.

Document PJAX-00050991 and its duplicates PJAX-00068612; PJAX-00930252 and PJAX-02850384 (attorney client and work product privileged Doc. No. 861-1 at 1305). The court has reviewed this document and its duplicates and finds that the work product privilege applies to this document as found by the Special Master on PJAX-02850384.   Therefore, Defendants' objection is sustained and PJAX-00050991 and its duplicates will be withheld from discovery and not produced to Plaintiffs.

PJAX-00942020 and its duplicates PJAX-00068612 (not attorney client privileged Doc. No. 601-1 at 54; no ruling on Second SM Order); PJAX-00930252 (not attorney client or work product privileged Doc. No. 861-1 at 1138) and PJAX-02850384 (attorney client and work

product privileged Doc. No. 861-1 at 1305). The court has reviewed this document and finds that it is subject to both the attorney client privilege and the work product doctrine. Therefore, Defendants' objection is sustained and PJAX-00942020 and its duplicates will be withheld from discovery and not produced to Plaintiffs.

PJAX-00902298 and its duplicates PJAX-00757408 (attorney client privileged Doc. No. 601-1 at 88); PJAX-007852300075 (attorney client privileged Doc. No. 601-1 at 120); PJAX-00939224 (attorney client privileged Doc. No. 601-1 at 232); PJAX-01512006 (attorney client privileged Doc. No. 601-1 at 364); PJAX-01563021(attorney client privileged Doc. No. 601-1 at 364); PJAX-02125445; PJAX-02218523; PJAX-02795335; PJAX-02859356; PJAX-03120983; and PJAX-03462185. The court has reviewed this document and finds that it is subject to both the attorney client privilege and the work product doctrine. Therefore, Defendants' objection is sustained and PJAX-00902298 and its duplicates will be withheld from discovery and not produced to Plaintiffs.

PJAX-00938096 and its duplicates PJAX-00757225 (attorney client privileged Doc. No. 601-1 at 82); PJAX-02125259 (attorney client privileged Doc. No. 601-1 at 447); PJAX-02218337 (attorney client privileged Doc. No. 601-1 at 461); and PJAX-02858227(attorney client privileged Doc. No. 601-1 at 554). The court has reviewed this document and its duplicates and finds that the attorney client privilege applies to this document as found by the Special Master on all the duplicates. Therefore, Defendants' objection is sustained and PJAX-00938096 and its duplicates will be withheld from discovery and not produced to Plaintiffs.

PJAX-00906328 and its duplicates PJAX-00906383 (attorney client privileged Doc. No.

601-1 at 181) PJAX-00927856 (attorney client privileged Doc. No. 601-1 at 211); PJAX-02805060; PJAX-02805115; and PJAX-02847988.   The court has reviewed this document and its duplicates and finds that the attorney client privilege applies to this document as found by the Special Master on several duplicates.   Therefore, Defendants' objection is sustained and PJAX-00906328 and its duplicates will be withheld from discovery and not produced to Plaintiffs.

PJAX-00836018 and its duplicates PJAX-00836018; PJAX-00842482 (attorney client privileged Doc. No. 601-2 at 144); PJAX-00846674 (not attorney client or work product privileged Doc. No. 861-1 at 1128); PJAX-00849962 (attorney client privileged Doc. No. 601-2 at 156); PJAX-00857124 (not attorney client or work product privileged Doc. No. 861-1 at 1130); PJAX-00859948; PJAX-00869343;PJAX-00902634; PJAX-00916017;PJAX-00916250 PJAX-00960989; PJAX-00980416; PJAX00984630; PJAX-01000325; PJAX-01001637; PJAX-01006991; PJAX-01008302; PJAX-01013717; PJAX-01015028; PJAX-01021239; PJAX-01086451; PJAX-01087764; PJAX-01089153; PJAX-01147883; PJAX-01153481; PJAX-01154841; PJAX-01166734; PJAX-01167505; PJAX-01168816; PJAX-01730675; PJAX-01740073; PJAX-02562873; PJAX-02562940; PJAX-02799016; PJAX-02799349; PJAX-02799924; PJAX-02829649; PJAX-03081280; PJAX-03081327; and PJAX-03661177. The court has reviewed this document and its duplicates and finds that the attorney client privilege and the work product privilege apply to this document as found by the Special Master on several duplicates.   Therefore, Defendants' objection is sustained and PJAX-00836018 and its duplicates will be withheld from discovery and not produced to Plaintiffs.

PJAX-00919106 and duplicates PJAX-00919150; PJAX-01740278 (attorney client

privileged Doc. No. 601-1 at 432); PJAX-01928983; PJAX-02050291 (not attorney client or work product protected Doc. No. 861-1at 1226); PJAX-02834124; PJAX-02834169; PJAX-03635210; PJAX-03635211; PJAX-03672596; and PJAX-04385004.   The court has reviewed this document and its duplicates and finds that the work product privilege applies.   Therefore, Defendants' objection is sustained and PJAX-00919106 and its duplicates will be withheld from discovery and not produced to Plaintiffs.

PJAX-00916974 and duplicates PJAX-00048785 (attorney client privileged 601-1 at 16); PJAX-00066406 (attorney client privileged 601-1 at 49); PJAX-00842736; PJAX-00850216; PJAX-00860202; PJAX-00869597; PJAX-00916939; PJAX-00954928; PJAX-00967833; PJAX-00976568; PJAX-00990314; PJAX-01745546; PJAX-01791369; PJAX-01929098; PJAX-01929099; PJAX-02830414; PJAX-02830464; PJAX-03635503; PJAX-03635504; PJAX-04371130 (attorney client and work product privileged Doc. No. 861-1 at 1323).   The Special Master held several copies of this document to be privileged under both attorney client and work product.   The court concurs with the Special Master's rulings about this document and finds that PJAX-00916974 is protected by the attorney client and work product privileges.   The defendants' objection is sustained and the document and all its copies will be withheld from production to the plaintiffs.

PJAX-02824211 (no ruling by Special Master on work product) and duplicates PJAX-01005505 (attorney client privileged Doc. No. 601-1 at 287); PJAX-01012170 (attorney client privileged Doc. No. 601-1 at 291); PJAX-01018896; PJAX-01025107; PJAX-01101119; PJAX-01102189; PJAX-01103431; PJAX-01104737; PJAX-01151751 (attorney client privileged

Doc. No. 601-1 at 291); PJAX-01158709; PJAX-01164637; PJAX-01172684; PJAX-02535421; PJAX-02820480; PJAX-02822210; and PJAX-02824949 (attorney client privileged Doc. No. 601-1 at 515); PJAX-03424958 (attorney client and work product privileged Doc. No. 861-1 at 1055).   The Special Master held copies of this document to be privileged under both attorney client and work product.   The court concurs with the majority of the Special Master's rulings about this document and finds that PJAX-02824211 is protected by the attorney client and work product privileges.   The defendants' objection is sustained and the document and all its copies will be withheld from production to the plaintiffs.

PJAX-00933339 and its duplicate PJAX-02853471 (attorney client privileged Doc. No. 601-1 at 548).   After review, the court finds that this document is both attorney client and work product protected.   The defendants' objection is sustained and PJAX-00933339 and all its copies will be withheld from production to the plaintiffs.

PJAX-00908993 and duplicates PJAX-00770821 (attorney client privileged Doc. No. 601-1 at 103); PJAX-00797037; PJAX-00908993; PJAX-00909117; PJAX-01523704 (attorney client privileged Doc. No. 861-1 at 1193); PJAX-01574719; PJAX-02136843; PJAX-02176126; PJAX-02229921 (attorney client privileged Doc. No. 861-1 at 1284) ; PJAX-02269204; PJAX-02814757; PJAX-02814881 (attorney client privileged Doc. No. 601-1 at 507).   The Special Master held copies of this document to be privileged under both attorney client and work product.   The court concurs with the majority of the Special Master's rulings about this document and finds that PJAX-00908993 is protected by the attorney client and work product privileges. The defendants' objections are sustained and PJAX-00908993 and all its copies will be withheld

from production to the plaintiffs.

PJAX-00916971 and its duplicates PJAX-00048768; PJAX-00048781; PJAX-00066389; PJAX-00066402; PJAX-00842722; PJAX-00842734 (attorney client and work product privileged Doc. No. 861-1 at 243); PJAX-00850202; PJAX-00850214; PJAX-00860188; PJAX-00860200; PJAX-00869583; PJAX-00869595; PJAX-00916925 (attorney client privileged Doc. No. 601-1 at 200); PJAX-00916937; PJAX-00916973(not attorney client or work product protected Doc. No. 861-1 at 1136); PJAX-00937887; PJAX-00954914; PJAX-00954926; PJAX-00967819; PJAX-00967831; PJAX-00976554; PJAX-00976566; PJAX-00990300; PJAX-00990312; PJAX-01730082; PJAX-01730083; PJAX-01737748; PJAX-01929085; PJAX-01929086; PJAX-01929091; PJAX-01929095; PJAX-02830411; PJAX-02830413; PJAX-02830450; PJAX-02830462; PJAX-02858019 (attorney client privileged Doc. No. 601-1 at 552); PJAX-03635490; PJAX-03635491; PJAX-03635496; and PJAX-03635500.   The Special Master held copies of this document to be privileged under both attorney client and work product.   The court concurs with the majority of the Special Master's rulings about this document and finds that PJAX-00916971 is protected by the attorney client and work product privileges.   The defendants' objection is sustained and PJAX-00916971 and all its copies will be withheld from production to the plaintiffs.

PJAX-00785137 and duplicates PJAX-00933341 (not privileged Doc. No. 861-1 at 365); PJAX-01511864 (attorney client privileged Doc. No. 861-1 at 1185); PJAX-01562879 (attorney client privileged Doc. No. 861-1 at 1163);and PJAX-02853473 (attorney client privileged Doc. No. 601-1 at 548). The Special Master held some copies of this document to be attorney client

privileged and some not.   The court concurs with the Special Master's rulings that the document is protected by attorney client privilege.   The defendants' objections are sustained and the document and all its copies will be withheld from production to the plaintiffs.

PJAX-02934707 and duplicates PJAX-0091506162879 (attorney client privileged Doc. No. 601-1 at 195); PJAX-00915258 (attorney client privileged Doc. No. 601-1 at 196); PJAX-00962304; PJAX-02826863 (attorney client privileged Doc. No. 601-1 at 516; and PJAX-02826961.   The Special Master held copies of this document to be attorney client privileged.   The court concurs with the majority of the Special Master's rulings about this document and finds that PJAX-02934707 is protected by the attorney client privilege and Defendants' objection is sustained.   PJAX-02934707 and all its copies will be withheld from production to the plaintiffs.

PJAX-00980690 and duplicates PJAX-00836295(attorney client privileged Doc. No. 601-1 at 136); PJAX-00846953; PJAX-00857407; PJAX-00902906 (work product privileged Doc. No. 861-1 at 295); PJAX-00937600; PJAX-00938697(attorney client privileged Doc. No. 601-1 at 229); PJAX-00961262; PJAX-00984907; PJAX-02799230(attorney client privileged Doc. No. 601-1 at 490); PJAX-02857732; and PJAX-02858828.   The Special Master held copies of this document to be attorney client and work product privileged.   The court concurs with the majority of the Special Master's rulings about this document and finds that PJAX-00980690 is protected by the attorney client and work product privileges and Defendants' objection is sustained.   PJAX-00980690 and all its copies will be withheld from production to the plaintiffs

PJAX-00937155 and duplicates PJAX-00048725 (attorney client privileged Doc. No.

601-1 at 16); PJAX-00066346; PJAX-00757276; PJAX-00785088; PJAX-00836050 (attorney

client privileged Doc. No. 601-1 at 135); PJAX-00846706; PJAX-00857157; PJAX-00902666;

PJAX-00937848; PJAX-00937850; PJAX-00961021; PJAX-00980448; PJAX-00984662;

PJAX-01511806; PJAX-01562821 (attorney client privileged Doc. No. 601-1 at 372);

PJAX-01729989; PJAX-01729993; PJAX-01918895; PJAX-01918899; PJAX-02125335

(attorney client privileged Doc. No. 601-1 at449); PJAX-02218413; PJAX-02799243;

PJAX-02857287; PJAX-02857980; PJAX-02857982; PJAX-03659211 (attorney client privileged

Doc. No. 601-1 at 620).   The Special Master held copies of this document to be attorney client

privileged.   The court concurs with the majority of the Special Master's rulings about this

document and finds that PJAX-00937155 is protected by the attorney client privilege and

Defendants' objection is sustained.   PJAX-00937155 and all its copies will be withheld from

production to the plaintiffs.

PJAX-00933347 (not work product Doc. No. 861-1 at 365) and its duplicate

PJAX-02853479 (attorney client privileged Doc. No. 601-1 at 548).   The Special Master held the

copy of this document to be attorney client privileged.   The court finds that the document is both

attorney client and work product protected and Defendants' objection is sustained.

PJAX-00933347 and its copy will be withheld from production to the plaintiffs.

PJAX-00846811 and duplicates PJAX-00797115 (attorney client privileged Doc. No.

601-1 at 133); PJAX-00836153; PJAX-00857265; PJAX-00902769 (not attorney client or work

product privileged Doc. No. 861-1 at 293 and 601-1 at 177); PJAX-00906324 (not work product

Doc. No. 861-1 at 300) ; PJAX-00906374; PJAX-00961124; PJAX-00980551 (work product

privileged Doc. No. 861-1 at 443); PJAX-00984765; PJAX-01523625; PJAX-01574640 (attorney client privileged Doc. No. 861-1 at 1201); PJAX-02799276; PJAX-02805056; and PJAX-02805106 (attorney client privileged Doc. No. 601-1 at 496).   The court finds that this spreadsheet is neither attorney client privileged nor is it work product privileged.   Therefore the defendants' objections are overruled and PJAX-00846811 and its duplicates will be produced to Plaintiffs.

PJAX-00923100 and duplicates PJAX-00836387 (attorney client privileged Doc. No. 601-1 at 136); PJAX-00847046; PJAX-00857500; PJAX-00902998 (attorney client privileged Doc. No. 601-1 at 178); PJAX-00923128(not attorney client privileged Doc. No. 601-1 at 178; not work product Doc. No. 861-1 at 341); PJAX-00940433 (not attorney client privileged Doc. No. 601-1 at 239); PJAX-00961354; PJAX-00980782; PJAX-00984999*; PJAX-02839652; PJAX-02839680; and PJAX-02860698 (attorney client privileged Doc. No. 601-1 at 564).   ).   The Special Master made inconsistent rulings on the various copies he reviewed of this document. After review, this court finds that the document is work product protected and Defendants' objections are sustained.   PJAX-00923100 and all its copies will be withheld from production to the plaintiffs.

PJAX-00907400 and duplicates PJAX-00785291; PJAX-00798684; PJAX-00836434; PJAX-00836445; PJAX-00847734; PJAX-00847745 (attorney client privileged Doc. No. 601-1 at 151); PJAX-00907046; PJAX-00907057(attorney client privileged Doc. No. 601-1 at 183); PJAX-00907403(neither work product nor attorney client protected Doc. No. 861-1 at 1134); PJAX-01511937; PJAX-01525132; PJAX-01562952 (attorney client privileged Doc. No. 601-1 at

375); PJAX-01576147; PJAX-02808792(attorney client and work product protected Doc. No. 861-1 at 1299); PJAX-02808795; PJAX-02808911; and PJAX-02808922.   The majority of the Special Master's rulings on this document were that the document was privileged as a "family member" of a withheld document.   This court disagrees.   The court finds that the document is not subject to either attorney client or work product protection.   The defendants' objections are overruled and PJAX-00907400 and all copies will be produced to Plaintiffs.

PJAX-00941996 (denied protection on both first and second SM reports) and its duplicate PJAX-02862585 (attorney client protected Doc. No. 601-1 at 565).   Although the Special Master was inconsistent in his rulings on this version of this document, the majority of the time he found versions of this same document to be both attorney client and work product protected.   The court agrees that this document is protected by attorney client and work product privileges. Defendants' objection is sustained.   PJAX-00941996 and its copy will be withheld from production to the plaintiffs.

PJAX-00866721 and duplicates PJAX-00902295 (not privileged Doc. No. 601-1 at 176; same Doc. No. 861-1 at 292); PJAX-00962484 (not privileged Doc. No. 601-1 at 252; same Doc. No. 861-1 at 411); PJAX-00973917 (not privileged Doc. No. 601-1 at 261; same Doc. No. 861-1 at 426); PJAX-00980338 (not privileged Doc. No. 601-1 at 271; same Doc. No. 861-1 at 442); PJAX-02795711 (attorney client privileged Doc. No. 601-1 at 489).   Only once did the Special Master hold this document to be privileged (PJAX-02795711).   Every other time, the document was reviewed the Special Master it not to be privileged.   However, numerous versions of this document have been held to be privileged and this court finds that the document is subject to work

product privilege.   Defendants' objections are sustained and PJAX-00866721 and all copies will be withheld from production to Plaintiffs.

PJAX-00930041 and its duplicates PJAX-00051014; PJAX-00068635 (attorney client privileged Doc. No. 601-1 at 55); PJAX-00785283; PJAX-00785286; PJAX-00930041; PJAX-00930254; PJAX-01511943 (attorney client privileged Doc. No. 601-1 at 362); PJAX-01511945; PJAX-01562958; PJAX-01562960; PJAX-02850173 (attorney client privileged Doc. No. 861-1 at 1304); PJAX-02850386; PJAX-02910532 (attorney client privileged Doc. No. 601-1 at 566).   The Special Master held copies of this document to be attorney client privileged. The court finds that the document is both attorney client and work product protected and Defendants' objection is sustained.   PJAX-00930041 and all its copies will be withheld from production to the plaintiffs.

PJAX-00974247 and duplicates PJAX-00757348 (attorney client privileged Doc. No. 601-1 at 86); PJAX-00757358; PJAX-00771106; PJAX-00771272; PJAX-00785195; PJAX-00840415; PJAX-00847422; PJAX-00857881(attorney client and work product privileged Doc. No. 861-1 at 268); PJAX-00867276; PJAX-00903602; PJAX-00906542; PJAX-00952756 (attorney client and work product privileged Doc. No. 861-1 at 395); PJAX-00965512; PJAX-00987993; PJAX-01511885; PJAX-01562900 (not attorney client privileged Doc. No. 601-1 at 373); PJAX-02125376 (not attorney client privileged Doc. No. 601-1 at 449); PJAX-02125390; PJAX-02136556; PJAX-02137339; PJAX-02165642; PJAX-02218454; PJAX-02218468; PJAX-02229634; PJAX-02230417; PJAX-02258720; PJAX-02805274; and PJAX-02805391.   Although the Special Master was somewhat inconsistent in his rulings on this

document, the great majority of the time he found copies of the document to be both attorney client and work product protected.   The court agrees that this document is protected by attorney client and work product privileges.   Defendants' objections are sustained.   PJAX-00974247 and all its copies will be withheld from production to the plaintiffs.

### C.      Emails

PJAX-00928833.      Defendant claims that PJAX-01022528 is a duplicate of this document.   [Doc. No. 895-1 at 2.]   However, in camera review has determined that the two documents are not the same, nor are the hash values.   The relativity database indicates that the duplicate of PJAX-00928833 is PJAX-02849277 and after in camera review, the court determines that ; PJAX-00928833 and PJAX-02849277 (protected by the work product doctrine Doc. No. 601-1 at 539) are duplicates.   Having reviewed PJAX-00928833 this court finds that the document is subject to the work product privilege.   Defendant's objection to the rejection of PJAX-00928833 is sustained, and this document and its duplicates will be withheld from production to Plaintiffs.

PJAX-03635667 and PJAX-03635664 and PJAX-03635666.   Defendant claims that PJAX-01109316 is a duplicate of this document.   [Doc. No. 895-1 at 3.].   However, in camera review has determined that the two documents are not the same, nor are the hash values.   The relativity database indicates that the duplicates of PJAX- 03635667 are PJAX-01196524 (attorney client privilege applies Doc. No. 601-1 at 341; not reviewed in Doc. No. 895-1 at 555), PJAX-01929426 (privileged under work product Doc. No. 861-1 at 1179), PJAX-04553824 (privileged under work product Doc. No. 861-1 at 1340), PJAX-04620954 (work product applies,

Doc. No. 861-1 at 1350) and PJAX-04669342 (work product applies Doc. No 861-1. at 1365) and

after in camera review, the court determines that the relativity database is correct.   The court

reviewed this document in conjunction with the following documents: PJAX-003635664 (the

forwarded portion of PJAX-03635667), PJAX-003635666 (a responsive email by the same author

as PJAX 03635667) and PJAX-01196529(attorney email).

 After performing this extensive review, this court agrees that PJAX-03635667 is

privileged pursuant to the work product privilege as found by the Special Master's on several

duplicate documents.   The court finds that PJAX-003635664 and PJAX-003635666 should also

be afforded the protection of the work product privilege.   Therefore, the defendants' objection to

the Special Master's report that PJAX-03635667 is not privileged is sustained and

PJAX-03635667 and all duplicates as noted herein will be withheld from production to the

plaintiffs.   For the same reasons, the objections to PJAX-03635664 and PJAX-03635666 are also

sustained and those documents also will be withheld from production as covered by the work

product privilege and will not be produced to the plaintiffs.

 PJAX-01196505.   Defendants claims that PJAX-01162255 is a duplicate of this

document.   [Doc. No. 895-1 at 4.].   However, in camera review has determined that the two

documents are not the same, nor are the hash values.   The relativity database indicates that the

duplicates of PJAX- 01196505 are PJAX-01748068 (work product privilege applies Doc. No.

861-1 at 1219); PJAX-01929400 (privileged as attorney client Doc. 861-1 at 1178);

PJAX-03635641(protected by attorney client privilege Doc. No. 861-1 at 1315); PJAX-04553798

(attorney client privileged Doc. 861-1 at 1339); PJAX-04620928 (attorney client privileged Doc.

861-1 at 1349); and PJAX-04669316 (attorney client privileged Doc. 861-1 at 1364) and after in

camera review, the court determines that the relativity database is correct.   Randy White attests

that this document was prepared for and provided to the patent attorneys for purposes of obtaining

legal advice. (Randy White Affidavit, Defts. Obj., Ex. 3 at 2.)   The court agrees with the Special

Master's determination on duplicate documents that this document is protected by the

attorney-client privilege.   This court also finds that the work product privilege applies to this

document and all its duplicates.   Therefore the objection to the Special Master's ruling on

PJAX-01196505 is sustained and that document, and all duplicates thereof, will be withheld from

production and will not be produced to the plaintiffs.

PJAX-01949004.      Defendants claim that PJAX-01164637 is a duplicate of this

document.   [Doc. No. 895-1 at 4.].   However, in camera review has determined that the two

documents are not the same, nor are the hash values.   The relativity database indicates that the

duplicate of PJAX-01949004 is PJAX-03671806 (attorney client and work product privileges

apply 895-1 at 1322) and after in camera review, the court determines that the relativity database is

correct.   This court finds that the Special Master was correct in its ruling on PJAX-03671806 and

that the same would be true of the duplicate, PJAX-01949004.   Therefore the objection to the

Special Master's ruling on PJAX-01949004 is sustained and that document, and all duplicates

thereof, will be withheld from production and will not be produced to the plaintiffs.

PJAX-01016321 and PJAX-01022532 and PJAX-02815665       Defendants claim that

PJAX-01171591 is a duplicate of these documents.   [Doc. No. 895-1 at 4.].   However, in camera

review has determined that the two documents are not the same, nor are the hash values.   The

relativity database indicates that the duplicates of PJAX-01022532 and PJAX-01016321 and PJAX-02815665 (all duplicates) include PJAX-01002930 (attorney client privileged Doc. No. 601-1 at 285; no change in Doc. No. 861-1 at 463); PJAX-01009595(attorney client privileged Doc. No. 601-1 at 290; no change in Doc. No. 861-1 at 471); PJAX-01096640 (attorney client privileged Doc. No. 601-1 at 310; no change in Doc. No. 861-1 at 504); PJAX-01149176 (attorney client privileged Doc. No. 601-1 at 323; no change in Doc. No. 861-1 at 526); PJAX-01156134 (attorney client privileged Doc. No. 601-1 at 328; no change in Doc. No. 861-1 at 534); PJAX-01162062 (attorney client privileged Doc. No. 601-1 at 333; no change in Doc. No. 861-1 at 542); and PJAX-01170109 (attorney client privileged Doc. No. 601-1 at 338; no change in Doc. No. 861-1 at 550) and after in camera review, the court determines that the relativity database is correct.   This court finds that the Special Master was correct in his rulings with respect to the duplicate documents and that the documents are attorney client privileged documents.   Therefore the objections to the Special Master's rulings on PJAX-01016321 and PJAX-01022532 and PJAX-02815665 are overruled and those documents, and all duplicates thereof, will not be produced to the plaintiffs.

PJAX-01211485 and PJAX-03635661.      Defendants claims that PJAX-01511732 is a duplicate of this document.   [Doc. No. 895-1 at 5.].   However, in camera review has determined that the two documents are not the same, nor are the hash values.   The relativity database indicates that the duplicates of PJAX-01211485 and PJAX-3635661 (which are duplicates of each other) are PJAX-01745152 (privileged under attorney client and work product Doc. No. 861-1 at 1218); PJAX-01929420 (privileged as attorney client and work product material Doc. No. 861-1 at 1179);

50

PJAX-04553814 (privileged under attorney client and work product Doc. No. 861-1 at 1339);

PJAX-04620948 (privileged under attorney client and work product Doc. No. 861-1 at 1350);

PJAX-04669332 (privileged under attorney client and work product Doc. No. 861-1 at 1365) and

after in camera review, the court determines that the relativity database is correct.   The Special

Master found the documents privileged when reviewed on the duplicates.   Only on

PJAX-01211485 and PJAX-0 3635661 did he find the document to be not protected.   Randy

White attests that these documents were prepared for and provided to the patent attorneys for

purposes of obtaining legal advice. (Randy White Affidavit, Defts. Obj., Ex. 3 at 2.)   I find the

Special Master's findings that the duplicates are protected by the attorney client and work product

privileges to be the correct one.   Therefore, the defendants' objections to the Special Master's

ruling on PJAX-01211485 and PJAX-3635661 are sustained and those documents, and all

duplicates thereof, will be withheld from production and will not be produced to the plaintiffs.

PJAX-00967577        Defendants claims that PJAX-02125300 is a duplicate of this

document.   [Doc. No. 895-1 at 6.].   However, in camera review has determined that the two

documents are not the same, nor are the hash values.   The relativity database indicates that the

duplicates of PJAX-00967577 are PJAX-00842480; PJAX-00849960; PJAX-00859946;

PJAX-00869341; PJAX-00916050; PJAX-00954672; PJAX-00967577; PJAX-00976312;

PJAX-00990058; PJAX-02829692 and after in camera review, the court determines that the

relativity database is correct.   It is unnecessary for the court to determine the Special Master's

ruling on the duplicate documents in this case.   The defendants assert there is no ruling on the

asserted objections on the Special Master's Second SM Order and that the Special Master erred

when he rejected the claim of attorney client privilege in his First Report.   [Doc. No. 895-1 at 6.] I find the document is clearly subject to the attorney client privilege.   Therefore, the defendants' objection to the Special Master's ruling on PJAX-00967577 is sustained and PJAX-00967577 and all duplicates thereof, will be withheld from production and will not be produced to the plaintiffs.

PJAX-00763582;   Defendants claims that PJAX-02822210 is a duplicate of this document.   [Doc. No. 895-1 at 7.].   However, in camera review has determined that the two documents are not the same, nor are the hash values.   The relativity database indicates that the duplicates of PJAX-00763582 are PJAX-01265361 (attorney client privileged upon review Doc. No. 861-1 at 1157); PJAX-02130958 (attorney client privileged upon review Doc. No. 861-1 at 1245); PJAX-02224036 (attorney client privileged upon review Doc. No. 861-1 at 1273) and after in camera review, the court determines that the relativity database is correct.   The defendants assert there is no ruling on the privilege assertion in the Second SM Order and that the Special Master erred when he rejected the claim of attorney client privilege in his First Report.   [Doc. No. 895-1 at 7.]   I find the Special Master's findings that the duplicates are protected by the attorney client privilege to be the correct one.   Therefore, the defendants' objection to the Special Master's ruling on PJAX-00763582 is sustained and PJAX-00763582 and all duplicates thereof, will be withheld from production and will not be produced to the plaintiffs.

PJAX-00069193   ; Defendants claims that PJAX-02824949 is a duplicate of this document.   [Doc. No. 895-1 at 12.].   However, in camera review has determined that the two documents are not the same, nor are the hash values.   The relativity database indicates that the duplicate of PJAX-00069193 is PJAX-00051572 (attorney client privileged upon review Doc. No.

601-1 at 635) and after in camera review, the court determines that the relativity database is correct. The defendants assert there is no ruling on the privilege assertion in the Second SM Order and that the Special Master erred when he rejected the claim of attorney client privilege in his First Report.  [Doc. No. 895-1 at 12.]   I find the Special Master's findings that the duplicate is protected by the attorney client privilege to be the correct one.   Therefore, the defendants' objection to the Special Master's ruling on PJAX-00069193 is sustained and PJAX-00069193 and all duplicates thereof, will be withheld from production and will not be produced to the plaintiffs.

PJAX-00932978.        Defendants claim that PJAX-04639291 is a duplicate of this document.  [Doc. No. 895-1 at 13.]   However, in camera review has determined that the two documents are not the same, nor are the hash values.   The relativity database indicates that the duplicates of PJAX-00932978 are PJAX-01211726 (attorney client privileged after review Doc. No. 861-1 at 559; ); PJAX-02851956 (not attorney client privileged Doc. No. 601-1 at 547); PJAX-04566979 (attorney client privileged 861-1 at 1344); PJAX-04639291(attorney client privileged 861-1 at 1362); PJAX-04684429 (not attorney client privileged Doc. No. 861-1 at 1369) and after in camera review, the court determines that the relativity database is correct.   Randy White attests that this document was prepared for and provided to the patent attorneys for purposes of obtaining legal advice. (Randy White Affidavit, Defts. Obj., Ex. 3 at 2.)   After in camera review I find that the document is subject to the attorney client privilege and that the Special Master was correct in his ruling that certain duplicates were privileged.   Therefore the defendant's objection to the Special Master's Report is sustained and the document PJAX-00932978 and all

duplicates thereof including PJAX-01211726; PJAX-02851956; PJAX-04566979;

PJAX-04639291; and PJAX-04684429will not be released to the plaintiffs.

PJAX-01211486 Defendants claims that PJAX-01929415 is a duplicate of this document. [Doc. No. 895-1 at 9.].   However, in camera review has determined that the two documents are not the same, nor are the hash values.   The relativity database indicates that the duplicates of PJAX-01211486 are PJAX-01748072 (attorney client and work product privileged 861-1 at 1220); PJAX-01760530 (attorney client and work product privileged 861-1 at 1220); PJAX-01929415(attorney client and work product privileged 861-1 at 1179); PJAX-03635656 (not attorney client privileged 601-1; not attorney client or work product privilege Doc. No. 861-1 at 1075); PJAX-04378709 (attorney client and work product privileged 861-1 at 1329); PJAX-04553813 (attorney client and work product privileged 861-1 at 1339); PJAX-04620943 (attorney client and work product privileged 861-1 at 1350); PJAX-04669331 (attorney client and work product privileged 861-1 at 1365) and after in camera review, the court determines that the relativity database is correct.   Randy White attests that this document was prepared for and provided to the patent attorneys for purposes of obtaining legal advice. (Randy White Affidavit, Defts. Obj., Ex. 3 at 2.)   I find the Special Master's findings that most of the duplicates are protected by the attorney client privilege and the work product privilege to be the correct one. Therefore, the defendants' objections to the Special Master's ruling on PJAX-01211486 and PJAX-03635656 are sustained and PJAX-01211486 and PJAX-03635656 and all duplicates thereof, will be withheld from production and will not be produced to the plaintiffs.

PJAX-01746244.        Defendants claim that PJAX-00836791 is a duplicate of this document.   [Doc. No. 895-1 at 9].   However, in camera review has determined that the two documents are not the same, nor are the hash values.   The relativity database indicates that the duplicates of PJAX-01746244 are PJAX-00836791 (attorney client privileged 601-1 at 138); PJAX-00918924 (attorney client privileged 601-1 at 202); PJAX-02833999 (attorney client privileged 601-1 at 523) and after in camera review, the court determines that the relativity database is correct.   I find the Special Master's findings that duplicates are protected by the attorney client privilege to be the correct one.   Therefore, the defendants' objection to the Special Master's ruling on PJAX-01746244 is sustained and PJAX-01746244 and all duplicates thereof, will be withheld from production and will not be produced to the plaintiffs.

PJAX-01211484 and PJAX-03635660.        Defendants claim that PJAX-01929419 is a duplicate of this document.   [Doc. No. 895-1 at 9.].   However, in camera review has determined that the two documents are not the same, nor are the hash values.   The relativity database indicates that the duplicates of PJAX-01211484 are PJAX-01748071 (does not appear on either special master report); PJAX-01929419 (attorney client and work product privileged 861-1 at 1179); PJAX-03635660 (not privileged Doc. No. 601-1 at 609; no change in Doc. No. 861-1 at 1076); PJAX-04553815(attorney client and work product privileged 861-1 at 1339); PJAX-04620947(attorney client and work product privileged 861-1 at 1350) ; PJAX-04669333 (attorney client and work product privileged 861-1 at 1365) and after in camera review, the court determines that the relativity database is correct.   Randy White attests that this document was prepared for and provided to the patent attorneys for purposes of obtaining legal advice. (Randy

White Affidavit, Defts. Obj., Ex. 3 at 2.)   I find the Special Master's findings that most of the duplicates are protected by the attorney client privilege and the work product privilege to be the correct one.   Therefore, the defendants' objections to the Special Master's ruling on PJAX-01211484 and PJAX-036355660 are sustained and PJAX-01211484 and PJAX-03635660 and all duplicates thereof, will be withheld from production and will not be produced to the plaintiffs.

PJAX-01211562 and PJAX-03635658.     Defendants claims that PJAX-01748069 (attorney client and work product privileged 861-1 at 1219) is a duplicate of these documents. [Doc. No. 895-1 at 11.].   In camera review has determined that the three documents are the same. The relativity database indicates that additional duplicates of PJAX-01211562 and PJAX-03635658 are PJAX-01929417 (attorney client and work product privileged 861-1 at 1179); PJAX-04553816 (attorney client and work product privileged 861-1 at 1339); PJAX-04620945 (attorney client and work product privileged 861-1 at 1350); and PJAX-04669334 (attorney client and work product privileged 861-1 at 1365).   Randy White attests that this document was prepared for and provided to the patent attorneys for purposes of obtaining legal advice. (Randy White Affidavit, Defts. Obj., Ex. 3 at 2.)   I find the Special Master's findings that all of the duplicates are protected by the attorney client privilege and the work product privilege to be the correct one.   Therefore, the defendants' objections to the Special Master's ruling on PJAX-01211562 and PJAX-03635658 are sustained and PJAX-01211562 and PJAX-03635658 and all duplicates thereof, will be withheld from production and will not be produced to the plaintiffs.

56

PJAX-00929192.        Defendants claims that PJAX-02849514 (attorney client and work product privileged 861-1 at 1304) is a duplicate of this document [Doc. No. 895-1 at 11] and the relativity database indicates that this is the only duplicate.   In camera review confirms the documents are duplicates.   I find the Special Master's finding with respect to PJAX-00929192 that the documents are not attorney client privileged or work product privileged to be the correct one.   Therefore, the defendants' objections to the Special Master's ruling on PJAX-00929192 and its duplicate PJAX-02849514 are overruled and PJAX-00929192 and PJAX-02849514 will be released from seal and will be produced to the plaintiffs.

PJAX-00761671.        Defendants claims that PJAX-02132850 (attorney client privileged 861-1 at 1248) is a duplicate of this document [Doc. No. 895-1 at 12.] and in camera review confirms that the two documents are duplicates.   Additionally, the relativity database indicates that PJAX-02225928 (attorney client privileged 861-1 at 1276) is also a duplicate of the two and the court's in camera review confirms this as well.   I find the Special Master's findings that all of the duplicates are protected by the attorney client privilege to be the correct one.   Therefore, the defendants' objection to the Special Master's ruling on PJAX-00761671 is sustained and PJAX-00761671 and all duplicates thereof, will be withheld from production and will not be produced to the plaintiffs.

PJAX-01196493, PJAX-03635629, PJAX-04553786, PJAX-04669304 and PJAX-04620916.        Defendants claims that PJAX-01929388 (attorney client and work product privileged 861-1 at 1178) is a duplicate of these documents [Doc. No. 895-1 at 12] and in camera review shows that the documents are duplicates of one another.   The Special Master found on all

but one of the copies of this document were neither attorney client privileged nor work product privileged. Randy White attests that these documents were prepared for and provided to the patent attorneys for purposes of obtaining legal advice. (Randy White Affidavit, Defts. Obj., Ex. 3 at 2.) I find the Special Master's lone finding that the document is attorney client privileged and work product privileged to be the correct one. Therefore, the defendants' objection to the Special Master's ruling on PJAX-01196493, PJAX-03635629, PJAX-04553786, PJAX-04669304 and PJAX-04620916 is sustained and PJAX-01196493, PJAX-03635629, PJAX-04553786, PJAX-04669304 and PJAX-04620916 along with the duplicate PJAX-01929388 will be withheld from production and will not be produced to the plaintiffs.

### D.    Draft Patent Claim Charts for Re-Examination Prepared by Mckenna Long & Aldridge, Llp

Mark R. Kresloff, an attorney with McKenna Long & Aldridge, LLP lists 128 documents as draft patent claim charts for the re-examination proceedings of the '989 and '916 patents prepared by his law firm.   (Deft. Obj., Ex. 3 at 1, 3-4.)   Therefore, the documents are protected by both the attorney client and the work product privileges.

The court has reviewed each of the 128 documents and finds no cause to disagree with the characterization by Mr. Kresloff.   Mr. Kresloff states that as to each of the documents, the draft version listed below is different than the actual document filed at the Patent and Trademark Office and, as to 42 of the 128, the differences are substantial.[10]   Therefore, the court sustains the

---

[10]  The court does not have access to the filings at the PTO so has not been able to perform a side by side review of the documents.

defendants' objections and the following documents which include the identified 128 documents and all their copies, will not be produced to the Plaintiffs:

PJAX-00064854 (duplicates PJAX-00047181; PJAX-00047233; PJAX-00053492; PJAX-00064802; PJAX-00071113; PJAX-01085810; PJAX-01728193; PJAX-01728210; PJAX-01913535; PJAX-01913552; PJAX-01913750; PJAX-01913767; PJAX-01963348; PJAX-02050306; PJAX-02342699; PJAX-02795406; PJAX-03657375; PJAX-03657532; PJAX-03671402; PJAX-03671562; PJAX-03672573; and PJAX-04416244);

PJAX-01916060 (duplicates PJAX-00048124; PJAX-00065745; PJAX-00919185; PJAX-00919191; PJAX-01916062; PJAX-02834203; PJAX-02834210; and PJAX-03658486);

PJAX-01728194 (duplicates PJAX-00047182; PJAX-00047234; PJAX-00053493; PJAX-00064803; PJAX-00064855; PJAX-00071114; PJAX-01085811; PJAX-01728211; PJAX-01913536; PJAX-01913553; PJAX-01913751; PJAX-01913768; PJAX-01963349; PJAX-02050307; PJAX-02342700; PJAX-02795407; PJAX-03498480; PJAX-03657376; PJAX-03657533; PJAX-03671403; PJAX-03671563; PJAX-03672574; and PJAX-04416245);

PJAX-01728191 (duplicates PJAX-00047179; PJAX-00047231; PJAX-00053490; PJAX-00064800; PJAX-00064852; PJAX-00071111; PJAX-01085808; PJAX-01728208; PJAX-01913533; PJAX-01913550; PJAX-01913748; PJAX-01913765; PJAX-01963346; PJAX-02050304; PJAX-02342697; PJAX-02795404; PJAX-03498478; PJAX-03657373; PJAX-03657530; PJAX-03671400; PJAX-03671560; PJAX-03672571; and PJAX-04416242;

PJAX-01728190 (duplicates PJAX-00047178; PJAX-00047230; PJAX-00053489; PJAX-00064799; PJAX-00064851; PJAX-00071110; PJAX-01085807; PJAX-01728207;

PJAX-01913532; PJAX-01913549; PJAX-01913747; PJAX-01913764; PJAX-01963345; PJAX-02050303; PJAX-02342696; PJAX-02795403; PJAX-03657372; PJAX-03657529; PJAX-03671399; PJAX-03671559; PJAX-03672570; and PJAX-04416241);

PJAX-00064847 (duplicates PJAX-00047174; PJAX-00047226; PJAX-00053485; PJAX-00064795; PJAX-00071106; PJAX-01085803; PJAX-01728186; PJAX-01728203; PJAX-01913528; PJAX-01913545; PJAX-01913743; PJAX-01913760; PJAX-01963341; PJAX-02050299; PJAX-02342692; PJAX-02795399; PJAX-03657368; PJAX-03657525; PJAX-03671395; PJAX-03671555; PJAX-03672566; and PJAX-04416237);

PJAX-00064846 (duplicates PJAX-00047173; PJAX-00047225; PJAX-00053484; PJAX-00064794; PJAX-00071105; PJAX-01085802; PJAX-01728185; PJAX-01728202; PJAX-01913527; PJAX-01913544; PJAX-01913742; PJAX-01913759; PJAX-01963340; PJAX-02050298; PJAX-02342691; PJAX-02795398; PJAX-03498479; PJAX-03657367; PJAX-03657524; PJAX-03671394; PJAX-03671554; PJAX-03672565; and PJAX-04416236);

PJAX-01109328 (duplicates PJAX-00047403; PJAX-00047841; PJAX-00065024; PJAX-00065462; PJAX-01109013; PJAX-01728595; PJAX-01728597; PJAX-01929281; PJAX-02342690; PJAX-02838980; PJAX-02839377; PJAX-03635259; and PJAX-03635261);

PJAX-00064853 (duplicates PJAX-00047180; PJAX-00047232; PJAX-00053491; PJAX-00064801; PJAX-00071112; PJAX-01085809; PJAX-01728192; PJAX-01728209; PJAX-01913534; PJAX-01913551; PJAX-01913749; PJAX-01913766; PJAX-01963347; PJAX-02050305; PJAX-02342698; PJAX-02795405; PJAX-03657374; PJAX-03657531; PJAX-03671401; PJAX-03671561; PJAX-03672572; and PJAX-04416243);

PJAX-00064849 (duplicates PJAX-00047176; PJAX-00047228; PJAX-00053487; PJAX-00064797; PJAX-00071108; PJAX-01085805; PJAX-01728188; PJAX-01728205; PJAX-01913530; PJAX-01913547; PJAX-01913745; PJAX-01913762; PJAX-01963343; PJAX-02050301; PJAX-02342694; PJAX-02795401; PJAX-03498477; PJAX-03657370; PJAX-03657527; PJAX-03671397; PJAX-03671557; PJAX-03672568; and PJAX-04416239);

PJAX-00064850 (duplicates PJAX-00047177; PJAX-00047229; PJAX-00053488; PJAX-00064798; PJAX-00071109; PJAX-01085806; PJAX-01728189; PJAX-01728206; PJAX-01913531; PJAX-01913548; PJAX-01913746; PJAX-01913763; PJAX-01963344; PJAX-02050302; PJAX-02342695; PJAX-02795402; PJAX-03657371; PJAX-03657528; PJAX-03671398; PJAX-03671558; PJAX-03672569; and PJAX-04416240);

PJAX-00064848 (duplicates PJAX-00047175; PJAX-00047227; PJAX-00053486; PJAX-00064796; PJAX-00071107; PJAX-01085804; PJAX-01728187; PJAX-01728204; PJAX-01913529; PJAX-01913546; PJAX-01913744; PJAX-01913761; PJAX-01963342; PJAX-02050300; PJAX-02342693; PJAX-02795400; PJAX-03657369; PJAX-03657526; PJAX-03671396; PJAX-03671556; PJAX-03672567; and PJAX-04416238); and

PJAX-00051893 (duplicates PJAX-00069514; PJAX-01729624; PJAX-01729628; PJAX-01916118; PJAX-01916122; and PJAX-03658972).

Wherefore, it is **ORDERED**

1.       Plaintiffs' Objections to Second Report, Findings of Fact, Conclusions of Law and Order of Special Master (Doc. No. 861)" [Doc. No. 894] is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

2.    "Defendants' Objections to the Second Report, Findings of Fact, Conclusions of Law and Order of Special Master (ECF No. 861)" [Doc. No. 895] is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

3.    The Defendants shall produce or have produced all documents as to which the court has ruled herein that the documents shall not be withheld from production to Plaintiffs on or before **August 15, 2014**.

Dated this 29th day of July, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

62