IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02868–MSK–KMT

L-3 COMMUNICATIONS CORPORATION, and
L-3 SERVICES, INC.,

    Plaintiffs,

v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE, and
JOHN DOES 1-25, said names being fictitious as such names are unknown at this time,

    Defendants.

## ORDER

    This matter is before the court on "Defendants' Motion to Compel Third-Party Fitch, Even, Tabin & Flannery LLP to Produce Documents and a Witness in Response to Rule 45 Subpoenas" ("Mot.") [Doc. No. 1098]. Both Fitch, Even, Tabin & Flannery LLP ("Fitch Even") and L-3 Communications Corp. ("L-3") filed responses to the motion. [Doc. Nos. 1113 and 1114 ("FE Resp."), respectively.] Jaxon Engineering & Maintenance and the individual defendants

(collectively "Jaxon") filed replies to the responses. [Doc. No. 1125, Reply to Fitch Even and Doc. No. 1126, Reply to L-3.] Fitch Even filed a surreply. [Doc. No. 1140.] The matter is ripe for review and ruling.

Fitch Even is a law firm, and L-3 is one of the law firm's clients. (FE Resp. at 1.) Fitch Even is actively representing L-3 in the concurrent reexamination proceedings initiated by Jaxon to attack the patents-in-suit in this case before the U.S. Patent & Trademark Office, and they are, therefore, adverse to Jaxon in those proceedings. (*Id*.) Their communications with their client, L-3, with respect to the defense of that action are obviously attorney-client privileged. Jaxon claims it seeks non-privileged documents concerning Fitch Even's representation of L-3 both in initial prosecution of the patents-in-suit and the re-examination proceedings, a privilege log and deposition testimony.

It is undisputed that Fitch Even does not own the patents-in-suit and Fitch Even's only involvement with the patents-in-suit is as attorneys representing their client, Plaintiff L-3. Further, it is uncontested that Fitch Even has no independent knowledge of "the conception and reduction to practice of the purported inventions . . . and the respective contributions of each person who conceived or reduce[d] to practice the purported inventions [Topic 2]" nor of "L3's E2 pulser [Topic 4] and L3 's 1k E1 pulser [Topic 5]" given that the law firm did not themselves "devise L-3's inventions or design L-3's products." (FE Resp. at 10.) Under these circumstances this court concludes at the onset that there is a high probability that the documents in Fitch Even's files contain both attorney/client privileged and work product privileged protected items.

L-3 and Fitch Even separately object to production by Fitch Even pursuant to Jaxon's Rule 45 subpoena because Jaxon's motion is untimely and because any documents will be privileged as both attorney/client and work product given Fitch Even's role.

On October 24, 2013, Jaxon served Fitch Even with a subpoena *duces tecum*. (Mot., Ex. 2.) Fitch Even responded in writing on November 7, 2013 (FE Resp., Ex. 1) agreeing to produce non-privileged material but advising that it had no non-privileged documents responsive Request 5 or 6. On December 3, 2013, Fitch Even produced over 2,000 pages of responsive documents. (FE Resp. at 2.) Additionally, Fitch Even produced a privilege log for documents predating the reexaminations and objected to the production of a privilege log or any documents concerning the ongoing work as lawyers for L-3 in the reexaminations. (*Id*. at 2-3.)

On December 4 and as amended on December 10, 2013, Jaxon served Fitch Even with a Rule 30(b)(6) deposition subpoena with a deposition date of December 20, 2013. (*Id*., Ex. 2.)

On December 13, 2013, the fact discovery deadline expired in this case with the exception of depositions by Plaintiffs of Defendants Rule 30(b)(6) witness and the depositions of Charles Rettig, Susan Rettig, James Youngman, and Randall White again by Plaintiffs. [Doc. No. 739.] As to Defendants' affirmative discovery, the allowable discovery period was closed. Therefore, the deposition of Fitch Even noticed for December 20, 2014 was improper as outside the discovery period.

Fitch Even, apparently at that time unaware that the discovery period was closed, responded to Jaxon on January 9, 2014 (*Id*., Ex.3), agreeing to produce a witness for non-privileged information and maintaining privilege objections. Even though the parties had

3

mutually agreed to schedule the deposition of Fitch Even for January 14, 2014, on January 10, 2014, Jaxon canceled the scheduled deposition. (*Id*., Ex. 4).

On February 5, 2014, L-3 advised Jaxon that L-3 believed Jaxon had exhausted the number of hours of 30(b)(6) deposition time available under this court's Scheduling Order[1] and noted that the discovery period for Jaxon was closed. (*Id*. at 6.) L-3 refused to participate in any further Rule 30(b)(6) depositions unless further time was sought from the court. (*Id*., Ex. 6.)

On March 24, 2014, Jaxon brought a motion to compel in the Northern District of Illinois concerning the Rule 45 discovery sought from Fitch Even. Jaxon apparently, however, did not file a "notice" in accordance with that court's Local Rules and Jaxon's motion was never placed in queue for consideration by a judge. (*Id*. at 6.) After communications between Jaxon and Fitch Even discussing the possibility of Jaxon simply filing the motion in this court failed, Fitch Even requested a Rule 45 transfer of Jaxon's motion to this Court on May 2, 2014.

In open court on April 24, 2014, both L-3 and Jaxon agreed in open court that fact discovery was closed. [Doc. No. 1036.] In spite of having a hearing on April 24, 2014 and discussing further scheduling with the parties, this court was not advised of the matter pending in the Northern District of Illinois and no provisions were made for any other depositions to be taken outside the allowable period

The Illinois court granted Fitch Even's motion to transfer on May 5, 2014, but it took the clerk of that court until May 28 to effectuate the transfer. Although the parties had agreed to

---

[1] It is unclear to the court whether this calculation by L-3 included the 4 hours of additional time granted by the court on November 20, 2013, however in light of the violation of timeliness by Jaxon as noted *infra*, the court does not reach this issue.

transfer the motion to the docket of this lawsuit for consideration by this court, the clerk of this Court opened a new civil action (14-cv-1504), and assigned that action to Magistrate Judge Shaffer. After Fitch Even moved to dismiss the miscellaneous -1504 case or to transfer it to this docket, on July 1, 2014, Judge Shaffer directed Jaxon to refile its motion in this case, something Jaxon had declined to do repeatedly.

Fitch Even now alleges Jaxon has not been diligent in bringing this issue before the court, increasing the burden on Fitch Even as a third party even after Jaxon was told in January that it had exhausted its 30(b)(6) deposition time and that the time period for taking depositions had expired. Fitch Even now argues that given Jaxon's repeated delays on this motion and its acknowledgement that discovery had closed long previous, they should not be compelled to provide any further discovery.

This court finds that from the filing of the original Rule 45 deposition notice served on Fitch Even on December 4 and amended on December 10, 2013, Jaxon was, on the face of the document, out of time to obtain a deposition of Fitch Even. The Subpoena to Fitch Even was for a deposition to take place on December 20, 2013, a week after the close of fact discovery in this case. Jaxon did not petition this court, then or now, for additional time within which to take such a deposition. Although Fitch Even agreed to produce a witness for deposition on January 14, 2014, it is evident to the court that Fitch Even was not aware of the closure of discovery on December 13, 2013 when it agreed to the date. (FE Resp., Ex. 6.) Once Jaxon decided not to proceed with the scheduled deposition on January 14, 2014, it most certainly forfeited any right it may have had through the mutual agreement- although this court disagrees that Jaxon could have

5

legally taken the deposition even then -- to take a Rule 30(b)(6) deposition of Fitch Even having not requested leave of this court to do so.

With respect to the request for additional documents, the motion to compel further discovery from Fitch Even was not filed in Illinois until late March 2014, more than three months after the close of discovery in this case and almost five months after Fitch Even had responded to the first document subpoena in early November of 2013. At that time, in spite of Fitch Even's encouragement, Jaxon refused to simply bring the matter up with this court. The reason for this refusal is obvious; discovery in this case was long closed and Jaxon had missed its chance to argue that Fitch Even should be compelled to provide additional documents and deposition testimony. It's only hope for a favorable result was to bring the action in a jurisdiction which was unaware of the close of discovery in the main case. Therefore, based on this untimely filing and delay, the court will not entertain Jaxon's request that Fitch Even be compelled to provide further documentation in addition to the 2000 pages it produced within the discovery period on or about November 7, 2014.

Therefore, it is **ORDERED**

"Defendants' Motion to Compel Third-Party Fitch, Even, Tabin & Flannery LLP to Produce Documents and a Witness in Response to Rule 45 Subpoenas" [Doc. No. 1098] is **DENIED**.

Dated this 12th day of September, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

6