**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-2868-MSK-KMT

L-3 COMMUNICATIONS CORPORATION,
and L-3 SERVICES, INC.

      Plaintiffs,

      v.

JAXON ENGINEERING & MAINTENANCE, INC.,
JONI ANN WHITE,
RANDALL K. WHITE,
SCOTT WHITE,
SUSAN RETTIG,
CHARLES RETTIG,
JAMES YOUNGMAN,
JERRY LUBELL,
KELLY RICE,
JOHN MCCLURE,
and "JOHN DOES 1-25," said names being fictitious
as such names are unknown at this time

      Defendants.

---

## THIRD AMENDED PROTECTIVE ORDER
---

      IT IS HEREBY ORDERED by the Court that:

      1.    This Protective Order (the "Order") shall govern the production and exchange of all information produced, given or exchanged by and among all parties, or received from third parties pursuant to ¶21 herein, in the above-captioned action (the "Action"), including all deposition testimony, testimony taken at hearing or other proceeding, interrogatory answers, documents and all other discovery materials, whether produced informally or in response to requests for discovery (collectively, "Litigation Materials").

2.     Each party shall use the Litigation Materials and the information therein solely for the purpose of preparing for and conducting this Action (including any appellate proceedings in the Action).  The Litigation Materials shall not be disclosed or used for any other purpose, including without limitation for purposes of any other litigation or any business, commercial, scientific, competitive pursuits, or for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue of a patent application or request for re-examination, or in any reexamination proceeding, without Order of this Court or consent of the parties, except that the parties may disclose or use the Litigation Materials in the action titled L-3 Communications Corp. et al. v. Serco, Case No. CL-2014-0005946, currently pending in the Circuit Court of Fairfax County, Virginia, subject to the protective order entered in that case.

3.     Any inadvertent or mistaken production of Litigation Materials shall be without prejudice to any claim that such material is subject to the attorney-client privilege, the work-product doctrine, or any other privilege or protection from disclosure, and shall not operate to waive such privilege or protection from disclosure.  Within fourteen (14) days of learning that a document subject to the attorney-client privilege, the work product doctrine, or other privilege or protection has been mistakenly produced, the party that produced or disclosed the material (the "Producing Party") shall notify counsel for the party(ies) to whom the privileged or protected Litigation Materials were produced or disclosed (the "Receiving Party"), in writing, of the fact of inadvertent disclosure and the date inadvertent disclosure was first discovered.  If a claim of inadvertent or mistaken disclosure is made pursuant to this paragraph, the Receiving Parties shall

promptly return (or, as necessary, delete) that material and all copies thereof. The Receiving Party shall not use such material for any purpose.

4. The return or deletion of the Litigation Materials in accordance with Paragraph 3 shall be without prejudice to the Receiving Party's right to challenge the claim of privilege with respect to the returned or deleted Litigation Materials. However, the motion or other challenge shall not assert, as a ground for producing such material, the fact or circumstance of the inadvertent production.

5. Counsel for any party subject to discovery in the Action may designate any Litigation Materials that it produces or discloses in the course of the Action as "SUBJECT TO PROTECTIVE ORDER" when the Producing Party in good faith believes that the Litigation Materials constitute, contain, or reveal, or a compilation of which would constitute, contain, or reveal, confidential, non-public, technical, or financial information, including but not limited to: business plans or projections, trade secrets, compensation plans, proprietary information, technical specifications, business and marketing information, plans, strategies, studies or analysis by internal or outside experts, financial data or results, tax data, assets, liabilities, competitive analyses, personal financial information, or other commercially or personally sensitive or proprietary information. If a Producing Party produces Litigation Materials pertaining to any part of a contract or prospective contract with departments or agencies of the United States of America, including the United States Air Force ("Government"), the Producing Party must designate such Litigation Materials as "SUBJECT TO PROTECTIVE ORDER," "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER," or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER - TECHNICAL," as appropriate. <u>The Air Force has</u>

<u>acknowledged that this designation of Litigation Materials for production under the Protective Order complies with the requirement set forth in Paragraph 12 of DD Form 254 applicable to Contract No. FA2517-04-D-0001.</u> The Producing Party shall use the appropriate markings on Litigation Materials that contain unclassified technical data with military or space application in the possession of, or under the control of, a Department of Defense ("DoD") Component and so designated, and which may not be disclosed pursuant to 10 U.S.C. 130 and/or DoD Directive No. 5230.25, dated November 6, 1984, entitled "Withholding of Unclassified Technical Data From Public Disclosure." Such information includes, but is not limited to, information relating to equipment cataloged in the Military Critical Technologies List, or information categorized as "FOR OFFICIAL USE ONLY (FOUO)," or information that may not be exported lawfully without approval, or authorization or license. *See* 22 U.S.C. 2751-2799; 50 U.S.C. App. 2401-2420. <u>If any Party wishes to release such designated Litigation Materials to the public, that Party must submit the designated Litigation Materials to the Air Force for approval as required by Paragraph 12 of Form DD 254.</u> In no event shall this Protective Order be construed to authorize access to or production of national security classified information.

6. Counsel for any Producing Party may designate any Litigation Materials that it produces or discloses in the course of the Action as "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" when the Producing Party in good faith believes that the Litigation Materials constitute, contain, or reveal, or a compilation of which would constitute, contain, or reveal, highly competitively sensitive business, technical or financial information or otherwise disclose trade secrets, current research and development information, the disclosure of which, beyond that permitted by this Order, presents a meaningful risk of injury to the business of the

Producing Party and/or a risk of harming the competitive position of the Producing Party (other than injury to the Producing Party's position in the Action).

7. A Producing Party may designate tangible Litigation materials SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by:

    a. advising the other party in writing of such designation prior to or concurrently with the production or disclosure of the Litigation Materials to the other party; or

    b. stamping or otherwise marking Litigation Materials with the legend "SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," in a manner that will not interfere with their legibility and that does not cover any text or content of a document.

8. A Producing Party may designate deposition or other testimony, or a portion thereof, SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by:

    a. Stating orally on the record of the deposition that certain information or testimony is SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER; or

    b. Sending written notice to counsel for all parties to the Action within fourteen (14) days after receipt of the deposition transcript, designating all or a portion of the transcript as SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.  Until expiration of this fourteen (14) day period, all deposition testimony and transcripts of the same shall

be treated as ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

9. Inadvertent failure to designate Litigation Materials as SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall not constitute a waiver of such claim and may be corrected by retroactive designation. The Producing Party may within fourteen (14) days of discovery of the inadvertent failure to designate, but no later than one month after the close of expert discovery, designate the material as SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by notice to counsel for all parties to the Action, in writing, specifically identifying the Litigation Materials or portions thereof to receive such designation. Such retroactive designation shall constitute a representation that the failure to designate was in fact inadvertent. A Receiving Party who has disclosed Litigation Materials which are subsequently designated SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall in good faith assist the Producing Party in retrieving the material from all recipients not entitled to receive such Litigation Materials under the terms of this Order, and shall in good faith prevent further disclosures except as authorized by this Order.

10. To the extent that any Producing Party discloses or produces Litigation Materials in this Action that contain the confidential information of another party, such other party may designate the information SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by providing written notice to all parties who received the documents or information within fourteen (14) days after the disclosure. The

Producing Party shall in good faith assist the party designating the information as SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER in retrieving the material from all recipients not entitled to receive such Litigation Materials under the terms of this Order, and shall in good faith prevent further disclosures except as authorized by this Order.

11. Litigation Materials designated SUBJECT TO PROTECTIVE ORDER shall not be disclosed by the Receiving Party to persons other than:

   a. The parties to this Action, including their current members, officers, directors, partners, representatives, attorneys, in-house counsel, or employees with whom counsel reasonably determines it is necessary to confer about SUBJECT TO PROTECTIVE ORDER information for the purposes of this Action;

   b. Counsel to the parties, including co-counsel of record, in-house counsel to the parties, partners, associates, legal assistants, and clerical or other support staff who are employed by counsel or are working under the express direction of counsel;

   c. Clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of Litigation Materials, to the extent reasonably necessary to assist a party or its counsel in this action, provided that before receiving SUBJECT TO PROTECTIVE ORDER Litigation Materials, such personnel is made aware of and agrees to be bound by the terms of this Order, either through execution of an

    Acknowledgement in the form of Attachment A hereto, or through its agreement with the party requesting its services;

 d. This Court, any court exercising appellate jurisdiction with respect to the determinations of this Court, and any other court or person appointed by the Court to address an issue related directly to discovery in this Action;

 e. Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof.

 f. Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

 g. Any mediator or arbitrator engaged by the parties in connection with the action;

 h. A witness at a deposition and their counsel, to the extent disclosure is reasonably necessary in connection with his/her testimony, provided that before receiving or being advised of the contents of SUBJECT TO PROTECTIVE ORDER Litigation Materials, such witness shall agree to be bound by this Order, and execute an Acknowledgement in the form of Attachment A hereto;

 i. Experts or consultants retained in connection with this Action who first agree to be bound by this Order, and execute an Acknowledgment Form to that effect; and

 j. Any other person upon Order of the Court or upon stipulation of the Producing Party.

12. Litigation Materials designated ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER may be viewed only by the receiving outside counsel of record signing

this Order, including the outside counsel's partners, associates, legal assistants, and clerical or other support staff who are employed by or working under the express direction of outside counsel.  Litigation Materials so designated may not be disclosed to any other person by the receiving attorney, including but not limited to their client or its in-house counsel, unless pursuant to the written stipulation of the Producing Party or a Court Order.  Notwithstanding the above, Litigation Materials so designated may be disclosed by the Receiving Party to the following persons:

    a. Clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of Litigation Materials, to the extent reasonably necessary to assist a party or its counsel in this action, provided that before receiving ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such personnel is made aware of and agrees to be bound by the terms of this Order, either through execution of an Acknowledgement in the form of Attachment A hereto, or through its agreement with the party requesting its services;

    b. Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

    c. Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

    d. Any mediator or arbitrator engaged by the parties in connection with the action;

e. Each side may appoint one technical person (a "Technical Advisor") to review certain Litigation Materials designated ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER to the extent necessary to assist counsel in this action and advise counsel with respect to technical and scientific matters provided that before receiving or being advised of the contents of ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such Technical Advisor shall agree to be bound by this Order, and execute an Acknowledgement in the form of Attachment A hereto. The Producing Party shall designate such Litigation Materials which the Technical Advisor may review as ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER - TECHNICAL[1] and the material will be subject to the following additional provisions:

  i. A Technical Advisor's access under this paragraph 12(e) shall be limited to successful bids created by L-3 or Jaxon prior to the start of litigation, November 23, 2010;

  ii. Such Litigation Materials shall include those materials disclosing the parties' bid and/or contract pricing, cost data, or similar information, with respect to successful bids created prior to November 23, 2010. Such Litigation Materials shall not include information regarding financing or capitalization or other financial information which pertains to the Producing Party's business outside the context of a specific bid proposal.

---

[1] Except as noted below in paragraph 16, all references hereinafter to ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall also refer to ATTORNEY'S EYES ONLY – SUBJECT TO PROTECIVE ORDER – TECHNICAL.

        iii.    A Technical Advisor's review of any documents or information designated ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER – TECHNICAL shall be conducted only at the office of the Receiving Party's outside counsel of record, under such outside counsel's supervision, and no such documents or information may be transmitted to a Technical Advisor in any other location. A Technical Advisor may not possess, receive or review any Litigation Materials designated ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER – TECHNICAL, including any copies, abstracts, summaries, notes or excerpts thereof, whether in paper, electronic or any other form, except at the office of such outside counsel of record.

    f.    Experts or consultants retained in connection with this Action who first agree to be bound by this Order, and execute an Acknowledgment Form to that effect; and

    g.    Any other person upon Order of the Court or upon stipulation of the Producing Party.

13.    a.    A Receiving Party may also allow a witness to view ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials if (1) the Producing Party lists or alleges the witness as a person who has previously received or viewed the Materials, (2) counsel for the Receiving Party in good faith believes that the witness has previously received the document or information by legal means during the course of their

employment with L-3, from the Producing Party or the Government. Determinations under this paragraph shall be made by the following procedure:

      b.      The Producing Party shall create a log (or logs, if there are multiple productions) listing Litigation Materials designated ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER and identifying any party or employee thereof the Producing Party believes has previously viewed or received the Litigation Materials (the "Exceptions Log"). This log shall be provided to the Receiving Party concurrent with production of any Litigation Materials marked ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER. The Receiving Party may object to the Exceptions Log, by the objections procedure described in Paragraph 18.

      c.      The Receiving Party shall create a log of any witnesses, aside from those identified in the Producing Party's log, it allows to view Litigation Materials designated ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER as provided in paragraph 13(a)(3) (the "Paragraph 13(a)(3) Receiving Witness Log"). The Paragraph 13(a)(3) Receiving Witness Log shall contain (1) a description or identification number of the shared document, (2) the name of the witness(es) with whom it was shared, and (3) the basis for counsel's belief that the witness(es) had/have previously received the document. The log shall be provided to the Producing Party on the last day of fact discovery. Each party may challenge by motion the designations in the other party's Paragraph 13(a)(3) Receiving Witness Log within 60 days of its receipt.

14. Any executed Acknowledgments of persons agreeing to be bound by this protective order shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by any party.

15. Each attorney or Technical Advisor who receives any Litigation Materials (other than purely financial documents, information, or things) designated as ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER – TECHNICAL, or testimony or other discovery containing or describing such Litigation Materials, from the time the ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER – TECHNICAL material is received until one (1) year following the final resolution of all the Action and of any and all appeals of the Action, shall not supervise or participate in the drafting, filing, or prosecuting of patent applications or in any reexamination proceeding related to electromagnetic pulse testing equipment, methods, and software used to assess the integrity and/or performance of an electromagnetic barrier or shield, surge arrestor, filter, or other protective devices and components.

16. Persons authorized to receive SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order may make copies of documents, discovery responses, or other Litigation Materials designated SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER as reasonably necessary in connection with this Action without the permission of the Producing Party or an Order of the Court, provided that such copies are also treated as SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT

13

TO PROTECTIVE ORDER. This paragraph's applicability to Technical Advisors is subject to paragraph 12(e) above.

17. In the event the Producing Party discloses two or more identical copies of a document of which at least one copy is designated SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER and at least one copy is not so designated, once such a discrepancy is actually discovered by the Receiving Party, all copies of the document shall be treated as being subject to the most restrictive designation applicable to such document.

18. If any party objects to the designation of any discovery materials as SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER, the party shall state the objection by letter to counsel for the Producing Party. If the Producing Party refuses to withdraw the designation, or if resolution is not achieved within fourteen (14) days after receipt of such objection, then the objecting party may file a motion with this Court for an order removing the designation at issue. The Producing Party shall bear the burden of supporting the designation. Until this Court rules on any such motion, the discovery materials shall continue to be treated as SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER, accordingly.

19. The parties agree that the designation of any Litigation Materials as SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER is not intended to be, and shall not be construed as, an admission that the Litigation Materials are relevant, admissible, not subject to an applicable privilege or protection, reasonably

calculated to lead to the discovery of admissible evidence, or any evidence that the content of such Litigation Materials constitutes confidential, proprietary, or trade secret information.

20. Any Litigation Materials designated SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER submitted to the Court, including those Litigation Materials used as exhibits to or incorporated in briefs, memoranda, transcripts or testimony, or any other documents filed with the Court, shall be protected as follows:

    a. Materials Filed. Any Litigation Materials filed with or submitted to the Court which constitute, contain, or reveal SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER information shall be filed with the Court under seal in accordance with the Provisions of D.C.COLO.LCivR 7.2 and the Court's Electronic Case Filing Procedures with the following stated conspicuously thereon: "Filed Under Seal, Contains Information Subject to Protective Order." All Litigation Materials filed in this manner shall be maintained by the Clerk of Court under seal and shall be released only upon further Order of the Court.

    b. Hearings and Trial. At any hearing before the Court, counsel shall in good faith attempt to avoid inadvertently disclosing any SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials. If Counsel believes it is necessary to disclose said materials during a hearing, counsel shall first confer with counsel and request the

Court's guidance as to an appropriate method to preserve the confidentiality of the Litigation Materials.

c. Appeal.  In connection with any appeal in this Action, all Litigation Materials designated SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall be subject to the provisions of this Order, and shall be filed with the United States Court of Appeals and/or the United States Supreme Court under seal and in accordance with the applicable rules of those courts.

21. Nothing in this Order shall preclude a party from seeking, by written agreement of the signatories hereto or Court Order, further, greater, or lesser protection with respect to Litigation Materials than is provided for in this Order, or other modification of the Order.

22. This Order may be applicable to Litigation Materials provided by any non-party from whom discovery is sought in this Action.  Such non-party may obtain the protections of the Order by giving written notice to the parties that its provision of Litigation Materials is subject to the Order.  To the extent that any non-party produces Litigation Materials in this Action that contain confidential information of a party to this Action, that party may designate the information SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by providing written notice to all parties who received the Litigation Materials within thirty (30) days after the disclosure.  Until the expiration of the thirty day period, all documents and information produced by a non-party shall be treated as ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

23. Nothing in this Order shall be construed as a waiver of a party's right to object to any discovery request on any grounds and to object to the admission on any grounds of any Litigation Materials as evidence at any trial or hearing. Nothing contained herein shall constitute a waiver by any party of the right to object to the designation of Litigation Materials as SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

24. Nothing in this Order shall be construed to limit in any way a party's use of its own SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials, including disclosure of such materials.

25. If, in connection with any judicial, administrative, or legislative proceedings, any party (or its counsel) receives a subpoena or other compulsory process demanding documents, information or other material designated as SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER pursuant to this Order, that party or counsel shall give notice to the Producing Party at least fourteen (14) days prior to the return date of the subpoena or other compulsory process, unless otherwise prohibited by law. If the subpoena or other compulsory process has a return date of less than fourteen (14) days, notice shall be given to the Producing Party (or designating party) in writing or by telephone as soon as practicable unless otherwise prohibited by law. If application for protective order is made before the time set forth in the subpoena or other compulsory process for compliance therewith, the subpoenaed party shall not produce the SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials

absent consent of the Producing Party, unless required to do so by applicable law or by court order.

26. Disclosure of SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials by any person or in any manner not permitted by this Order shall not result in a waiver of or otherwise limit the right of a party or non-party to enforce the provisions of this Order.

27. The terms of this Order shall, absent written agreement of the parties or Court Order, remain in full force and effect throughout and after the final resolution of the Action, including until all appeals involving the Action have been exhausted, the time to appeal in the Action has expired, or the parties in the Action have reached a final, court-approved settlement of all pending claims between them ("Final Resolution").  Upon Final Resolution and no later than sixty (60) days after the Producing Party's request, counsel shall use commercially reasonable efforts to either destroy or return all copies of SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials (including excerpts and summaries thereof) to counsel for the Producing Party, and shall certify that such destruction or return has been completed.  Notwithstanding the foregoing, counsel may retain copies of court filings, official transcripts, exhibits, correspondence, e-mails, and documents reflecting any work product, provided that any SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER information therein shall continue to be treated as such, as provided for in this Order.

28. The parties agree to be bound by the terms of the Order upon signing by counsel for each of the parties.  Violation of its terms shall be subject to the same sanctions and penalties

resulting from any violation of this Court's Orders. Additionally, the parties acknowledge and agree that any breach of the provisions of this Order will cause irreparable injury to the non-breaching party, and that money damages for the breach will not provide adequate remedy. As such, if any party hereto breaches, or threatens to breach, any of the provisions of this Order, the parties shall have the right and remedy, in addition to and not in lieu of any other available remedies, to have the Order specifically enforced, including without limitations, the right to restraining orders and injunctions, preliminary and permanent.

SO ORDERED ~~this XXXXX day of September, 2014~~ this 6th day of January, 2015.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge

~~XXXXXXX~~